FILED

2004 APR 15 A 11: 47

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENJAMIN LOZOVSKIY<br>Plaintiff, | : | CIVIL ACTION |
| V. | : | NO. 3:01CV00761 (HBF) |
| MICHAEL BISHOP, JP NOONAN TRANSPORTATION DBA JEP, INC., AND DESHENG ZHOU<br>Defendants. | : | AMENDED TRIAL MANAGEMENT REPORT<br>APRIL 12, 2004 |

Pursuant to the Standing Order, the parties hereby submit their Amended Trial Memoranda.

1. **Trial Counsel:**

a. For Plaintiff **Desheng Zhou**: Anthony A. Piazza, Esq. & Hugh J. Donnelly, Esq., Law Offices of Anthony A. Piazza, 112 Prospect Street, Stamford, CT; 203-348-2465

b. For Defendant **Desheng Zhou**: Kieran S. Cassidy, Esq., Cassidy, Miolene & Mazza, 1375 Kings Highway East #475, Fairfield, CT 06430; 203-331-1505 **(This portion of the case has been Settled.)**

c. For the plaintiff, **Benjamin Lozovskiy**: Brian E. Briones, Esq., McNamara & Kenney, 375 Bridgeport Avenue, Shelton, CT 06484; 203-944-6000. **(This portion of the case has been Settled.)**

    d. for the defendants, **Michael Bishop & JP Noonan Transportation d/b/a JEP, INC.**, Theodore Heiser, Esq., Gibson & Behman, 71 Bradley Road - Suite 11, Madison, CT 06443; 203-245-6176.

e. for the defendant, **Benjamin Lozovskiy**, John W. Dietz, Esq., Halloran & Sage, LLP, 315 Post Road West, Westport, CT 06880; 203-227-2855.

2 **Jurisdiction**

A. Subject Matter Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1441 28 U.S.C. §1446.

B. Personal Jurisdiction

Personal jurisdiction is not disputed by the parties.

3. **Jury/NonJury**

This matter is a jury case.

4. **Trial Length**

Plaintiff Zhou anticipates that trial, exclusive of jury selection shall last approximately one week.

5. **Nature of the Case**

A. Claims of Plaintiff DESHENG ZHOU:

This action is brought to recover for personal injuries and other damages sustained as a result of a collision that occurred on January 4, 2000, at approximately 9:37 a.m, on Interstate 91 southbound in Wallingford, Connecticut.

The plaintiff, DESHENG ZHOU was struck in the rear by the defendant, MICHAEL BISHOP, who was operating a 1991 Mack tractor-trailer motor vehicle, owned by the defendant, JP NOONAN TRANSPORTATION D/B/A JEP, INC., directly behind the plaintiff. Thereafter the plaintiff's vehicle collided with the defendant, BENJAMIN LOZOVSKIY, who was operating directly in front of the plaintiff's vehicle.

At said time and place, the defendant, MICHAEL BISHOP, was operating the aforementioned tractor and trailer motor vehicles as the agent, servant or employee of by the defendant, JP NOONAN TRANSPORTATION D/B/A JEP, INC., and was within the scope of his legal authority to do so.

B. Claims of Plaintiff LOZOVSKIY:

**(This portion of the case has been Settled.)**

C. Defenses of Defendants BISHOP and J.P. NOONAN:

Defendant MICHAEL BISHOP, an employee of defendant, JP NOONAN TRANSPORTATION D/B/A JEP, INC., and working within the scope of his employment at the

time of the alleged accident, alleges that the accident in question was caused by plaintiff/defendant, BENJAMIN LOZOVSKIY's negligent operation of his vehicle. Plaintiff/defendant, BENJAMIN LOZOVSKIY, entered the travel portion of the highway from the shoulder directly in front of the vehicle driven by defendant, MICHAEL BISHOP, without warning and without paying full time and attention to his circumstances. In addition, he was driving his vehicle at a rate of speed too slow from the conditions and circumstances that surrounding him.

Plaintiff/defendant, DESHENG ZHOU's negligence was also a cause of the accident in that he was operating his vehicle in a negligent manner by following too close to the vehicle in front of his and by failing to pay full time attention to the circumstances at the particular time and place.

