FILED

2004 APR 15  A 11: 47

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENIAMIN LOZOVSKIY | * NO. 3:01CV00761(AHN) |
| | * |
| Against | * APRIL 19, 2004 |
| | * |
| MICHAEL A. BISHOP, JP NOONAN | * |
| TRANSPORTATION and DESHENG ZHOU - | * |
| | * |

## DEFENDANTS' PROPOSED JURY CHARGE

1.    APPLICATION OF THE LAW TO THE FACTS

You, as the jury, have the duty to decide what the true facts of this action may be. You, not the court, not the lawyers, and not the witnesses must decide what those facts are. The court, however, is charged with the duty to instruct you as to the law that you will apply to those facts in order to reach your verdict. You must listen to my remarks on the law of the case and apply only that law to the facts as you find them. If counsel have referred to the law in their arguments you will consider their comments only insofar as they agree with my instructions.

You are not permitted, and it would be a grave injustice to the parties, to speculate on the law or to apply what you believe is the law or should be. The law is what the court says it is and you will only apply law in this case, even if you thought the law was other than what I instruct you or feel the law is wrong and should be different.

2.    <u>BURDEN OF PROOF</u>

The burden of proof rests upon the plaintiff and he must prove each and every material issue of his Complaint in order to prevail. In regard to each and every material issue in the Complaint, the plaintiff must establish those facts by a fair preponderance of the evidence. I shall discuss what is meant by "fair preponderance of the evidence" shortly. The party seeking to prove a fact has the burden of proof as to that issue. The burden of proof must be born by the plaintiff on those issues pertaining to damages. It is your responsibility to scrutinize the evidence offered on damages in the case of the plaintiff with great care. No fact can be found to have been proven if the evidence offered goes no further than to suggest a possibility that it is true. You are not permitted to speculate or use conjecture to determine if a claim is, or is not, true. If a fact pertaining to a claimed injury is not proven by a fair preponderance of the evidence, you may not find it to be proven at all.

<u>Palmieri v. Macero</u>, 146 Conn. 705 (1959).

The burden is upon the plaintiff to prove to you, by a fair preponderance of the evidence, the injuries and losses he suffered and their extent. There is no burden on the defendants to disprove the plaintiff's case.

Wright, <u>Connecticut Jury Instruction</u>, 2d. Ed., § 521.

By "fair preponderance of the evidence" I mean this: he must prove his claims by the better and weightier evidence. You will take all the evidence that is offered here, and consider the various circumstances which are involved, and you will weigh these factors. Then, if you

2

find that the evidence fairly preponderates in favor of the plaintiff, he will have proved that particular issue you have before you. If, on the other hand, it does not fairly preponderate in his favor, if the better and weightier evidence does not seem to you to prove his position, then he has failed in his duty to prove to you the facts upon which he relies. If it should happen that, as to any issue, the evidence is evenly balanced so that you cannot say that it inclines one way or another, than upon that issue your decision must be against the party who has the burden of proof. This is because the plaintiff has not proved that issue by a fair preponderance of the evidence.

3.    <u>CIRCUMSTANTIAL EVIDENCE</u>:

Connecticut law permits you to reach decisions regarding factual matters on which there is no direct proof by making conclusions derived from other facts established by the evidence presented.

<u>Terminal Taxi Co. v. Flynn</u>, 156 Conn. 313, 240 A.2d 881 (1968).

Inferences drawn may serve as your conclusions if, and only if, you find that the facts on which you are asked to make the inference are proven.

<u>Hennessey v. Hennessey</u>, 145 Conn. 211, 140 A.2d 473 (1958).

Proof of facts based on circumstantial evidence is appropriate when, in the light of any other relevant evidence, the inference drawn is logical, reasonable and strong enough that you find it is more probable that not that the fact to be inferred is true.

<u>Gaul v. Nova</u>, 155 Conn. 218, 230 A.2d 591 (1967);

<u>Blados v. Blados</u>, 151 Conn. 391, 198 A.2d 213 (1963).

