FILED

FILED

2004 APR 15  A 11: 47

2004 APR 13  A 4: 15

U.S. DISTRICT COURT
BRIDGEPORT CT

U.S. DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENIAMINE LOZOVSKIY | : | CIVIL ACTION NO. |
| Plaintiff, | | |
| v. | : | 3:01 CV 00761(HBF) |
| MICHAEL A. BISHOP,<br>JP NOONAN TRANSPORTATION and<br>DESHENG ZHOU | | |
| Defendants. | : | APRIL 12, 2002 |

### DEFENDANT LOZOVSKIY'S PROPOSED REQUESTS TO CHARGE
### (TRIAL MANAGEMENT REPORT SECTION 13)

Defendant Beniamine Lozovskiy respectfully submits the attached Requests to Charge.

The defendant expressly reserve the right to modify, supplement or withdraw certain of

these requests up to the time of the beginning of the charge conference.

### REQUEST TO CHARGE NO. 1

### NEGLIGENCE

In his Complaint, the plaintiff has alleged that the defendants were negligent in

operating their motor vehicles, and that this negligence caused personal injuries to the

plaintiff.  The defendants have denied that they were acting negligently while driving

their motor vehicles.

Negligence is the doing of something which a reasonably prudent person would

not do under the circumstances, or the omitting to do what a reasonably prudent person

would do under the circumstances.  It is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care.

The use of reasonable care in a given situation is the care which an ordinarily prudent person would use in view of the surrounding circumstances.  It is not the care which you personally think he or she ought to have used.  You must determine the question by placing an ordinarily prudent person in the situation of the defendants, in regard to the Complaint, and in the situation of the plaintiff, in regard to the special defense, and ask yourselves what ordinarily prudent persons would do in light of all the surrounding circumstances.  It is this care, that of an ordinarily prudent person under the circumstances, which I mean when I speak of "reasonable care," or when I use the word "reasonable" or "reasonably."  Please note that it is a care which such a person would have used under the surrounding circumstances; that is to say, in view of the facts he or she knew or, as such a person should have perceived and known.

Reasonable care does not require a person to have exercised perfect care, but only what is reasonable considering all of the circumstances involved with this case.

Wright, <u>Conn. Jury Instructions</u>, § 522

<u>REQUEST TO CHARGE NO. 2</u>
<u>CAUSATION IN FACT AND PROXIMATE CAUSE</u>

In order to recover, the plaintiff must also prove that the defendants' negligence was the legal cause of his claimed injuries. There are two components the plaintiff must prove in order to establish his claim that the defendants' negligence was a legal cause of his claimed injury. The first component of legal cause is causation in fact. A cause in fact is something that contributes to producing a result. If the plaintiff's injuries would have occurred regardless of the defendants' conduct, then the defendants' conduct is not a cause in fact of the plaintiff's injury and the plaintiff cannot recover.

The second component of legal cause is proximate cause. Proximate cause is an actual cause that not only contributes to producing a result, but is also a substantial factor in producing it. In order to prove proximate cause, the plaintiff must prove that the defendants' negligence was a substantial factor in producing his injuries. If you find that the defendants' conduct was not a substantial factor in producing the injuries, then the plaintiff cannot recover.

<u>Doe v. Manheimer</u>, 212 Conn. 748 (1989).

## REQUEST TO CHARGE NO. 3
## COMPARATIVE NEGLIGENCE

Now in addition to denying that he was negligent, the defendants have filed a Special Defense of comparative negligence against the plaintiff. By doing so, the defendants are, in effect, saying that even if you should find them negligent in one or more of the ways alleged, the plaintiff is still not entitled to recover damages from them because the plaintiff's negligence was greater than the negligence of the defendants and the plaintiff's negligence was a substantial factor in causing the incident and his injuries.

You must evaluate the plaintiff's conduct and the reasonableness of his actions in the same manner that you evaluate the conduct of the defendants. If you determine that the defendants were negligent, then you must determine whether the plaintiff was negligent himself and if his own negligence contributed to his injuries then you should apportion a percentage of fault to each party. If you find that the plaintiff was more negligent than the defendants, i.e. he was more than 50% at fault for the incident, then you are to render a verdict for the defendants. If you find that the plaintiff was less than 50% negligent, then you should reduce your final verdict by the percentage of fault that you attribute to the plaintiff.

## REQUEST TO CHARGE NO. 4
## REDUCTION OF AWARD IF JURY FINDS COMPARATIVE NEGLIGENCE

If you conclude that the plaintiff was negligent, but that his negligence was less than or equal to that of the defendant, then you must reduce the amount of the plaintiff's full damages by whatever percentage of negligence you have attributed to him, up to 50%. However, you may only reach this question of reduction in damages if the plaintiff's negligence is less than or equal to the negligence found on the part of the defendants. The plaintiff is not entitled to recover damages if his negligence was greater than the negligence proven against one or more of the defendants.

