FILED    FILED

2004 APR 15  A 11: 47    2004 APR 13  A 4: 14

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

| | | |
|---|---|---|
| BENJAMIN LOZOVSKIY | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| V. | : | NO. 3:01CV00761 (HBF) |
| | : | |
| MICHAEL BISHOP, JP NOONAN | : | |
| TRANSPORTATION DBA JEP, INC., | : | |
| AND DESHENG ZHOU | : | |
| Defendants. | : | |

-----------------------------------------------------------x    APRIL 12, 2004

## PLAINTIFF ZHOU'S REQUEST TO CHARGE JURY

The plaintiff, **DESHENG ZHOU**, in the above-captioned action hereby requests that the

Court give instructions to the jury on the legal issues which arose during the course of this

litigation in accordance with the following jury charge.

-1-

## FUNCTIONS OF COURT AND JURY

In the performance of our duties, Ladies and Gentlemen, you, as the jury, and I, as the court, have separate functions. To state it in a word, it is my duty to state the rules of law involved in the decision of this case, and yours, to find the facts. Insofar as I do state to you the law, what I say to you is binding upon you; and you are to understand that, so far as, in stating it, I differ from the claims made by counsel in argument, you will dismiss from your minds what they have said to you.

The performance of my duty, therefore, requires me to state the rules of law lying at the foundation of the various contentions of the parties, the rules which, when applied to the facts you find, will lead to your ultimate verdict. In this case, the elements of damages to compensate plaintiff for his injuries.

It may also require that I point out to you the legal effect of certain facts or certain evidence, or that I suggest to you certain considerations which you should bear in mind in considering the evidence; where I assume to do either of these things you will carefully heed what I say. It is my right, also, to make comments to you as to the weight or significance of evidence or as to the inferences you may draw from facts you find proven; but where I undertake to make comments of this nature, they are merely suggestive to you, for you to approve or

-2-

disapprove, in the exercise of your sound judgment.  My chief concern with the facts in the case

is to refer to them insofar as to make clear to you the application of the rules of law to this

particular case.  If I refer to certain evidence or certain facts in the case which you may find to be

proven, or may infer, and not to others, you are not to think that I mean thereby particularly to

emphasize the matters of which I speak or to limit your consideration to them, as opposed to

those to which I do not refer.  If I overlook any evidence in the case, you will supply it from your

recollection; if I incorrectly state any evidence, you will correct my error.  For, after all, it is your

function and your duty to weigh the evidence offered, make the proper deductions or inferences

from it, and determine the facts; and what counsel say to you, and what I say to you, as to them,

except as I have already pointed out, should have weight with you only so far as you approve it in

your own minds.

**Wright, <u>Connecticut Jury Instructions (4th Ed.)</u>, Section 12a-c.**

## BURDEN OF PROOF

The plaintiff must prove the material facts of his case by a fair preponderance or evidence. A fair preponderance of evidence means this: he must prove them by the better and the weightier evidence. You will take all the evidence that is offered here, and consider the various circumstances which are involved; you will weigh them and balance them, and then if you find that the evidence fairly preponderates in favor of the plaintiff, he will have proved the particular issue you have before you.

**Wright, <u>Connecticut Jury Instructions (4th Ed.)</u>, Section 311**

The plaintiff is not required to prove a fact to an absolute certainty. The plaintiff is not required to prove a fact beyond a reasonable doubt. Rather the plaintiff must prove his case by only a preponderance of the evidence. The plaintiff must merely prove that a fact is more likely to be true than not.

There is no magic formula for you to use in evaluating the evidence. You bring with you to this courtroom the experience and background of your every day lives. You should use your common sense and your knowledge of human nature in evaluating the evidence. Keep in mind that you are not allowed to speculate on facts which were not placed in evidence before you. You must base your decision on the facts which are proven by a fair preponderance of the

-4-

evidence, rather than on what you speculate to be the facts.

