## NEGLIGENCE - BENJAMINE LOZOVSKIY

Desheng Zhou alleges that the defendant, BENIAMINE LOZOVSKIY was negligent in one or more of the following ways:

      a.    In that he failed to operate his motor vehicle at the legal speed limit for the highway of 40 mph, in violation of Section § 14-220(a) of the Connecticut General Statutes;

      b.    In that he was operating his motor vehicle at an unreasonable rate of speed having due regard for traffic, weather, width and use of the highway at said time and place;

      c.    In that he failed to keep his vehicle under proper and reasonable control;

      d.    In that he failed to keep a proper and reasonable lookout for other motor vehicles upon the highway;

      e.    In that he failed to yield the right of way to vehicles already traveling on the highway;

      f.    In that he was operating his motor vehicle at an unreasonable rate of speed having due regard for traffic, weather, width and use of the highway at said time and place; and

-27-

g.     In that he failed to turn his motor vehicle to the left or the right so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so.

I will explain each of these allegations of negligence in more detail in a moment. However, if you find that any one of these allegations was proven by a fair preponderance of the evidence, and that it was a proximate cause of the plaintiff's injuries, you then must find the defendant liable and go on to the issue of damages.

-28-

## NEGLIGENCE PER SE

The allegations of negligence made by the plaintiff against the defendant involve claims that the defendant violated certain statutes which govern the operation of motor vehicles. These claims are known as statutory claims. If you find that the defendant violated these statutes, that constitutes negligence per se, or negligence as a matter of law. In this regard, I instruct you that the legislature has established an absolute standard for conduct of motor vehicle drivers. A violation of such statute is a violation of the duty which one person owes to another.

Violation of any of these statutes, is negligence in and of itself. Even though the literal compliance with all of the requirements of the motor vehicle laws may often be inconvenient, one who violated these laws does so at his own risk. In other words, if you find that the defendant violated any of these motor vehicle statutes and that this violation caused injury to the plaintiff, then you must find the defendant to be negligent as a matter of law.

Wright, §524.

-29-

## **EXCESSIVE SPEED— STATUTORY VIOLATION**

One allegation against the defendant is that he/she drove at excessive speed in violation of section 14-218a of the Connecticut General Statutes. This section of the law states that "No person shall operate a motor vehicle upon any public highway of the state at a rate of speed greater than is reasonable, having due regard to the width, traffic and use of the highway." If you find the defendant drove his/her car at an unreasonable rate of speed, you will find him/her negligent. As I just explained, this is an allegation of negligent violation of the motor vehicle statutes and negligence per se.

Conn. Gen. Stat. §14-218a

-30-

## **SLOW SPEED— STATUTORY VIOLATION**

One allegation against the defendant is that he/she drove at unreasonably slow speed in violation of section 14-220 of the Connecticut General Statutes. This section of the law states that "No person shall operate a motor vehicle upon at a speed lower than forty miles per hour on any limited access divided highway and no person shall operate a motor vehicle on any other highway at such a slow speed as to impede or block the normal and reasonable movement of traffic." If you find the defendant drove his/her car at an unreasonable slow rate of speed, you will find him/her negligent. As I just explained, this is an allegation of negligent violation of the motor vehicle statutes and negligence per se.

Conn. Gen. Stat. §14-220

-31-

## **FOLLOWING TOO CLOSE-- STATUTORY VIOLATION**

One allegation against the defendant is that he/she was following too closely behind Desheng Zhou car under the circumstances in which a reasonably prudent person would not have done so in violation of Section § 14-240 of the Connecticut General Statutes. This section of the law states that "No driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the conditions of the highway and weather conditions." If you find the defendant followed too close to the plaintiff's car, you will find him/her negligent. As I just explained, this is an allegation of negligent violation of the motor vehicle statutes and negligence per se.

