**FILED**

2004 APR 28 P 1: 17

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
DESENG ZHOU, ET AL,                 :   CIVIL ACTION
                  Plaintiffs,          :
                                        :
V.                                  :   NO. 3:01CV00761 (AHN)
                                        :
MICHAEL BISHOP, ET AL,              :
                  Defendants.         :   APRIL 26, 2004
---------------------------------------------------------x

## PLAINTIFF'S PROPOSED OPENING STATEMENT

### INTRODUCTION

On Tuesday, January 24, 2000 at approximately 9:37 a.m., the Plaintiff, Mr. Zhou's life was forever changed due to the negligence of the Defendants, Michael Bishop, and Beniamine Lozovskiy. On that date and at that time, the Defendant, Michael Bishop, was driving a 1991 Mack tractor trailer which was pulling a tanker, both of which were owned by his employer, the Defendant, J.P. Noonan Transportation, Inc. At the same time, the Defendant, Beniamine Lozovskiy, was driving a red 1979 Camaro. All three vehicles were heading southbound on I-91 near Wallingford, Connecticut. Unfortunately for Mr. Zhou, he was caught between one driver going too slow, the Defendant Lozovskiy and another driver, the Defendant Bishop who failed to keep a proper lookout and maintain a safe distance between his truck and the Defendant Lozovskiy. To avoid rear-ending

1

the Defendant Lozovskiy, the Defendant Bishop veered his tractor trailer into the center lane and struck with his bumper, the rear passenger side quarter panel of Mr. Zhou's car. This collision, sent Mr. Zhou's car, a tan 1998 Nissan Maxima, spinning into the rear portion of the Defendant Lozovskiy's Camaro. Since that time, the Plaintiff, Mr. Zhou, has suffered chronic neck pain, chronic headaches, and insomnia which have prevented him from completing his studies as a computer programmer. To date Mr. Zhou has been prevented from pursuing his career as a computer programmer and lives in constant pain.

**PARTIES**

On January 4, 2000, Mr. Zhou was 36 years old, married and studying to be a computer programmer. He had already completed several courses at Southern Connecticut State University in New Haven, Connecticut in Computer Science and was continuing his studies at the University of Bridgeport, Connecticut. Along with his wife, he had come to the United States from China in 1995. He came to study computers; both wanted to become United States citizens. Today, they have two small children, a girl named Jackie, age two and a new-born son named Gerald. Mrs. Zhou works for Bayer.

The Defendant Michael Bishop was a 41-year-old truck driver driving a tractor trailer for his employer, the Defendant J.P. Noonan Transportation, Inc. The Defendant, Beniamine Lozovskiy,

2

was a 73-year-old Russian speaking gentleman driving a red 1979 Camaro.

**SCENE**

The collision between the three vehicles occurred between the far right and center lanes of I-91 heading south near Wallingford, Connecticut. The Defendant, Beniamine Lozovskiy, was in the far right lane driving his bright red Camaro approximately 25 miles per hour because of his concern about the rain. Behind him in the center lane, was the Plaintiff, Mr. Zhou in his tan 1998 Nissan Maxima. Further behind Mr. Zhou was the Defendant Bishop in the far right lane driving the 1991 Mack tractor trailer, which had a bumper painted a dark red.

**THE COLLISION**

As Defendant Bishop approached the Defendant Lozovskiy, he realized that the Defendant Lozovskiy was traveling slowly. To avoid rear ending the Defendant Lozovskiy, the Defendant Bishop veered into the center lane, and stuck the Plaintiff, Mr. Zhou's Nissan on the rear quarter panel, passenger's side, which spun Mr. Zhou's car into the rear of the Defendant Lozovskiy's Camaro. The front passenger door of Mr. Zhou's Nissan hit the rear of the Defendant Lozovskiy's Camaro. The Defendant Bishop skidded his tractor trailer across I-91 and came to rest on the far left-hand shoulder, pointing in the opposite direction of which he had been traveling. The Plaintiff,

3

Mr. Zhou's car, after striking the rear of the Defendant Lozovksiy's Camaro, skidded across I-91 and came to rest behind the tractor trailer. The Lozovskiy's Camaro spun around until it hit the guardrail on the right-hand side and came to rest pointing in the opposite direction from which he had been traveling.

