U.S. District Court
District of Connecticut
FILED AT BRIDGEPORT
5/7/04
Kevin F. Rowe, Clerk
By: D. Cardle
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DESHENG ZHOU, ET AL., | * | CIVIL ACTION |
| | * | NO. 3:01cv00761 (AHN) |
| Plaintiffs, | * | |
| | * | |
| against | * | |
| | * | |
| MICHAEL BISHOP, ET AL., | * | MAY 4, 2004 |
| | * | |
| Defendants. | * | |
| | * | |

## MOTION TO EXCLUDE LATE-DISCLOSED VIDEOTAPE

COME NOW the defendants, Michael Bishop and J.P. Noonan Transportation, Inc. and move to exclude a videotape purportedly showing the scene of the accident at issue in this case, which was disclosed to defendants' counsel on Monday, May 3, 2004, at 4:30 p.m. Trial is scheduled to begin today, May 4, 2004. In support of this motion, the defendants state as follows:

In plaintiff's counsel's letter to counsel, which was carbon copied to the Court, he indicates that he "first learned of the existence of this tape on the afternoon of April 27, 2004 when [he] was interviewing Mr. and Mrs. Zhou at length for the first time." While that may be true with respect to Mr. Donnelly, the author of the letter, his office has been aware that a tape existed for almost two years. Defendant Beniamin Lozovskiy testified at his deposition that the television news appeared at the scene of the accident and that the tape of the accident scene

1

appeared on the 11:00 p.m. news that evening. Specifically, Mr. Lozovskiy testified as follows:

> Q. Did you ask anyone else to take pictures of your vehicle?
>
> * * *
>
> A. This time a TV operator passed. He stood a camera right over here, and he pictured everything. And an hour ago, it was showing on the New Haven TV.
>
> Q. Channel 8 news?
>
> A. I don't know, I don't know what channel. My son was told that somebody saw that his father was on TV in a traffic accident.
>
> Q. On a New Haven Channel?
>
> A. Yes. In Milford and Middletown they saw it.

(Lozovskiy Dep. p. 54, l. 15-25.) Mr. Lozovskiy's deposition was taken on May 20, 2002. The deposition was noticed by plaintiff's counsel's office and the questioning outlined above was elicited by plaintiff's counsel's predecessor in his firm.

## DISCUSSION

These defendants may be severely prejudiced by the admission of this videotape into evidence. First, the mere fact that this accident appeared on the evening news may make certain jurors inclined to believe that it was more severe than it was in reality. Second, these defendants retained, disclosed and intend to call an accident reconstruction expert, Lieutenant Stephen R. Benanti, to testify in this matter. Mr. Benanti has testified at deposition in this case and based his opinions on the evidence and information available to him at that time. The defendants will not have any time to show the videotape to Mr. Benanti prior to his testimony

on May 10, 2004. Mr. Benanti is on vacation the week of May 3, 2004, and will be out of state until May 9, 2004. The videotape may include information of which the defendants were previously unaware and concerning which the defendants will not have sufficient time to prepare.

WHEREFORE, for those reasons stated herein, the defendants respectfully request that the videotape disclosed by the plaintiff on Monday, May 3, 2004, at 4:30 p.m. be excluded from evidence in this case.

Respectfully submitted,

GIBSON & BEHMAN, P.C.

By: _____
Theodore W. Heiser
Gibson & Behman, P.C.
Counsel for the Defendants
J.P. Noonan and Michael Bishop
71 Bradley Road, Suite 11
Madison, Connecticut 06443
(203) 245-6176
CT 23807

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-delivered on this 4th day of May 2004, to:

John Dietz, Esq.
Halloran & Sage, LLP
315 Post Road
Westport, Connecticut 06880

Hugh Donnelly, Esq.
Piazza & Pickel, LLC
112 Prospect Street
Stamford, Connecticut 06901-1207

_____
Theodore W. Heiser