Defendant, MICHAEL BISHOP, and defendant, JP NOONAN TRANSPORTATION D/B/A JEP, INC. deny the factual allegations set forth by the plaintiffs with respect to the cause and circumstances of the accident.

6a. **Plaintiff Zhou's Contentions**

Mr. Zhou was operating his vehicle reasonably and prudently in the middle lane of three lanes of travel on Interstate 91 southbound.

1. As to **MICHAEL BISHOP and JP NOONAN**:

a. In that he was following the plaintiff more closely than was reasonable and prudent, having due regard for the width, traffic, use and weather conditions of the highway in violation of Section § 14-240 of the Connecticut General Statutes;

b. In that he was operating his motor vehicle at an unreasonable rate of speed having due regard for traffic, weather, width and use of the highway at said time and place in violation of Connecticut General Statutes Section § 14-218a;

c. In that he failed to keep his vehicle under proper and reasonable control;

d. In that he failed to keep a proper and reasonable lookout for other motor vehicles upon the highway;

e. In that he failed to apply his brakes in time to avoid a collision although by a proper and reasonable exercise of his faculties, he could and should have done so;

f. In that he was operating his motor vehicle at an unreasonable rate of speed having due regard for traffic, weather, width and use of the highway at said time and place;

g. In that he failed to turn his motor vehicle to the left or the right so as to avoid a collision, although by a proper and reasonable exercise of his

faculties, he could and should have done so;

h. In that he failed to sound his horn or failed to give the plaintiff any warning of his approach; and

i. In that he failed to keep a safe distance to the rear of the plaintiff's vehicle which was traveling in the same direction on Interstate 91.

j. In that he failed sound his horn or failed to give the plaintiff any warning of his approach;

Defendant JP NOONAN is legally liable for Defendant BISHOP's negligence as the owner of the aforementioned tractor trailer vehicle.

Defendant JP NOONAN is legally liable for Defendant BISHOP's negligence as the as Defendant BISHOP's principal or employer.

2. As to **BENJAMIN LOZOVSKIY**:

Defendant LOZOVSKIY breached his duty to drive reasonably and carelessly in one of more of the following ways:

a. In that he failed to operate his motor vehicle at the legal speed limit for the highway of 40 mph, in violation of Section § 14-220(a) of the Connecticut General Statutes;

b. In that he was operating his motor vehicle at an unreasonable rate of speed having due regard for traffic, weather, width and use of the highway at said

time and place;

c. In that he failed to keep his vehicle under proper and reasonable control;

d. In that he failed to keep a proper and reasonable lookout for other motor vehicles upon the highway;

e. In that he failed to yield the right of way to vehicles already traveling on the highway;

f. In that he was operating his motor vehicle at an unreasonable rate of speed having due regard for traffic, weather, width and use of the highway at said time and place; and

g. In that he failed to turn his motor vehicle to the left or the right so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so.

6b. **Plaintiff Lozovskiy's Contentions**

**(This portion of the case has been Settled.)**

7. **Defendants' Contentions**

A. As to Plaintiff/Defendant BENJAMIN LOZOVSKIY:

Plaintiff/defendant BENJAMIN LOZOVSKIY breached his duty to operate his vehicle in a reasonable manner in one or more of the following ways:

a. In that he failed to operate his motor vehicle at the legal speed limit for the

highway of 40 mph in violation of §14-220(a) of the Connecticut General Statute;

b. In that he entered the travel portion of the highway without paying full time and attention to the traffic, weather, width and use of the highway at said time and place;

c. In that, he failed to grant the right of way to the defendant, which said defendant had then and there assumed;

d. In that, he failed to grant the defendant the right of way in accordance with §14-245 and/or §14-242(e) of the Connecticut General Statutes;

e. In that, he failed to keep a proper lookout for other vehicles upon said highway, and in particular the vehicle of the defendant;

f. In that, he failed to keep his vehicle under proper control;

g. In that, he failed to apply his brakes in time to have avoided said collision;

h. In that, he failed to change the course of his vehicle after he became aware or should have become aware of the danger of said collision.

i. In that, he failed to sound a timely warning or give any warning whatsoever of his approach;

j. In that, he failed to exercise reasonable care under all the circumstances.