I caution you to distinguish between permitted inferences and guesses. Inferences drawn from proven facts must be reasonable and logical conclusions based on those facts and cannot be the result of speculation and conjecture.

<u>Palmieri v. Macero</u>, 146 Conn. 705, 155 A.2d 750 (1959).

4

4.    <u>CREDIBILITY OF WITNESSES</u>

In performing your function, one of the things you have to do is pass upon the credibility of the witnesses who have appeared before you. In passing upon the credibility of each of the witnesses, there are certain considerations you may well have in mind. One of these is the appearance which the witness made when he was on the stand. Did he appear to be telling the truth? Did he appear to be honest? Did he appear to be intelligent? That is, did he appear to be a person who could have observed accurately what he is telling you about; who would be likely to have remembered it accurately; and who was capable of reporting it to you accurately?

Another question for you to have in mind as regards each witness is the question as to whether the story he has told you is plausible. Does it ring true or are there inconsistencies in it? How does it fit in with other evidence in the case which you believe and other facts you find to have existed? Does it jive with that evidence and those facts?

You may well ask yourselves in passing on the credibility of any witness whether that witness has any bias or prejudices regarding any party to the accident, and if so, whether he has permitted that bias or prejudice to color his testimony; and it, of course, does not follow simply from the fact that a witness does have a bias, prejudice or does have an interest in the outcome of the case that his testimony is to be disbelieved. There are many people who no matter what their interest in the outcome of a case might be, would not testify falsely. On the other hand, a jury should always bear in mind that, if a witness had a decided bias or prejudice, or has an

interest in the outcome of the case, that bias or interest offers something of a temptation to say or shade his own testimony as a result of it.

You may properly apply to the testimony of any witness your own knowledge of human nature and of the motives that influence and control human action. To sum up, you have the right to bring to bear upon testimony in court the same tests of veracity which would be used in the every day affairs of life. You are at liberty, with your own sound judgment, to choose what testimony you will believe and to discard in whole or in part the testimony of any others.

Wright's Conn. Jury Instructions, §641.

5.    <u>EXPERT TESTIMONY</u>

During the course of the trial, you have heard testimony from a number of witnesses with special knowledge or training beyond that of ordinary witnesses. These witnesses the Court has deemed expert witnesses.

In considering the testimony of experts, you are to apply the same tests of credibility that you would use in considering the testimony of any witness. That is, you are to consider all circumstances which point to the truthfulness or untruthfulness of the witness, such as appearance and demeanor on the witness stand, frankness and candor, whether answers are forthright or evasive, and the possibility of interest, bias or prejudice. You should also consider their education, training and experience in the areas in which they are testifying, and any other material matters of the sort developed in the course of their examination. You should consider their experience and ability in the particular field with respect to which they have testified. The weight to be accorded to the testimony of an expert witness will also depend on your conclusion as to the proof and completeness of the facts considered by him in reaching his conclusions. You will determine whether the facts given to him were the true facts as you find them and also whether all of the facts you find were available to him to serve as a basis for his conclusions. These considerations are especially necessary when different expert witnesses reach different conclusions and you must balance one against the other. Even if you find that the facts upon which the expert testimony is based to have been proven, the conclusions offered by any expert are not binding on you. These are statements of opinions which it is within your power to accept in whole or in part, or to reject in whole or in part. You are the finders of the

7

facts and you must ultimately reach a verdict based on all the testimony and evidence placed before you in this case.

In resolving any conflict that may exist in the testimony of expert witnesses, you should weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications, experience and credibility of the expert witness, as well as the reasons for each opinion and the facts and other matters upon which it was based.

8

6.    NEGLIGENCE

The mere fact that an accident has occurred, considered alone, does not support an inference that the defendant operator was negligent.

Seney v. Trowbridge, 127 Conn. 284, 289.