Conn. Gen. Stat. § 52-572h

## REQUEST TO CHARGE NO. 5
## CONSIDERING COMPARATIVE NEGLIGENCE

The question of the comparative negligence of the plaintiff is not to be considered at all unless you first conclude that (1) there is evidence to justify a finding of some negligence on the part of one or more of the defendants; and (2) the negligence of one or more than one of the defendants was a substantial factor in causing the accident.

Acampora v. Asselin, 179 Conn. 425

## REQUEST TO CHARGE NO. 6
## REASONABLE AND PROPER CONTROL

The operator of an automobile on the highway must have his automobile under reasonable and proper control at all times and, when reasonable care requires, must reduce its speed, or bring it to a stop, or turn aside, to avoid colliding with a person or property of other persons on the highway.  He must keep a reasonable lookout and be reasonably vigilant to detect anyone or anything in the path of his moving machine and liable to suffer injury therefrom.  He cannot excuse himself from injuring any object on the roadway by saying he did not see it, if, under the circumstances, he, as an ordinary person driving his car, should have seen it.  The law charges him with seeing all that he ought in the exercise of due care to have seen.

Wright, Conn. Jury Instructions, Vol. 1, § 70b


When reasonable care requires, a driver must reduce his speed or bring his car to a stop or turn to avoid colliding with a person or property or other vehicle on the highway.  The elements of time, place, and circumstances enter into the question of what control is reasonable.

Wright, Conn. Jury Instructions, Vol. 1, § 71e

## REQUEST TO CHARGE NO. 7
## FAILURE TO AVOID ACCIDENT

Generally speaking, a motor vehicle operator must exercise such control over his vehicle so that it can be slowed down, or stopped, by the exercise of reasonable care in time to avoid collisions with other vehicles whose presence ought reasonably to have been anticipated by the operator.  Motor vehicles, being what they are, by virtue of their weight and speed at which they move, are not susceptible to immediate, absolute dead stops.  The laws of physics prohibit it.  Neither can they turn on a dime, or at right angles. The operator of a vehicle knows - or ought to know - to what extent he can reasonably control his vehicle.  He is required to be able to control it as a reasonably prudent person would in his situation and under the prevailing conditions; if he fails to exercise that degree of care and, as a result, harm proximately ensues, he is responsible.

Connecticut Jury Instructions, §§71c and 71d

<u>REQUEST TO CHARGE NO. 8</u>
<u>REASONABLE AND PROPER LOOKOUT</u>

Both parties have alleged that the other failed to keep a reasonable and proper lookout. This is a common law specification of negligence and immediately brings to mind a question, what is a proper lookout? The operator of a motor vehicle upon the public highway is under the duty to keep a reasonable and proper lookout and to be vigilant to detect anyone or anything in the path of his moving vehicle. The operator is to keep a proper lookout and see what there is to be seen. The operator may not excuse himself from injuring a person by saying that he did not see such a person, when under the circumstances such person would have been seen if the operator had been maintaining a reasonable and proper lookout. The law charges the operator of a motor vehicle traveling on a public highway with seeing all that he or she ought to have seen had the operator been in the exercise of reasonable care. The operator is chargeable not only with notice of those conditions which are known to exist, but also with notice of those conditions which would have been brought to the operator's attention had the operator been exercising reasonable care and maintaining a proper lookout. The operator is under a duty to use reasonable care to discover dangers or conditions of danger to which others may be exposed, as well as to avoid those dangers which may be known to the operator.

Wright, <u>Conn. Jury Instructions</u>, Vol. 1, §72b

### REQUEST TO CHARGE NO. 9
### UNREASONABLE RATE OF SPEED

At common law, there is no absolute standard by which speed may be said to be right or wrongful in itself. The speed of an automobile is governed by the common law rule requiring reasonable care; and the proper standard is that speed which, under all the circumstances of the case, an ordinarily prudent person would adopt. Applying that test, any speed at all might, in certain circumstances, be negligent; under other circumstances, a high rate of speed might not be negligent. Speed is not unlawful if it is reasonable in view of the particular circumstances of the case; that is, at what speed would an ordinarily prudent person drive his car in view of all the circumstances?

Wright, <u>Conn. Jury Instructions</u>, Vol. 1, §§74d, 74e, 74k.