**Cruz v. Drezek,** 175 Conn. 230 (1978)

**Darrow v. Fleischner,** 117 Conn. 528, 520 (1933)

## CREDIBILITY OF WITNESSES

The credibility of the witnesses who appeared before you is a matter for your consideration and determination. You observed them in court upon the witness stand under direct examination and cross-examination, and you should make full use of the results of your observations. In determining the question of the credibility of the witnesses, that is, the weight that you will give to their testimony, you should size them up, as it were, and make use of your everyday experiences in life with your fellow men. You must determine which witnesses you believe, what portion of their testimony you accept, and what weight you attach to it. You, the jury, may decide to disregard the whole of the testimony of any witness who the jury finds has testified falsely with respect to any facts. In other words, if the jury finds that the witness testified falsely in any respect the jury is entitled not to believe that witness.

Daily, you determine the reliability or unreliability of statements that are made by those around you. You must apply the same skills that you use in your everyday dealings in your deliberations. No fact is, of course, to be determined merely by the number of witnesses testifying for or against it; it is quality, not quantity, of testimony which controls. You may consider any witness' interest or lack of interest in the outcome of the case, any bias a witness may have, the demeanor of the witness while he or she was on the stand, the knowledge the

-6-

witness had regarding this case, and the probability or improbability of the testimony of each witness when taking into account the case as a whole. In other words, you should test the evidence each witness brings into the trial against your own knowledge of human nature and of the motives which influence and control human action.

Keep in mind that even if a witness has an interest in the case, that it does not automatically follow that their testimony is not to be believed. There are many people who even if they have an interest in a case would not testify falsely. It is up to you to use your own perceptions and life experiences to decide if a particular witness is testifying truthfully or falsely.

If it appears that there is a discrepancy in the evidence as a whole, it is up to you to decide if you can reconcile that by piecing all of the stories together. If you are unable to do that, however, then you must decide which of the conflicting stories you will believe and accept. Discrepancies in an individual witness' testimony or discrepancies between an individual's testimony and the testimony of other witnesses does not necessarily mean that that witness' testimony must be discredited automatically. Some witnesses get nervous on the stand and confuse themselves, other witnesses forget things. It is up to you to use your common sense and good judgment in deciding how to weigh discrepancies.

**Gigliotti v. Untied Illuminating Co., No. 102959, Superior Court, Fairfield County, (1961).**

-7-

<u>Howe v. Raymond</u>, 74 Conn 72 (1901).

Wright, <u>Connecticut Jury Instructions (4th Ed.)</u>, Section 15a, 15c, 15d.

<u>Pischitto v. Waldron</u>, 147 Conn. 171, 177 (1960).

**RIGHT OF JURY TO DRAW INFERENCES**

The burden which rests upon a party to prove the necessary allegations of his complaint or defense by a fair preponderance of evidence makes it impossible for you to take into consideration in his favor matters which are merely the result of a guess, surmise, or speculation. But proof by a fair preponderance of the evidence does not mean that you must have direct evidence supporting a fact. As to any fact where there is direct testimony, or in conjunction with any direct testimony as to such fact, it is your right, from facts you find proven, to infer other facts. It is your right to draw such inferences, if you conclude that the facts you find proven reasonably establish them. Such inferences, however, should be drawn only from and bear a logical relation to other facts which have been proved. Indeed, if from facts you find proven you reasonably infer other facts, you may then use the latter facts as a basis for a further inference that other facts existed.

Proof of a material fact by inference need not be so conclusive as to exclude every other hypothesis. It is sufficient if the evidence produces in your mind a reasonable belief in the probability of the existence of the material fact.

In passing upon the facts you should consider all of the evidence in the case bearing upon the issues as presented and should draw such proper inferences from such facts as you find to

-9-

have been proven, as you find reasonably and logically should be so drawn. In the event that your recollection of the evidence differs from any statement which I may make or which counsel may have made, it is your recollection which must control, although the law as I give it to you is binding upon you and must be carefully followed by you in reaching your verdict in accordance with your oath.

You may draw inferences from all the facts you find, provided the facts are fairly established in the evidence. Unless a fact is so established, however, the inference would be drawn upon a false basis and would not be legitimate. You may have to depend somewhat upon inferences from facts which you will find. The inference that you draw, however, must not be from a guess upon the evidence or surmise upon the evidence. To be justified in drawing an inference from facts which are established, the inference must be a logical and reasonable one, well founded upon the facts which have been proved in the trial of the case by the evidence.