Conn. Gen. Stat. §14-240

-32-

## **FAILURE TO APPLY BRAKES AND STOP**

The plaintiff has alleged that the defendant failed to adequately apply his/her brakes and stop to avoid a collision with the plaintiff, Desheng Zhou. An operator of a motor vehicle has a duty to keep his vehicle under proper and reasonable control and, when reasonable care requires, to bring his/her vehicle to a stop to avoid a collision with other vehicles on the highway. The operator of a motor vehicle is not required to have his car constantly under his/her control that it can be stopped instantly, but he/she must have the car under such control that it can be stopped by braking when reasonable prudence demands that it should be able to be stopped.

If you find that the defendant failed to keep his/her vehicle properly under control, then you must find him negligent.

Wright §70

-33-

## FAILURE TO KEEP A PROPER LOOKOUT

The plaintiff alleges that the defendant failed to keep a proper lookout while he/she was driving. It is incumbent upon the operator of a car to keep a proper lookout for traffic in front of him/her and to keep his/her car under reasonable control. He has a duty to be vigilant and to observe the traffic in front of him/her. He/she must see what there is to be seen. The defendant cannot excuse his/her conduct by saying that he/she did not see the plaintiff when, under the circumstances, the plaintiff would have been seen if the defendant had been maintaining a proper and reasonable lookout.

If you find that the defendant failed to keep a proper lookout, then you must find him/her negligent.

Wright §72

-34-

## **FAILURE TO TURN LEFT OR RIGHT TO AVOID A COLLISION**

The plaintiff alleges that the defendant failed to turn hia motor vehicle left of right so as to avoid a collision with Desheng Zhou's car, although by a proper and reasonable exercise of his faculties, he could and should have done so. It is incumbent upon the operator of a car to keep a proper lookout for traffic in front of him and to keep his/her car under reasonable control. The defendant has an obligation to turn his motor vehicle to the left or to the right so as to avoid a collision with other motor vehicles. The operator of a motor vehicle is not required to have his car constantly under his control that it can be turned instantly, but he must have the car under such control that it can be turned to the left or right when reasonable prudence demands that it should be able to be turned.

If you find that the defendant failed to turn his car to the left or the right so as to avoid a collision with the plaintiff, then you must find him negligent.

-35-

## HORN

There is another statute which provides in part as follows: "Every motor vehicle shall, when operated upon a highway, be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than two hundred feet, but no horn or other warning device shall emit an unreasonably loud or harsh sound or a whistle ...: General Statutes §14-80(e).

The law contemplates that the sounding of a warning shall be given at such a distance as to be adequate warning of danger. A warning given when the car is practically upon the victim is not a warning. The object of a warning is to permit the person in danger to get out of the way.

Now the next specification of negligence is that the defendant failed to give the plaintiff's decedent any warning of his approach by sounding his horn or otherwise. The statutes of this state require that every motor vehicle when operated upon a highway be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than two hundred feet. It is the duty of a person operating a motor vehicle upon the highway to sound his horn or give other warning of his approach upon the highway when reasonable care requires that such warning be given. In that respect you will recall the testimony of the various people involved.

-36-

You will consider all the evidence and determine whether the defendant had a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than two hundred feet. If you find that he did not comply with the statutory requirements, you are entitled to find him negligent in that respect. You further should determine whether he sounded his horn, whether he should have sounded it more often than he did, or at some other point than the place where he did. If you determine that, in the exercise of reasonable care, he should have sounded his horn, or that he should have sounded his horn more often or at some other point, then you could find him guilty of negligence. If, on the other hand, you find that he did sound his horn and that it was a reasonable warning of his approach upon the highway, then you would not find him guilty of negligence in that respect.

**Wright & Ankerman, §83**

-37-

## NECESSITY FOR CONTACT

If you find that the negligence of either driver or both drivers was a proximate cause of the plaintiff's injuries and damages, it is not necessary to establishment of liability that there be any contact between the vehicles involved. **Basile v. DeBella**, 130 Conn, 234, 236 (1943); **Figler v. Gordon**, 133 Conn. 577, 580 (1947); **Johnson v. Rockaway Bus Corp.,** 145 Conn. 204 (1958); **Streitweiser v. Middlesex Mutual Assurance Co.,** 219 Conn. 371 (1991); Wright, Fitzgerald and Ankerman, Conn. Law of Torts (34d Ed.) §107.