## BASIS OF LIABILITY

The Defendant Lozovskiy was driving below the minimum speed limit for Interstate 91. The Defendant Bishop failed to keep a proper lookout for the Defendant Lozovskiy and also failed to maintain a safe distance between his truck and the Defendant Lozovskiy's Camaro. To avoid hitting the Defendant Lozovskiy, he veered into the center lane, hitting the Plaintiff, Mr. Zhou's car. Mr. Zhou did nothing wrong, and was injured as a result of the combined negligence of the two Defendants, Lozovskiy and Bishop. In fact, based upon the testimony of Connecticut State Trooper Messing who responded to the crash site, the Plaintiff will adduce testimony establishing the negligence of the two Defendants. Trooper Messing will testify that upon his arrival at the crash scene, he noticed that the paint on the front bumper of the Defendant Bishop's tractor trailer matched the paint found at the point of impact on the rear passenger's side quarter panel of Mr. Zhou's Nissan. Further, Trooper Messing found remnants of the paint from the Plaintiff, Mr. Zhou's Nissan on the front left portion of the bumper of the Defendant Bishop's tractor trailer. Further, testimony

4

will be provided by Trooper Messing confirming that paint was found at the point of impact on the front passenger door of Mr. Zhou's Nissan, which matched the paint on the 1979 Camaro driven by the Defendant Lozovskiy.

**DAMAGES**

Within three (3) hours after the collision, the Plaintiff, Mr. Zhou, suffered severe headaches. Thereafter he developed chronic pain in his neck, severe chronic headaches and suffered from insomnia and depression. He was prevented from continuing his studies and in turn has forfeited the career he sought as a computer programmer. Since the time of the collision he has treated with an orthopaedic surgeon, a pain management specialist, has undergone acupuncture, and has had trigger-point injections to arrest the pain, all of which have been unsuccessful. The medical records that will be provided to you, will be those of Enzo Sella, M.D., an orthopaedic surgeon associated with Connecticut Orthopaedic Specialists, P.C. In his medical notes, Dr. Sella diagnosed a herniated disc located at C2-3 in the cervical spine. Based upon his examination and treatment of the Plaintiff, Mr. Zhou, Dr. Sella determined that Mr. Zhou had suffered a 14% impairment and loss of function of his cervical spine. Further, that Mr. Zhou had reached a maximum medical improvement for his cervical spine and that as an orthopaedist, there was nothing else that he could do for Mr. Zhou.

Testimony will be provided by the Plaintiff's expert, James S. Cohen, Ph.D., a vocational

rehabilitation specialist. Dr. Cohen will provide testimony regarding what Mr. Zhou could have done in terms of working before the collision and what he is now capable of doing. Dr. Cohen also will provide testimony describing the fact that since Mr. Zhou could not complete his studies to become a computer programmer, he must instead pursue lower-paying service positions. Dr. Cohen will testimony that this loss in income is directly related to the injuries Mr. Zhou sustained in the collision of January 4, 2002.

In conjunction with Dr. Cohen, testimony will be provided by Gary M. Crakes, Ph.D. Dr. Crakes is an economist, who will take the different levels of projected income based upon what Mr. Zhou could have earned as a computer programmer versus the type of work which he is now capable of performing now and project the loss of income over a lifetime.

**CONCERNS**

The Plaintiff, Mr. Zhou, can only speak limited English. Chinese is his primary language. In order to offer testimony to this jury, Mr. Zhou will use a translator. A concern Mr. Zhou has is that the spontaneity and personal description of how his life has been affected by this collision, cannot be directly told by him to the jury.

In addition, another concern of Mr. Zhou's is that although there is objective evidence of his physical injuries, one of his significant and permanent injuries is the chronic headaches he has

suffered since the collision. His headaches cannot be seen on an x-ray but are nonetheless real.

**CONCLUSION**

At the conclusion of the trial, after providing testimony, we will ask you, the members of the jury, to award lawful compensation and damages to the Plaintiff Mr. Zhou for losses and injuries has sustained as a result of this collision. The Plaintiff will ask for compensation for his medical expenses, compensation for his past and future loss of earnings, and compensation for his continuing pain and suffering, mental anguish and inability to enjoy a healthy, normal life.

THE PLAINTIFF

BY _____
Hugh J. Donnelly, Esq.
The Piazza Law Firm
112 Prospect Street, P.O. Box 17390
Stamford, Connecticut 06901-1207
Tel:(203) 348-2465, Juris #43221

7

## **CERTIFICATION**

This is to certify that on this date, a copy of the foregoing was sent via facsimile and via U.S. Mail, postage prepaid to all counsel as follows:

For the defendants, Michael Bishop & JP Noonan Transportation d/b/a JEP, INC.
Theodore Heiser, Esq.
Gibson & Behman
71 Bradley Road, Suite 11
Madison, CT 06443
(203) 245-6176

For the defendant, Benjamin Lozovskiy
John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880
203-227-2855

Hugh J. Donnelly, Esq.

8