B. As to Plaintiff/Defendant DESHENG ZHOU:

Plaintiff/defendant DESHENG ZHOU breached his duty to operate his vehicle ina reasonable manner in one or more of the following ways:

a. In that, he failed to grant the right of way to the defendant, which said defendant had then and there assumed;

b. In that, he failed to grant the defendant the right of way in accordance with §14-245 and/or §14-242(e) of the Connecticut General Statutes;

c. In that, he operated his vehicle in a negligent manner by following too close to the vehicle in front of his vehicle;

d. In that, he operated his vehicle at too high and dangerous a rate of speed in view of the width, circumstances and character of said highway at said time and place;

e. In that, he failed to keep a proper lookout for other vehicles upon said highway, and in particular the vehicle of the defendant;

f. In that, he failed to keep his vehicle under proper control;

g. In that, he failed to apply his brakes in time to have avoided said collision;

h. In that, he failed to change the course of his vehicle after he became aware or should have become aware of the danger of said collision.

i. In that, he failed to sound a timely warning or give any warning whatsoever of his approach;

j. In that, he failed to exercise reasonable care under all circumstances.

C. Defendant LOZOVSKIY's Contentions:

Defendant Lozovskiy contends that the accident was caused by the combined negligence of defendant Michael Bishop (tractor-trailer operator) and plaintiff/defendant Zhou (other vehicle operator).

As to the personal injury claims against him by Mr. Zhou, Mr. Lozovskiy disputes the nature and extent of Mr. Zhou's claimed injuries, damages and losses.

8. **Legal Issues**

A. Defendant LOZOVSKIY:

Apportionment of Liability pursuant to Conn. Gen. Stat. Sec. 52-572h

9. **Stipulated Facts/Contested Issues**

A. Defendant LOZOVSKIY:

The apportionment of liability between the vehicle operators is the central contested issue. The nature and extent of the plaintiff's claimed injuries, damages and losses is also contested.

10a. **List of Witnesses for Plaintiff Zhou**

1. Desheng Zhou - Plaintiff - 1 Campbell Avenue, West Haven, CT 06516

   Plaintiff will testify about the accident and damages;

2. Yurong Lui Zhou - Plaintiff's wife - 1 Campbell Avenue, West Haven, CT 06516

   Plaintiff's wife will testify as to her husbands injuries and how his lifestyle has changed as a result of the accident.

3.    James S. Cohen, Ph.D. - Expert - 8 Barbara's Way, Ellington, CT 06029

Dr. Cohen is a Vocational Rehabilitation Specialist and will testify as to the

employability and earning capacity of the plaintiff as a result of the subject

accident, the plaintiff's career abilities, career interests, transferable skills, career

clusters/titles/salary levels, and local employer contacts/ job leads.

4.    Gary Crakes, Ph.D. - Expert - 860 Ward Lane, Cheshire, CT 06410

Dr. Crakes is a economic expert and will testify as to the economic loss of

earning capacity suffered by the plaintiff including loss of wages and employment

benefits.

5.    Pingfei Guan - Expert -1065 South Main Street - Suite J, Cheshire, CT 06410

Mr. Guan is a licensed acupuncturist at Cheshire Chinese Medical Center.  Mr.

Guan will testify in accordance with his notes, records, and reports.  He will

testify as to the nature and extent of the plaintiff's injuries and conditions

sustained including his evaluation, treatment and recommended treatment thereof.

 Further, he will testify as to the causal relationship between the incident which is

the subject of the plaintiff's complaint and the injuries sustained.  He will give an

opinion as to the permanent disability the plaintiff suffered, its effect and any

future conditions this injury has precipitated.  He will also testify as to the cost of

said treatment and any future treatment.

6. Neil W. Tishkoff, M.D. - Expert - 330 Orchard Street, New Haven, CT 06536

Dr. Tishkoff is a doctor at Saint Raphael MRI Center. Pursuant to Rule 902 of the Federal Rules of Evidence, plaintiff shall offer his reports and x-rays of the plaintiff, dated February 15, 2000.