In a negligence case there are several elements for you to consider. For the plaintiff to recover, it is necessary for you to be satisfied that the defendant was negligent in one or more of the ways specified in the complaint; second, that such negligence, if it existed, was a substantial factor in causing the injuries to the plaintiff; and, third, that the plaintiff himself was not more negligent than the defendant. It is the plaintiff's responsibility to establish the first two elements by the better evidence, and if such is the case, then you will have concluded in plaintiff's favor. If you find that plaintiff has proved by the evidence presented that the defendant was negligent, plaintiff is entitled to recover and plaintiff can then only be denied recovery if the defendant has shown by the evidence that the plaintiff was negligent and that such negligence was greater than the combined negligence on the part of the defendants.

Washburn v. Lamay, 116 Conn. 576 (1930).

The operator of an automobile is not necessarily negligent merely because he fails to look ahead continually and uninterruptedly. But he is required to keep a reasonable lookout for any persons and traffic he is likely to encounter, and he is chargeable with notice of dangers of whose existence he could become aware by a reasonable exercise of his faculties. The driver of an automobile is chargeable, not only with notice of conditions which he knows to exist, but with conditions which by the reasonable exercise of his faculties he could learn the existence

9

of, since it is his duty to use reasonable care to discover dangers or conditions of danger to which he may be exposed as well as to avoid those which are known to him.

Palombizio v. Murphy, 146 Conn. 352, 357, 358 (1959); Wright, Jury Instructions, Sec. 72.

It is a law of our state that the operator of an automobile on the highway must have his vehicle under reasonable and proper control at all times and when reasonable care requires, must reduce its speed or bring it to a stop or turn out to avoid colliding with other cars or objects on the highway.  Reasonable control does not require an automobile to be so operated that a collision can, in any event, be avoided; nor does it necessarily mean that an automobile must be stopped instantly.

Fishman v. Scarpa, 149 Conn. 531 (1962); Wright, Jury Instructions, Sec. 71.

7.    RIGHT TO ASSUME OTHERS WILL OBEY THE LAW

In determining what is reasonable care under all of the circumstances, the conduct of the defendant should be judged from the viewpoint of the reasonably prudent person. A driver of an automobile is entitled to assume that other drivers will obey the law. The driver may thus assume that other drivers will obey all statutes governing the operation of motor vehicles in this state and that they will use the care that a reasonably prudent person would use in the same circumstances. The driver is allowed to make this assumption until he knows or in the exercise of reasonable care should know that the assumption has become unwarranted.

Turbert v. Mather Motors, Inc., 165 Conn. 422, 429 (1973);

Ramonas v. Zucker, 163 Conn. 142, 147-48 (1972);

Tarzia v. Koopman, 147 Conn. 540, 544 (1960);

Gross v. Boston, Worcester & New York State Railway Co., 117 Conn. 589, 596 (1933);

Strosnick v. Connecticut Co., 92 Conn. 594, 598 (1918).

11

8.    PROXIMATE CAUSE/NEGLIGENCE

If you find that a defendant was negligent, in order for the plaintiff to recover on this claim, the plaintiff must also prove by a fair preponderance of the evidence that such negligence was a proximate cause of the plaintiff's injuries.

Proximate cause is a direct cause. It is an act or failure to act, followed in a natural sequence by a result, without the intervention of any other superseding cause; an act or failure to act is the proximate cause of the result. Probably the best definition of proximate cause is that an act or failure to act that is a substantial factor in producing a result is a proximate cause of that result.

Monroe v. Hartford St. Ry. Co., 76 Conn. 201, 207 (1903);

Santini v. Levin, 110 Conn. 248, 252 (1929):

Lombardi v. Wallad, 98 Conn. 510, 517 (1923);

Corey v. Phillips, 126 Conn. 246, 255 (1939).