## REQUEST TO CHARGE NO. 10
## STATUTORY NEGLIGENCE

The plaintiff's complaint and the defendant's special defense contain allegations of statutory negligence. In an action based on negligence, we often have to consider, in place of or in addition to the common law rule requiring reasonable care, definite provisions covering conduct in certain circumstances which the legislature has embodied in statutes. The requirements of these statutes are mandatory and the law admits of no excuse for failing to obey them other than one which is embodied directly or implicitly in the statutes themselves. A violation of a statute is a violation of the duty which one person owes to another in respect to person or property and therefore is negligence of itself. If a person disobeys the statutory rule applicable in the situation in which he finds himself, he is by that very fact guilty of negligence. When this violation is the proximate cause of an injury, it is actionable negligence.

Wright, Conn. Jury Instructions, Vol. 2, §§524a and 524b

## REQUEST TO CHARGE NO. 11
## BURDEN OF PROOF

The plaintiff has made certain allegations with respect to the issues of liability and damages which are in controversy in this case. The law provides, and I instruct you, that the burden of proving these controverted claims rests upon the plaintiff. The defendant is not required to disprove the plaintiff's claims; the plaintiff is required to prove them. The law further requires that the plaintiff must bear the burden of proving each essential element of his case by a fair preponderance of the evidence. This burden of proof means that in support of his claims, the plaintiff must produce evidence that is weightier in your opinion. If the evidence on any claim advanced by the plaintiff appears to you to be evenly balanced, the plaintiff will have failed to meet his burden of proof on that claim and cannot prevail on it.

Rose v. Campitello, 114 Conn. 637, 649 (1932);

Brody v. Connecticut Co., 87 Conn. 363, 364 (1913)

## REQUEST TO CHARGE NO. 12
## PREPONDERANCE OF THE EVIDENCE

The mere fact that a plaintiff is here in court with claims for damages against the defendant does not in and of itself prove the truth of his allegations; nor does it necessarily follow that his claims have merit.  Rather, in order for the plaintiff to recover from the defendant, he must prove each and every essential element of his claims by what is described in the law as a "preponderance of the evidence."

This rule does not require proof to an absolute certainty; proof to an absolute certainty is seldom possible in any case. Rather, to prove a fact by a fair preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means that kind of evidence, which, when compared with the evidence opposed to it, has more convincing force, and produces in your mind a belief that what is claimed to be provided is more likely true than not true.

Accordingly, if after weighing all the evidence in this case you find that what the plaintiff claims to be true is more likely true than not true, then the plaintiff will have met his burden of proof.  On the other hand, if you find that all the evidence is evenly balanced, then the plaintiff will have failed to meet his burden of proof.

Of course, it is impossible literally to weigh the evidence on a pair of scales. Nevertheless, it may be helpful to you in discharging your duty to find the facts in the case if you ask yourselves with respect to each disputed issue of fact in the case how

all the evidence would balance if you placed it on an imaginary pair of scales.  If all the

evidence presented by both sides on a particular issue of fact caused the scales to

strike an even balance, then a plaintiff would have failed to meet his burden of proof on

that issue.  In other words, if you cannot determine whether an allegation of fact has

been proved or not proved, you should find for the defendant on that issue.

Thaw v. Fairfield, 132 Conn. 173 (1945).

## REQUEST TO CHARGE NO. 13
## CREDIBILITY

The jury determines the credibility of witnesses and the weight to be given to their testimony. No fact is determined merely by the number of witnesses testifying for or against. It is quality, not quantity, of testimony that controls.

The credibility of a witness may be impaired or completely destroyed by impeaching testimony. It may have been impaired by cross-examination; it may be effected by the appearance of the witness upon the stand; by his or her interest in the outcome; or by evident ignorance to facts to which he or she testifies. You may consider these matters in weighing the testimony in this case.

In passing on the credibility of each of the witnesses, there are certain considerations you may well have in mind:

> Ask whether the story a witness has told is plausible. Does it ring true? Or are there inconsistencies in it? How does it fit in with other evidence in the case that you believe and other facts you find to have existed? Does it mesh with that evidence and those facts?

You may well ask yourselves in passing on the credibility of any witness whether that witness has any bias or prejudice with regard to any party to the action and, if so, whether he or she has permitted that bias or prejudice to color their testimony. A jury should always bear in mind that if a witness has a decided bias or prejudice, or has interest in the outcome of the case, that there lurks the temptation to sway or shade

one's testimony. In assessing witnesses' testimony, you may properly apply your own knowledge of human nature and of the motives that influence and control human action. You have the right to bring to bear upon testimony in court the same tests of veracity that would be used in the every day affairs of life. You are at liberty within your own sound judgment to choose what testimony you will believe and to discard in whole or in part the testimony of any others.