**Wright, <u>Connecticut Jury Instructions (4th Ed.)</u>, Section 14.**

-10-

**EVIDENCE GENERALLY**

In determining the issue between the parties, you should take into consideration the probability or improbability of the testimony given each of the witnesses. You should have regard to their conduct and demeanor while testifying and consider any interest which a witness may apparently have in the result of the suit, or any prejudice or sympathy, if any such has been manifested for or against the parties to the controversy. You should apply such other tests which may occur to you from your own knowledge of human nature and human conduct as will aid you in estimating the weight and credit that is to be given to the testimony of the respective witnesses.

Wright, Connecticut Jury Instruction 4th Edition, Section 310.

-11-

**CIRCUMSTANTIAL EVIDENCE**

I should also say something to you about circumstantial evidence since you are being asked by the parties to draw certain inferences.[1]

Circumstantial evidence involves the offering of evidence of a fact or facts from which the jury is asked to infer the existence of, and so to find proven, another fact or facts. Such a fact may be found so proven if, but only if, the jury finds: (1) that the fact or facts from which the jury is asked to draw the inference have been proven by a fair preponderance of the evidence, and, (2) that the inference asked to be drawn is not only logical and reasonable, but is strong enough so that you can find that it is more probable than not that the fact you are asked to infer is true. The party upon whom rests the burden of proving a fact or issue has sustained that burden if all of the evidence, including both that presented by the plaintiffs and that presented by the defendants, considered fairly and impartially, induces in your minds a reasonable belief that it is more probable than otherwise that such fact or issue is true.

**Holden & Daly, Connecticut Evidence § 64b;**

**Tait & LaPlante, Handbook of Conn. Evidence, § 4.4.1.**

**Wright, Connecticut Jury Instruction, (4th Ed.) §327**

---

[1] See generally Asselin, Trial Handbook for Connecticut Lawyers § 372.

-12-

I'll give you an example. Assume that while we are in a room, which has no windows, we heard from what our experiences in life a noise which sounds like thunder. Then, twenty minutes later, we were to go outside and find the sun is out very brightly, but that the ground and the street are wet. Now, everything that I've just told you so far is what is known as direct evidence. That is, these facts that we have seen and heard. However, you can also draw an inference from those facts, the inference being that it rained while we were in the room.

That is an example of circumstantial evidence. You take the direct evidence, and if it's proven to your satisfaction, you may draw any logical and reasonable inference therefrom. The law makes no distinction between direct evidence and circumstantial evidence. They both have the same quality and both can be used by you in deciding this case.

**Wright, <u>Connecticut Jury Instruction</u>, (4th Ed.) §327**

## CAUSATION

The plaintiff is entitled to recover damages against those defendants, if she proves by a fair preponderance of the evidence that her injuries were proximately caused by those defendants. By the term proximate cause, you are to understand that the plaintiff must prove that the defendants' negligence was a **substantial** factor in causing her injuries. To be a substantial factor in producing the injury, the negligence must have entered into the production thereof as the cause of it.

In making that determination, you must consider all of the evidence presented in light of each of the claimed elements of the plaintiff's damages. In this respect, however, it is not required that the plaintiff prove the causal relationship with 100% certainty. The plaintiff need only prove the allegations by the preponderance of the evidence, or in other words, the weight of the evidence. It is not required that the plaintiff exclude every other possible hypothesis. Proof of causation by the plaintiff need not be conclusive, but it is sufficient if the plaintiff proves that it is more likely than not that the negligence was a substantial factor in causing the injuries claimed.

When an event produces a result which follows in natural sequence, it may be said that the event is the cause of the result. By natural sequence, I mean sequence which proceeds in

-14-

accordance with the common experiences of life.

**Mahoney v. Beatman, 110 Conn. 184, 185 (1929).**

**Wright, <u>Connecticut Jury Instructions (4th Ed.)</u>, Section 110.**

**Edgerton and Sons, Inc. v. Minneapolis Fire and Marine Insurance Company, 142 Conn. 669, 673 (1955).**

**EXPERT WITNESSES**

The only witnesses that are allowed to testify as to their opinions are "expert" witnesses. In this case, a few doctors have testified or their reports were admitted as evidence. You may weigh the opinions offered into evidence by each expert as you feel it is appropriate. You do not have to weigh each expert's testimony equally and your are not bound to accept all opinions that have been offered. You may believe an expert and decide to give great weight to his or her testimony or you may find the opinions unsound and discredit them.