**Wright & Ankerman, §88**

-38-

## DAMAGES FOR PERSONAL INJURY

The rule is that insofar as money can do it, the plaintiff is to get fair and just compensation of the injuries he has suffered. It is for you, in the exercise of your best judgment, to say what is fair and just compensation to him insofar as money will compensate for the injury which he has suffered. There is no fixed rule which you can apply. You have to apply, sound, common sense in reaching the amount of your verdict.

**Wright, Connecticut Jury Instructions (4th Ed.), Section 226.**

You must compensate the plaintiff for the injuries and damages which he suffered from the day he was injured until today and from today until the end of the plaintiff's life. These damages include the following: (1) Compensation for past and future medical bills; (2) Compensation for loss of enjoyment of life's activities as a result of the plaintiff's injuries; (3) Compensation for past and future pain and suffering; and (4) Compensation for emotional distress caused by the collision.

You must consider all of these facts in attempting to give the plaintiff full, fair and just compensation. I will explain each these factors in more detail in a few moments.

As for the future, you must, as best you can in your judgment, compensate the plaintiff for the damages which are reasonably probable that he will suffer in the future. It is a question you

-39-

must, as best you can, solve upon the basis of results which are reasonably probable to occur in the future.

**Mather v. Griffin Hospital, 207 Conn. 125 (1988)**

I instruct you that the plaintiff need not establish the amount of their damages to an exactness, but rather need only to provide sufficient evidence for a reasonable estimate to be made by you.

**Conway v. Prestia, 191 Conn. 484, 494 (1983)**

**Delott v. Roraback, 179 Conn. 406, 411 (1980)**

The mere fact that the damages may be difficult to assess, in itself, is insufficient reason for refusing to award them, once the right to damages has been established.

**Griffin v. Nationwide Moving & Storage, 187 Conn. 405, 420 (1982)**

**Powers v. United States, 589 F. Supp. 1084 (1984)**

**Delott v. Roraback, 179 Conn. 406, 411 (1980)**

And insofar as you find that it is reasonably probable in the future that he will suffer pain, that he will undergo suffering of any kind, that he will be incapacitated from carrying on his labors, that he will suffer physical or mental impairment, you will attempt to compensate his for those things. If you find that, in order to preserve his mental and physical condition and restore

-40-

himself to health, expenses for doctors and nurses and medicines will be reasonably necessary, in the future, then he is entitled to recover what they will cost in reasonable probability. Using the testimony before you, including the doctor's estimate, as to what such future expenses will be in reasonable probability, you will attempt to arrive at a fair compensation to him for the probability that he may have to incur such expenses in the future.

**Wright, <u>Connecticut Jury Instructions (4th Ed.)</u>, Section 226.**

**PAST AND FUTURE MEDICAL EXPENSES**

Desheng Zhou has alleged that he has incurred and will incur medical expenses and other similar related expenses as a result of his injuries.  All medical expenses proximately caused by the defendants' negligence are proper elements of damages for which each plaintiff is entitled to recover.  Medical expenses include all of those expenses that you find are proven which the plaintiff incurred as a result of his injuries such as the cost of hospital bills, doctor's bills, medication expenses, medical laboratory bills, office visits, physical therapy and any other costs of the plaintiff's care incurred as a result of the injuries caused by the defendant.

**See, Powers v. United States, 589 F. Fupp. At 1104-1105**

**Wright & Ankerman, §234, 237**

**Hansen v. Costello, 12 5 Conn. 386, 389 (1939)**

**Conn. Gen. Stat. §52-204**

Desheng Zhou has alleged that he has incurred medical expenses since he was injured on January 4, 2000, to today in the amount of $9,410.40.  This is the amount you may award for past medical expenses, if you find that the plaintiff is entitled to recover.