7. Enzo J. Sella, M.D. - Expert - 2408 Whitney Avenue, Hamden, CT 06518

Dr. Sella is an orthopaedist at Connecticut Orthopaedic Specialists, P.C.. Dr. Sella will testify in accordance with his notes, records, and reports. He will testify as to the nature and extent of the plaintiff's injuries and conditions sustained including his evaluation, treatment and recommended treatment thereof. Further, he will testify as to the causal relationship between the incident which is the subject of the plaintiff's complaint and the injuries sustained. He will give an opinion as to the permanent disability the plaintiff suffered, its effect and any future conditions this injury has precipitated. He will also testify as to the cost of said treatment and any future treatment.

8. Jackie Pecora, P.T. - Expert - 330 Boston Post Road, Orange, CT 06477-3505

Ms. Pecora is a physical therapist at Star Sports Therapy & Rehabilitation. Pursuant to Rule 902 of the Federal Rules of Evidence, plaintiff shall offer her notes, records and reports of the plaintiff.

9. Madeleine Kitaj, M.D. - Expert -130 Division Street, Derby, CT 06418

Dr. Kitaj is a doctor at Comprehensive Pain & Headache Treatment Center. Dr. Kitaj will testify in accordance with her notes, records, and reports. She will

testify as to the nature and extent of the plaintiff's injuries and conditions sustained including her evaluation, treatment and recommended treatment thereof. Further, she will testify as to the causal relationship between the incident which is the subject of the plaintiff's complaint and the injuries sustained. She will give an opinion as to the permanent disability the plaintiff suffered, its effect and any future conditions this injury has precipitated. She will also testify as to the cost of said treatment and any future treatment.

10. Trooper Messenger - Connecticut State Police, Middletown, CT

Trooper Messenger will testify as to the police accident report he prepared and his observance on the date of the accident.

11. Gene Schulze, Ph.D. - Expert - New Haven, CT

Dr. Schulze is a clinical psychologist affiliated with Gaylord Hospital, Inc. Dr. Schulze will testify in accordance with his notes, records, and reports. He will testify regarding the plaintiff's depression as an adjustment reaction that is caused by the chronic pain he sustained as a result of the accident.

10b. **List of Witnesses for Plaintiff Lozovsky**

**(This portion of the case has been Settled.)**

10c. **List of Witnesses for Defendants**

A. Defendants BISHOP and JP NOONAN TRANSPORTATION D/B/A JEP, INC.

1. Michael Bishop - Defendant - 37 Summit Street, West Springfield, MA

Defendant Bishop will provide testimony concerning the facts and circumstances

of the accident, his background, and the reporting and investigation of the accident.

2. Robert Dupuis - Safety Manager for Defendant Noonan - 415 West Street, West Bridgewater, MA 02379

Mr. Dupuis will provide testimony concerning the maintenance procedures and investigation performed by defendant Noonan.

3. Patrick Carolan, M.D. - Expert - 3909 Main Street, Bridgeport, CT 06606

Dr. Carolan will testify as to the nature, cause and extent of plaintiff Zhou's \ injuries. It is anticipated that Dr. Carolan will testify regarding his opinions as to the nature, cause, extent and prognosis of any permanent partial disability of the plaintiff as a result of the subject incident. The substance of the facts and opinions to which Dr. Carolan is expected to testify and the summary of the grounds for each opinion are contained in the records and reports of Dr. Carolan. This testimony will include diagnosis, treatment, causation and prognosis of the claimed injury. The testimony will also include review of the medical records of all medical treatment received by the plaintiff relevant to this matter. Testimony may also include the future medical care expected, if any, and the estimated cost thereof. The basis of the opinions and testimony include the medical history of the events, history of treatment, examination and care of the plaintiff, examinations and objective and subjective findings of healthcare providers, training, experience, and education of the expert and test results. Dr. Carolan's

opinions will be based on the grounds previously set forth in this pleadings as well as his review of case specific records including discovery responses, expert disclosures and/or reports provided by the plaintiff, deposition transcripts and other relevant documents as well as his education, training and experience.