9.    <u>COMPARATIVE NEGLIGENCE</u>

If you should find that the defendant was negligent, then you must consider the question as to whether or not the plaintiff himself was negligent in one or more of the ways specified in the defendant's Special Defense, and if, under the laws as I have given them to you, you should find that the plaintiff was negligent and that his negligence was a proximate cause of his injuries, then and in such event you shall reduce the amount of any award to which you otherwise find the plaintiff is entitled, by such percent of fault as you determine the plaintiff's negligence to have been and contributed to this accident.  If you find that the plaintiff's negligence in contributing to this accident and his injuries was in fact greater than the amount of negligence you find to have existed on the part of the defendant, then and in such event I instruct you that the plaintiff cannot recover any money for his injuries and you are instructed to bring in a verdict in favor of the defendant.  For example, if you should find that the defendant's negligence was a proximate cause of the plaintiff's injuries, but that the plaintiff's negligence was 40% of the combined negligence of both parties, then you should reduce the plaintiff's award by 40%.  On the other hand if you should find that the plaintiff's amount of negligence under the circumstances was 51% of the total negligence, then the plaintiff would be barred from recovery.

Section 52-572h, Connecticut General Statutes.

13

10.    <u>DUE CARE</u>

It was the plaintiff's duty to be watchful of his surroundings and of the way in which he was going and to exercise ordinary care, both to avoid dangers known to his and to discovery dangers and conditions of danger to which he might become exposed.

<u>Seabridge v. Poli</u>, 98 Conn. 297, 301.

The plaintiff's duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger, and the plaintiff is conclusively presumed to know and to appreciate dangers which under the same or similar circumstances, would have been known or appreciated by an ordinary prudent person.

<u>Corrievau v. Associated Realty Corporation</u>, 122 Conn. 253, 258.

Every person has the duty to exercise reasonable care in guarding against injury to himself or others.  The standard of care which a person is required to exercise is that of a reasonably prudent person.

14

11.    <u>PROPER LOOKOUT</u>

It is the duty of an operator of a motor vehicle upon a public highway to keep a proper lookout and to see what a reasonably prudent operator would have seen under similar circumstances. He or she cannot escape responsibility for a collision with another vehicle upon the highway by saying that he or she did not see it in time to avoid a collision, if in fact he could have done so in the exercise of reasonable care.

Wright <u>Connecticut Jury Instructions</u> 2nd Ed. Section 72d.

15

12.    COMPENSATORY DAMAGES.

The plaintiff has the burden of proof as to his claims of injury and he must satisfy you, by a fair preponderance of the evidence, as to the extent of the injuries and the amount of compensation to which he is entitled as a result of those injuries. You must keep in mind that the plaintiff must prove his injuries and that there is no burden on the defendants to disprove the plaintiff's claims of injury.

Silva v. Hartford, 141 Conn. 126 (1954);

Bianco v. Floatex, Inc., 145 Conn. 523 (1958).

Along these same lines, you must keep in mind that the plaintiff is required to prove the injuries and losses suffered and the extent of their injuries.

Keller v. Carone 138 Conn. 405 (1951).

If you determine, under the rules of law that I have given you, that the plaintiff is entitled to recover damages, any such award must be limited to fair, just and reasonable compensation for the injuries which you find were caused by the accident and no more.

Rosa v. American Oil Company, Inc., 128 Conn. 585 (1943).

You are to keep in mind the compensatory nature of damages. The law only permits compensation for losses and, therefore, you may not make any money award out of generosity to the plaintiff or as a penalty to the defendants.

Rosa v. American Oil Company, Inc., 128 Conn. 585 (1943).

You may award money damages only for those injuries claimed by plaintiff which you determined were actually suffered and which directly resulted from the accident. You may not

16

award compensation to the plaintiff for any claimed injuries or losses including, claims for lost wages, which you do not find were caused by the accident.

United Aircraft Corp. v. International Association of Machinists, 161 Conn. 79 (1971).

You must not speculate or guess as to damages. You must bear in mind, at all times, that the burden is on a plaintiff to prove that any claimed element of damage was a proximate consequence or result of the accident, as well as to prove the reasonable amount of damages which respect to any such element.