If you find that there has been an inaccuracy in one respect upon the part of a witness, remember it in judging the rest of that witness's testimony, and give to it that weight which your own minds lead you to think it ought to have. If you conclude that a witness has not only testified falsely, but has done so intention-ally or willfully, this fact casts a very serious doubt upon all the testimony and you might well conclude that you cannot accept any of it. That is, however, a matter for you to determine.

> 2 Wright, <u>Connecticut Jury Instructions</u> §§640, 641, 645 (2d ed. 1975);
>
> See <u>Connelly v. Connecticut Co.</u>, 107 Conn. 236 (1928);
>
> 3 Wright, <u>Connecticut Jury Instructions</u> §318 (2d ed. 1975);
>
> <u>State v. Segar</u>, 96 Conn. 420, 428 (1921);
>
> <u>Leitzes v. F.L. Caulking Auto Co.</u>, 123 Conn. 459, 461 (1937)

## REQUEST TO CHARGE NO. 14
## EXPERT OPINION

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

Pattern Jury Instructions, Civil
Cases, U.S. 5th Cir., District Judges
Association, at 10

## REQUEST TO CHARGE NO. 15
## DAMAGES

You are not to consider the question of damages unless you find the defendant was at fault legally.  Since damages are claimed and some evidence has been introduced concerning damages, it is my duty to instruct you as to the law of damages. You are not however to infer that simply because I instruct you as to the law of damages, you must consider the question.  If you find that none of the defendants is liable, you may not consider damages and must return a defendants' verdict.

The burden of proof on the issue of damages is upon the plaintiff, and, as to this element, you cannot engage in speculation, conjecture, surmise, or guesswork.

To be entitled to damages, the plaintiff must establish a causal relationship between the claimed negligence of the defendant and the injury to the plaintiff.

> Lander v. Persky, 84 Conn. 429 (1912);
> Doeltz v. Longshore, Inc., 126 Conn. 597 (1940);
> Magarian v. Bessoni, 160 Conn. 442 (1971).

The fundamental and cardinal rule as to damages is that the amount awarded shall be just, fair, and reasonable compensation; no more and no less for pain and suffering, or economic loss suffered, if any, as a direct proximate result or consequence of a defendant's actions.  If damages are awarded, they should be awarded for injuries that have been suffered and not by way of punishment or by way of sympathy.

Any damages which you may award must be fair, reasonable and just with respect to all parties involved. There is no fixed rule which you can apply, however, you must rely upon sound, common sense in reaching the amount of your verdict.

Masi v. General Ice Cream Corp., 120 Conn. 259 (1935);

Gillette v. Schroeder, 133 Conn. 682, 685 (1947);

Kiniry v. Danbury Hospital, 183 Conn. 448 (1981).

Before you can award money damages for any particular suffering or medical expense, the plaintiff must prove, by a fair preponderance of the evidence, through competent medical evidence which you see fit to believe, that the particular suffering or medical expense was caused by this accident. This basic principle of law means that medical expert opinion evidence is essential to prove, with reasonable medical probability, any claimed causal relation between any particular injury and whatever incident might result in the defendant's liability for money damages.

Johnson v. Toscano, 144 Conn. 582 (1957);

Boland v. Vanderbilt, 140 Conn. 520 (1953).

## REQUEST TO CHARGE NO. 16
## SYMPATHY, PREJUDICE

Your verdict must be based absolutely and solely upon the evidence here given you on the trial of the case. You should not be swayed or influenced by any sympathy or prejudice for or against any of the parties. You should not be influenced by any claims or comments of counsel which are not warranted by the evidence, but should decide the case upon the evidence presented before you at this trial with due regard to the law as stated by the court, as applied to the facts which you find to be established by the evidence.

The parties to this action are entitled to have a calm, careful, and conscientious appraisal of the issues committed to you, and this calm, careful, and conscientious deliberation should be reflected in your verdict. You should not be influenced unnecessarily by any claims or comments of counsel which are not corroborated by the evidence. You should decide the case upon the evidence presented before you at this trial with due regard to the law as I have given it to you.

Finally, sympathy, bias or prejudice, for or against either party, should not have the slightest influence upon you in reaching your verdict.

I am sure you will live up to your oath regarding the exclusion of any of these considerations. We are living in an enlightened world, and you can surely comprehend

the inequities and injustices that may arise when bias, prejudice or sympathetic feelings enter into your deliberations.

Cases in courts of justice should be decided upon the law and the evidence, and upon nothing else; otherwise courts would not be courts of justice.

Wright, <u>Conn. Jury Instructions</u>, §312

DEFENDANT,
BENIAMINE LOZOVSKIY

By_____

John W. Dietz
CT13432
HALLORAN & SAGE  LLP
315 Post Road West
Westport, CT 06880-4739
(203) 227-2855
(203) 227-6992 fax
dietz@halloran-sage.com