In this matter, you have been heard from plaintiff's experts and medical records have also been introduced from the plaintiff's treating physicians.

In weighing and considering the testimony of the expert witness, in determining to what you will attach weight to the opinions which he gave, you are to apply to him the same rules that you apply to any witness, insofar as it relates to bias, interest, or prejudice, appearance and demeanor. You are to determine whether this witness is possessed of peculiar and exclusive knowledge and experience in a specialized field. The value which is to be attached to their testimony, and the weight accorded it, will depend upon many other things: the actual skill possessed, the experience and the training of the expert, his familiarity with the condition or issue about he testified. In this case, you have heard expert opinion testimony. It is for you to

-16-

decide which testimony you find more believable and you should base your decision upon your determination of the basis of the opinion. Factors such as experience of the expert, his knowledge and familiarity in the field, his basis of information regarding the plaintiff, and the factual foundation upon which the opinion rests may all be considered by you in making your judgment.

The weight to be accorded to the testimony of an expert witness depends upon your conclusion as to proof and completeness of the facts considered by him in drawing his conclusion.

The rule which admits expert or opinion evidence is founded upon necessity because it is recognized that jurors and judges for that matter are laypeople when it comes to certain matters, and would not be as familiar with the subjects that may be testified to in a case of this nature as the experts are.

Such evidence as given by experts is meant to be informative; that is its purpose. However, no matter what the expertise of a particular witness who has stated to you an opinion based upon a fact or facts or a hypothetical question in this case, it is subject to being reviewed at your hands. It is in no way binding upon you at all. The weight to be accorded to the testimony of an expert - and this includes answers to any hypothetical questions which were posed during

-17-

the course of the trial depends upon your conclusions as to the proof of and the completeness of the facts considered by the expert in drawing his conclusions.  You will determine the facts given to the witness on which he should have based his opinion, whether they were the true facts as you find them, and whether they were enough facts to formulate a worthwhile opinion.

**Falcone v. Kantor, Waterbury J.D. No. 112775 (January 26, 1996.)**

**Hook v. Gray, Waterbury, J.D. No. 115907 (October 18, 1995).**

**Wright, Connecticut Jury Instructions, (4th Ed.) § 325.**

**WEIGHING EVIDENCE**

A juror should use all his experience, his knowledge of human nature, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case in accordance with such knowledge and render his verdict accordingly. A juror who did not do this would be remiss in his duty. Howe v. Raymond, 74 Conn. 72 (1901).

If you believe the testimony of a single witness, you are entitled to found your verdict upon such testimony, even though the witness stands alone and his testimony is opposed to that of others. It is the quality, not the quantity, of testimony that is important. The weight of the evidence is not determined by the number of witnesses for or against any one proposition.

The credibility of the witnesses who appeared before you is a matter for your consideration and determination. You observed them in court upon the witness stand under direct examination and cross-examination, and you should make full use of the results of your observations. In determining the question of the credibility of the witnesses, that is, the weight that you will give to their testimony, you should size them up, as it were, and make use of your everyday experiences in life with your fellow men and women. Gigliotti v. United Illuminating Co., No. 102959, Superior Court, Fairfield County, February 1, 1961, 151 Conn. 114, (1963).

You are the sole judges of the credibility of the witnesses. You have seen them as they

-19-

took the stand and testified, you observed their demeanor, and you know what interest, if any, the

have in the outcome of the case.   You should take all those things into consideration in passion

upon the credibility of any witness who has here testified.   Also remember in considering this

matter of proof that it is the quality rather than the quantity of evidence that counts.  It may well

be in some instances that the testimony of one witness may be contradicted by the testimony of

several witnesses, but in your consideration of the credibility of the single witness you may find

that his or her testimony outweighs in credibility and in worth the testimony of the witnesses on

the other side.  <u>Muirhead, Adm'x v. State of Connecticut</u>, No. 101025, Superior Court, New

Haven, December 16, 1964.