As I have already instructed you, all future medical expenses and related expenses proximately caused by the defendants' negligence are proper elements of damages for which the

-42-

plaintiff is entitled to recover.  Future medical expenses include all of these expenses that you

find reasonably necessary for the plaintiff for the remainder of the plaintiff's life.  These include

such things as cost of hospital bills, doctor's bills, medication expenses, medical laboratory bills,

office visits, physical therapy and any other costs of the plaintiff's care incurred as a result of the

injuries caused by the defendant.

In considering how much to award for medical and related costs, you must consider what

you believe to be a reasonable life expectancy for Desheng Zhou.   You can consider that

evidence along with the other evidence in this case, in determining what Desheng Zhou's life

expectancy is.  Once you have determined what Desheng Zhou's life expectancy is, you may

award future medical expenses for the duration of his life.

-43-

## LOSS OF ENJOYMENT OF LIFE'S ACTIVITIES

If you find that Desheng Zhou has suffered injuries which have interfered with or will interfere with his ability to carry on the normal activities of daily life, has diminished his ability to enjoy the everyday activities of life, or have otherwise diminished the quality of his life, then you may properly award him damages for the destruction or interference with his ability to enjoy and carry on life's activities. This award is in addition to other damages and is separate from and in addition to any award you make for pain and suffering.

In this regard, you may consider the evidence presented concerning the effect of Desheng Zhou's injuries on his life and all of those aspects of daily life which make up a person's life. You may award damages for the reduction of his ability to enjoy life's activities, for the future reduction of his ability to enjoy life's activities. If you find that as a result of his injuries, Desheng Zhou, was unable to enjoy certain activities of life, then you may award him damages for the past reduction of his ability to enjoy life's activities. If you find that Desheng Zhou continues to suffer from diminished enjoyment of life's activities as a result of his injuries, you may also award damages for that reduction in his future capacity to enjoy the activities of life.

In addition to compensate for past and future medical expenses , you must compensate Desheng Zhou for the destruction of his ability to engage in and enjoy life's everyday activities,

-44-

both past and future.  I instruct you that such a loss is a proper element of damages.

**Katsetos v. Nolan, 170 Conn. 637, 658 (1976)**

**Jerz v. Humphrey, 160 Conn. 219, 222-23 (1971)**

I further instruct you that not only must you consider Desheng Zhou's activities from the date of his injury until today, but you must also determine the activities which each would otherwise have been able to enjoy in the future, and compensate him for such destruction of capacity to enjoy life for what would be the remainder of his normal life expectancy.

-45-

**PAST AND FUTURE PAIN AND SUFFERING**

A fourth item of damages you may award Desheng Zhou is damages for pain and suffering that he experienced up until today and he will experience for the remainder of his life, as a result of the injuries which he has suffered.  Again, I instruct you that these are proper elements of any injured's party's damages that you are to consider.

**Powers v. United States, 589 F.Supp. 1106-1107**

**Delott v. Roraback, 179 Conn. 409**

In deciding how much to award for this element of damages, you must consider Desheng Zhou's pain and suffering from January 4, 2000, to today, and from today through the remainder of his life.  I instruct you that not only is physical pain compensable, but also is emotional suffering that accompanies and arises out of physical pain and injuries and from the experience of the collision and its aftermath, must be considered.

**Powers v. United States, 589 F. Supp. at 1106-1107**

**Delott v. Roraback, 179 Conn. at 409**

**Thompson v. Lupone, 135 Conn. 236, 239 (1948)**

In assessing such damages, you may consider such factors as your own experience with pain and suffering, the plaintiff's physical limitations, the nature of the pain from which she

-46-

suffers, and the permanency of her condition.  You may consider all of your's life's experiences and any other factors you deem relevant in assessing a value for Desheng Zhou's past and future pain and suffering.