4.    Stephen R. Benanti - Expert - 50 Wood Street, Groveland, MA 01834

These defendants intent to call Lieutenant Benanti of the Massachusetts State Police, who will testify regarding the motor vehicle accident of January 4, 2000, which occurred on Interstate 91 South in Wallingford, CT and issues related to the causation of the accident issues related to accident reconstruction. Mr. Benanti is a Lieutenant in the Massachusetts State Police and has over 22 years of experience as a Massachusetts State Police Officer specializing in accident reconstruction. Mr. Benanti is expected to testify regarding the subject accident, the cause of the accident, accident reconstruction and other factors relative to this subject motor vehicle accident. Mr. Benanti is expected to testify that this matter arises out of a motor vehicle accident on January 4, 2000 on Interstate 91 South in Wallingford, CT. At the relevant time, defendant Bishop was driving a tractor-trailer owned by defendant Noonan and the other two vehicles were driven by plaintiff/defendant Zhou and plaintiff/defendant Lozovskiy. All of these vehicles were traveling on Interstate 91 South. Mr. Benanti is expect to testify that the accident could not have occurred as described by plaintiff/defendant Zhou in his deposition. Mr. Benanti is also expected to testify that he property damage on the various vehicles

following the accident is consistent with the deposition testimony of defendant, Bishop. Mr. Benanti is also expected to testify that the only damage to the tractor-trailer was a dented fender on the left side of the trailer, which was caused by the jack-knife not by any contact with another vehicle. Additionally, Mr. Benanti is expect to testify that the tractor-trailer did not cause any of the damage to the other vehicles and the damage to the trailer fender was caused solely by the jack-knife. Mr. Benanti's opinions will be based on case specific records and testimony as well as his education/training/experience in the field of accident reconstruction. Mr. Benanti will also base his opinions and testimony on documents such as police reports, photographs of the vehicles, statements of all the operators, responses to requests for production, answers to interrogatories, deposition transcripts, the Complaint, and other data relative to the subject motor vehicle accident.

5. Dana Johnson - Expert - 40 Lincoln Street, Malden, MA 02148

Ms. Johnson is expected to testify concerning the employability of plaintiff/defendant Zhou, his capabilities and abilities, his earning capacity in the job market and what rehabilitations measures would benefit him in returning to the job market. She may also testify as to the basic standards employed when conducting a vocational evaluation. Ms. Johnson is expected to testify as to plaintiff/defendant Zhou's employability, using available medical and vocational records, his answers to interrogatories, deposition transcripts, various government

books and documents, OASYS (a computerized vocational database), information from various job modification agencies such as AbleData, and information from employer sources. She is also expected to use private medical and vocational sources, which are customarily used in the rehabilitation industry as background material, which may or may not be included in the final report. Ms. Johnson will testify using her expertise as a rehabilitation counselor based on her education, training and experience, using information and techniques commonly used by rehabilitation counselors to determine a person's employability, what is necessary to return that person to productive employment, and modifications that might make a person's return to work more feasible. Ms. Johnson's opinions will be based on the grounds previously set forth in this pleading as well as her review of case specific records including discovery responses, expert disclosures and/or reports provided by counsel for plaintiff/defendant Zhou, deposition transcripts, and other relevant documents as well as her education, training and experience.

6. Dr. Harold Petersen - Expert - Boston College, Chestnut Hill, MA 02467

Dr. Petersen will testify regarding the present value of alleged lost net income to the plaintiff/defendant Zhou. Dr. Petersen is an economist on the faculty of the Department of Economics at Boston College, Chestnut Hill, Massachusetts. Dr. Petersen has a Bacholor of Arts in economics from Depauw University. Additionally, he earned a Ph.D. in economics from Brown University in 1963. He has been on the faculty at Boston College from 1969 to present. It is anticipated

that Dr. Petersen will testify regarding the present value of lost net income to plaintiff/defendant Zhou under various scenarios including but not limited to the scenario provided by plaintiff/defendant Zhou's expert economist. Dr. Petersen's opinion will be based on case specific records including but not limited to answers to interrogatories, responses to request for production and depositions as well as his education/training/experience in the field of economics.