Within these limits, the rule is that, insofar as money can do it, a plaintiff is entitled to receive fair and just compensation for the injuries and the pain and suffering which were visited upon him. It is for you, in the exercise of your best judgment, to say what is fair and just compensation. There is no fixed rule or formula for you to apply. It is a matter of sound common sense in arriving at the amount of any verdict.

Wright, Connecticut Jury Instructions, §226.

17

13.    <u>FUTURE EARNINGS CLAIM</u>

The plaintiff has made a claim that in the future he will suffer a loss for damage to his earning capacity.  If this claim has not been supported by any evidence, even if you find for the plaintiff, you cannot award him any compensation in connection with this claim.

<u>Floyd v. Fruit Industries, Inc.</u>, 144 Conn. 659 (1957);

<u>Katsetos v. Nolan</u>, 170 Conn. 637 (1976);

Wright, <u>Connecticut Jury Instructions</u>, 3d Ed. Sec. 232 (1981).

18

14.    <u>FUTURE EXPENSES & COMPENSATION</u>

Also in his complaint, the plaintiff states that he has incurred or will probably incur in the future expenses due to the injuries he suffered; that, by reason of the injury, he has lost certain sums he would otherwise have earned; and that he will in the future lose other such sums; and he has suffered certain injuries which he has described. These allegations furnish the measure of his right to recover and you can give his damages only for expenses, losses or injuries, including pain and suffering, following fairly within their scope.

As for the future, you must, as best you can in your honest judgment, compensate him for such results in the nature of pain, suffering, incapacity, and physical impairment as are reasonably proper. And insofar as you find that it is reasonably probable in the future that he will suffer pain, that he will undergo suffering of any kind whatsoever or that he will be incapacitated from carrying on his labors, that he will suffer physical or mental impairment, you will attempt to compensate him for those things. Using the testimony in evidence before you, you will attempt to arrive at a fair compensation to him for the injuries which he has incurred and may have to incur in the future.

15.    <u>SUGGESTED AMOUNT OF DAMAGES:</u>

In closing argument, counsel mentioned some formulas or amounts that might figure in your verdict. I caution you that figures suggested by counsel do not constitute evidence. It is up to you to decide what fair, just and reasonable compensation is, whatever you find that figure might be, without regard to amounts that may have been suggested by counsel in argument.

General Statutes § 52-216b.

16.    <u>SYMPATHY</u>

In arriving at your verdict, you must not allow yourself to be influenced in the slightest by sympathy for or prejudice against anyone. You would be violating your oath as jurors if you allow sympathy, prejudice or any other improper consideration to influence your determination of this case. Your determination must be based solely upon the evidence presented in court and upon my instructions to you concerning the law.

<u>Chasse v. Albert</u>, 147 Conn. 680 (1960).

17.   MITIGATION OF DAMAGES

The defendant has asserted a defense that any damages awarded should be reduced [or eliminated] for the plaintiff's failure to mitigate those damages. The defendant claims that the plaintiff could have [insert claim]. The plaintiff had a duty to exercise reasonable care to minimize the damages resulting from any breach by the defendant. The plaintiff's duty to exercise reasonable care to minimize damages does not require the plaintiff to waive its/his/her rights under the contract. It is the defendant's burden to prove by a preponderance of the evidence that the plaintiff failed to exercise reasonable care to minimize it/his/her damages. If you find that the defendant has met this burden, you must reduce any award of damages to the plaintiff by the amount that the defendant establishes that the plaintiff reasonably could have avoided.

Newington v. General Sanitation Service Co., 196 Conn. 81, 85-86 (1985)

Camp v. Cohn, 151 Conn. 623, 627 (1964)

3 Restatement (Second), Contracts § 350 (1979).

Respectfully submitted,

GIBSON & BEHMAN, P.C.

By: _____
    Theodore W. Heiser
    Gibson & Behman, P.C.
    Counsel for the Defendants
    J.P. Noonan and Michael Bishop
    71 Bradley Road, Suite 11
    Madison, Connecticut 06443
    (203) 245-6176
    CT 23807

2