**Wright, <u>Connecticut Jury Instruction</u>, (4th Ed.) §15**

## EVIDENCE ADMITTED BY LAW

The plaintiff introduced certain medical records and other documents into evidence by authority of law.  Our law allows the plaintiff to do so without bringing in someone from the hospital or the doctor's office to testify.  There is nothing wrong with doing that.  The law recognizes that it serves that public better to allow certain kinds of documents into evidence without bringing a witness to introduce them.  The plaintiff was not required to call as a witness the doctor who wrote the reports, and you should not hold it against the plaintiff that they did not do so.  This documentary evidence is to be given the same weight as if the doctor was present in court to testify.

**Conn. Gen. Stat. §4-104, 52-180**

**Connecticut Practice Book §248**

**Tait and LaPlante, Handbook of Connecticut Evidence, §10-5, 11-15**

-21-

## **REDACTED DOCUMENTS**

Certain documents have been admitted into evidence which may have been redacted; that is, materials or entries have been deleted from them. This is done so that portions of the documents containing irrelevant evidence are omitted. This is proper. In every case which has documentary evidence, there may be superfluous and irrelevant matters contained in such documents. You are instructed that you must not make any inferences for or against either party regarding the portions omitted. I assure you that the Court has required such redactions to make the documents pertain only and properly to the contested issues.

## NEGLIGENCE

Desheng Zhou has brought this action because he believes that the defendant was negligent and that the defendant's negligence was a cause of the injuries and damages which he suffered. Negligence is the doing of something which a reasonably prudent person would not do under the circumstances or failing to do what a reasonably prudent person would do under the circumstances. It is the breach of a legal duty owed by one person to another. Therefore, the defendant was negligent if he/she failed to exercise reasonable care under the circumstances.

**New England Iron Works Co.  v.  Connecticut Co., 98 Conn. 609- 610-11 (1923)**

**Wright and Ankerman, §522**

You should understand that the term "reasonable care" does not involve the care which you personally think the defendant ought to have used, nor does it refer to the care which the defendant felt should be used. Rather, you must determine the question by placing a person of ordinary prudence in the situation of the defendant and asking yourselves, what would such a person have done? The care required of the defendant is the care which such a reasonably prudent person would have used under the surrounding circumstances; that is to say, in view of the facts she or he knew or should of known or perceived.

Marfyak v. New England Transportation Co., 120 Conn. 46, 48 (1935)

-23-

<u>Wright v. Ankerman</u>, §522.

## NEGLIGENCE - MICHAEL BISHOP

Desheng Zhou alleges that the defendant, MICHAEL BISHOP was negligent in one or more of the following ways:

a.  In that he was following the plaintiff more closely than was reasonable and prudent, having due regard for the width, traffic, use and weather conditions of the highway in violation of Section § 14-240 of the Connecticut General Statutes;

b.  In that he was operating his motor vehicle at an unreasonable rate of speed having due regard for traffic, weather, width and use of the highway at said time and place in violation of Connecticut General Statutes Section § 14-218a;

c.  In that he failed to keep his vehicle under proper and reasonable control;

d.  In that he failed to keep a proper and reasonable lookout for other motor vehicles upon the highway;

e.  In that he failed to apply his brakes in time to avoid a collision although by a proper and reasonable exercise of his faculties, he could and should have done so;

-25-

f.     In that he was operating his motor vehicle at an unreasonable rate of speed having due regard for traffic, weather, width and use of the highway at said time and place;

g.     In that he failed to turn his motor vehicle to the left or the right so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so;

h.     In that he failed to sound his horn or failed to give the plaintiff any warning of his approach; and

i.     In that he failed to keep a safe distance to the rear of the plaintiff's vehicle which was traveling in the same direction on Interstate 91.

j.     In that he failed sound his horn or failed to give the plaintiff any warning of his approach;

I will explain each of these allegations of negligence in more detail in a moment. However, if you find that any one of these allegations was proven by a fair preponderance of the evidence, and that it was a proximate cause of the plaintiff's injuries, you then must find the defendant liable and go on to the issue of damages.

-26-