In making an award for pain and suffering, you should also consider whether it is reasonably probable that Desheng Zhou will suffer physical or mental pain as a result of his injuries for the duration of his lifetime, and if you so conclude, then your award should reflect damages for future as well as past and present pain and suffering.  These are two separate and distinct elements of an award of damages.  If you conclude that Desheng Zhou has suffered physical or emotional pain from the time of the collision and from the time of his injuries until the present time, you may award money damages for this past pain and suffering.  If you conclude that Desheng Zhou will suffer such pain in the future, you may award money damages for this future pain and suffering.

Obviously the amount of this compensation is a difficult matter to determine.  How can one measure pain and suffering in terms of dollars and cents?  However, you as the jury will be responsible for determining the compensation to be awarded Desheng Zhou for the pain and suffering which he has endured and will in the future endure.  You will determine its extent, its intensity, its duration and its character.  You will make an allowance which in your good

-47-

judgment you deem fair and reasonable to compensate him for the pain and suffering which he

has endured and for that which he will continue to suffer for part of all of the remainder of his

life.

## LOSS OF EARNING CAPACITY

If an injury caused by the wrongful act of another results in an impairment or loss of earning capacity in the future, that is a proper element of recovery. This, of course, differs from a recovery for wages that have been lost before the time of trial, for to determine the amount to be allowed for impairment or loss of earning capacity you must look to the future and not to the past. Evidence of the amounts which the plaintiff had been earning before the injury is properly to be considered, but these amounts are to be weighed in the light of various circumstances in evidence which may lead you to decide that as a measure of lost earning power they are open to qualification. Thus you may conclude that under the circumstances, he was earning before the injury more than he could reasonable be expected to earn in the future; or you may conclude that he had by reason of circumstances failed to earn the amount which he normally would. (You may properly consider also the evidence which has been offered as to the usual wages or salary for the type of occupation in which he was engaged.) If you conclude that he will at some time in the future regain his full earning capacity, the time when that will probably occur marks the limit beyond which he cannot recover on this ground.

You must also decide for what period of time you consider the plaintiff might fairly be expected to live. Statistics from experience over a great many years show that men of a certain

-49-

age will, on the average, live for a certain period of years. That average is expressed in what has been referred to here as the mortality tables. The tables indicate that in this case the plaintiff's life expectancy is 75 years. That does not mean, however, that this plaintiff would live for that length of time. On the contrary it indicates only the average expectancy. He might live longer than this estimated expectancy or he might not live so long. His expectancy as shown on the mortality tables, however, is one element which you must consider.

In addition you must consider the evidence concerning his health and physical condition, any individual strength or weakness, any physical impairment which may have come to him, and any of the evidence having a bearing upon his probable length of life. As in estimating the probable duration of life of an individual we take into account not only the average experience, but the various vicissitudes which may affect it in the particular case, so in estimating his probable future earning capacity you should take account of human experience and the common incidents of life such as accident, sickness, disability, old age, and the like, which are likely to affect or even that capacity. Consequently, in evaluating the loss of earning capacity you will consider not only the plaintiff's life expectancy but also his expectancy with regard to those other incidents of human experience which affect one's ability to work and earn.

The evidence discloses that at the date of this accident the plaintiff had no regular

-50-

employment but was in sound condition and good health and when last employed had earned $50

per week.  He would be entitled to receive damages for loss or earnings over the period he was

disabled, totally at first and later partially, and for the permanent partial loss of use of the injured

arm.  The measure is not the loss of wages but loss of earning power.  That is, even if he was out

of work, if you find his earning power to be $50 per week, that would be the measure of damages

in this respect.  **Hayes v. Morris & Co.**, 98 Conn. 603, 606 (1923); **Federman v. Stamford**, 118

Conn. 427, 430, 431 (1934); 22 AM. Jur. 2d <u>Damages</u> §185; Note, 18 A.L.R. 3rd 97

**<u>Wright & Ankerman,</u> §232**

**EXPENSES**

The plaintiff has offered evidence that the injury he suffered made it reasonably necessary that certain expenses should be incurred in the attempt to restore him to his ordinary condition of health and to the use of his faculties as he might have used them had he not been injured. Reasonable expenses incurred for that purpose are a proper element of recovery by him.  [If by chance, there was an indication that these expenses have in large part been paid by some one else, but whatever the reason for that, affection, philanthropy, or personal accident insurance, or some agreement, the fact that some one else paid them does not in any way affect the right of the plaintiff to recover such expenses from the defendant.]  If the necessity of incurring these expenses resulted from the wrongful conduct of the defendant, there is no sound reason why the defendant should have the benefit of such payments.