B. Defendant - BENJAMIN LOZOVSKIY

Depending on the presentation and order of witnesses at trial, Mr. Lozovskiy anticipates calling the same witnesses on the liability issues as the other parties. If some and/or all of the witnesses do not testify in Mr. Zhou's case in chief or the defense case of Michael Bishop / J.P. Noonan Transportation, Mr. Lozovskiy may call any such witness to testify at trial or via deposition testimony.

Defendant Lozovskiy lives in Illinois and would require a Russian translator to testify at trial. Thus, Mr. Lozovskiy is expected to testify via his deposition testimony.

Deposition of Beniamine Lozovskiy, May 20, 2002:

| | |
|---|---|
| Page 6 | Lines 15-25; |
| Page 7 | Lines 1-19; |
| Page 11 | (entire); |
| Page 12 | Lines 1-20; |
| Page 14 | Lines 1-20; |
| Page 17 | Lines 2-9; |

| | |
|---|---|
| Page 19 | Lines 13-25; |
| Pages 20-21 | (entire); |
| Page 22 | Lines 11-17; |
| Page 24 | Lines 2-12 and Lines 18-25; |
| Page 25 | Lines 6-9 and Lines 23-24; |
| Page 26 | Lines 19-21; |
| Page 27 | Lines 7-14; |
| Page 29 | Lines 3-14 and Lines 19-21; |
| Page 30 | Lines 9-11; |
| Page 31 | Lines 12-19; |
| Page 32 | Lines 3-13 and Lines 23-25; |
| Page 33 | Line 1; Lines 17-25; |
| Page 34 | Lines 1-18 and Lines 24-25; |
| Page 35 | Lines 1-6; |
| Page 37 | Lines 17-23; |
| Page 38 | Lines 4-16; |
| Page 49 | Lines 2-10; |
| Page 50 | Lines 4-9; |
| Page 57 | Lines 2-6 and Lines 12-22; |
| Page 58 | Lines 7-23; |
| Page 60 | Lines 19-24; |

| | |
|---|---|
| Page 61 | Lines 18-20; |
| Page 62 | Lines 8-17; |
| Page 63 | Lines 19-24; |
| Page 85 | Lines 9-15 and Lines 20-23; |
| Page 86 | Lines 3-5 and Lines 10-20; |
| Page 87 | Lines 2-11 and Lines 20-22; |
| Page 88 | Lines 2-4; |
| Page 89 | Lines 4-22; |
| Page 90 | Lines 5-12; |
| Page 91 | Lines 1-6; |
| Page 98 | Lines 10-25; |
| Page 99 | Lines 12-15; |
| Page 100 | Lines 5-7 and Lines 18-20; |
| Page 101 | Lines 6-14; |
| Page 109 | Lines 4-10 and Lines 16-25; |
| Page 110 | Line 1; |
| Page 114 | Lines 9-13; |
| Page 115 | Lines 1-13; |
| Page 116 | Lines 8-16; |
| Page 121 | Lines 16-19. |