**Roth v. Chatlos, 97 Conn. 282, 287 (1922).**

**Wright, Connecticut Jury Instructions (4th Ed.), Section 227.**

-52-

## PERMANENT IMPAIRMENT

In addition to the injuries suffered by the plaintiff, if you find that it is reasonably probable that he has suffered permanent physical impairment, loss or disfigurement, you must compensate him for such permanent physical impairment.  Permanency can be inferred from the injury itself.  <u>Dibble v. Ferguson, et al.</u>, 15 Conn. App. 97 (1988).

If you find that it is reasonably probable that the plaintiff suffered a permanent injury, you will attempt to compensate the plaintiff for such permanent injury or physical impairment which you find that the plaintiff sustained and will suffer from in the future.  It is not a matter of guesswork or speculation.  You must be satisfied fairly, by a preponderance of the evidence that the results which you are attempting to compensate him for are reasonably probable.  Desheng Zhou is entitled to be compensated for what he would fairly be expected to suffer due to any permanent injuries or conditions which were caused by the defendants' negligence over the period of his life expectancy.

If you find that Desheng Zhou is entitled to recover damages for injuries which you believe are permanent in nature, you must find that such permanent injuries will continue for the remaining years of his life expectancy.

**Wright, <u>Connecticut Jury Instructions</u> (4th Ed.), Section 233, Supplement.**

-53-

**EFFECT OF SUBSEQUENT INJURY OCCURRING**
**AFTER THE DATE OF THE ACCIDENT SUED UPON:**

There was evidence in regard to a second injury suffered after the one alleged in the compliant.  If he suffered another injury after his original injury, and that was something apart from the original injury, any suffering which has come to him by reason of the second injury could not go back over the intervening cause to the original motor vehicle accident.  But if in the ordinary course of his activities he, in doing something which under ordinary circumstances would have caused him not injury at all, but as a result of the prior injury, he suffered a second one, he is entitled to recover for the pain, suffering and incapacity due to the second as well as the first injury.  The question is, are they the result of some independent cause, or was the first injury a substantial factor in producing the second, with the results that followed from it.

**Wright & Ankerman, §235**

-54-

## LIFE EXPECTANCY

It is for you to decide the question of the plaintiff's life expectancy. One accepted method of resolving this question is through the use of what are called "mortality tables." Experience over a great many years and statistics show that a person of a certain age may reasonably be expected to live a certain period of years. This is an average which statisticians arrive at from their study of the life expectancies of people from our population. This average does not mean that a person will, with certainty live until the age indicated by the average. He may die before that age or may live longer. But the average length of life which statisticians show that the plaintiff, Desheng Zhou, should be expected to live may be considered by you as to the plaintiff's physical condition in arriving at life expectancy for the plaintiff.

I instruct you that the mortality tables for a man of the plaintiff's age shows that a man of his age has an average life expectancy of 34.7 years. Therefore, from the date of the incident, when the plaintiff was 36 years old, he would have an average life expectancy of an additional 39.2 years from the date of the collision.

**Life Expectancy Table, Am Jur 2d Desk Book,**
**Source: U.S. National Center for Health Statistics, Vital Statistics of the United States.**

-55-

THE PLAINTIFF
DESHENG ZHOU

By _____

Anthony A. Piazza
Federal Bar No. CT 04374
Law Offices of Anthony A. Piazza
112 Prospect Street, P.O. Box 15390
Stamford, Connecticut 06901-1207
Tel:(203) 348-2465

-56-