11a.    **List of Exhibits for Plaintiff Zhou**

1. Plaintiff's Medical Records from Enzo J. Sella, M.D. of Connecticut Orthopaedic Specialists.

2. Plaintiff's Medical Records from Madeleine Kitaj, M.D. of Comprehensive Pain & Treatment.

3. Plaintiff's Medical Records from Neil W. Tishoff, M.D. of St. Raphael Magnetic Resonance Center.

4. Plaintiff's Medical Records from Jackie Pecora, P.T. of Star Sports Therapy & Rehabilitation .

5. Plaintiff's Medical Records from Pingfei Guan of Cheshire Chinese Medical Center.

6. Plaintiff's MRI films from St. Raphael Magnetic Resonance Center

7. Plaintiff's Schedule A & medical bills.

8. Photographs of property damage to plaintiff's vehicle

9. Photographs of property damage to plaintiff Lozovskiy's vehicle

10. Photographs of property damage to defendant Bishop's vehicle

11. Photographs of accident scene

12. Plaintiff's diagram of the accident scene

13. Trooper Messenger's diagram of the accident scene

14. Defendant Bishop's diagram of the accident scene

15. Defendant Bishop's accident form

16. Plaintiff Lozovskiy's diagram of the accident scene

17. Plaintiff Lozovskiy's statement

18. Plaintiff Lozovskiy's Letter to Public Safety

19. Plaintiff Lozovskiy's No-Fault Statement

20. Plaintiff Lozovskiy's June 4, 2001 (Letter) Statement

21. Expert Report of James S. Cohen, Ph.D.

22. Expert Report of Gary M. Crakes, Ph.D.

23. Life Expectancy Table

24. Plaintiff's Amended Complaint, dated October 22, 2001

25. Defendants, Bishop and JP Noonan's Notice of Removal, dated May 2, 2001

11b. **List of Exhibits for Plaintiff Lozovsky**

**(This portion of the case has been Settled.)**

11c. **List of Exhibits for Defendants**

A. Defendants BISHOP and JP NOONAN TRANSPORTATION D/B/A JEP, INC.

500. Expert Report of Dr. Harold Peterson

501. Dr. Harold Petersen curriculum vitae

502. Independent Medical Examination Report of Dr. Patrick Carolan

503. Dr. Patrick Carolan curriculum vitae

504. Expert Report of Dana Johnson

505. Dana Johnson curriculum vitae

506. Photographs of Zhou vehicle

507.    Photographs of J.P. Noonan truck at accident site

508.    Photographs of J.P. Noonan truck at inspection site

509.    Stephen R. Benanti expert file

510.    Stephen R. Benanti curriculum vitae

511.    Robert Dupuis accident reconstruction diagram

512.    J.P. Noonan truck specification and measurements chart

513.    Photographs of damage to J.P. Noonan truck

B.    Defendant BENJAMIN LOZOVSKIY

As to the liability issues, Mr. Lozovskiy anticipates introducing the same exhibits as the other parties (State Police Accident Report, vehicle photos, etc.).

600.    The report of Patrick Carolan, M.D. may be introduced into evidence by Defendant Lozovskiy.

12.    **Deposition Testimony**

A.    Defendants BISHOP and JP NOONAN TRANSPORTATION D/B/A JEP, INC.

Steven Benanti - Expert - Videotape deposition

B.    Defendant BENJAMIN LOZOVSKIY

Depending on the presentation and order of witnesses at trial, Mr. Lozovskiy may introduce all or portions of deposition testimony of any party or other person who was deposed prior to trial. This determination depends on witness availability and/or non-appearance at trial.

Mr. Lozovskiy resides in Illinois. He is over 70 years old. He would need a Russian language interpreter to testify at trial. Travel to Connecticut to testify at trial may be a hardship

for Mr. Lozovskiy.  Thus, Mr. Lozovskiy may offer evidence via his deposition testimony
outlined above.

13.      **Jury Instructions**

    A.      Plaintiff DESHENG ZHOU:

    (Previously submitted)


    B.      Defendants BISHOP and JP NOONAN TRANSPORTATION D/B/A JEP, INC.

    (Previously submitted)

    C.      Defendant BENJAMIN LOZOVSKIY

    (Previously submitted)

14.     **Anticipated Evidentiary Problems**

    A.   Defendant BENJAMIN LOZOVSKIY

       Defendant Lozovskiy anticipates issues pertaining to the scope of expert opinions offered by the accident reconstructionist, Stephen R. Benanti.  Specifically, Defendant Lozovskiy objects to any opinions offered at trial by Mr. Benanti that were not contained in his expert witness disclosure.

15.     **Further Proceedings Prior to Trial**

       None anticipated by Defendant Lozovskiy.

THE PLAINTIFF

By: ______________________

Anthony A. Piazza
Law Offices of Anthony A. Piazza
112 Prospect Street
Stamford, Connecticut 06901-1207
Tel. (203) 348-2465
Fax (203) 964-9509
Federal Bar No. CT 04374

THE DEFENDANT
MICHAEL BISHOP
JP NOONAN TRANSPORATION D/B/A JEP, INC.

By: ______________________

Theodore Heiser, Esq.
Gibson & Behman
71 Bradley Road - Suite 11
Madison, CT 06443
203-245-6176
Federal Bar No. CT 19867

THE DEFENDANT
BENJAMIN LOZOVSKIY

By: ______________________

John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880
203-227-2855
Federal Bar No. 13432