United States District Court
District of Connecticut
FILED AT BRIDGEPORT

5/7/04

Kevin F. Rowe, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DESHENG ZHOU, ET AL., | * CIVIL ACTION |
| | * NO. 3:01cv00761 (AHN) |
| Plaintiffs, | * |
| against | * |
| MICHAEL BISHOP, ET AL., | * MAY 7, 2004 |
| Defendants. | * |

**MOTION FOR PERMISSION TO OFFER DEPOSITION
TESTIMONY OF DEFENDANT MICHAEL BISHOP AT TRIAL**

COMES NOW the defendant, J.P. Noonan Transportation, Inc., and respectfully moves, pursuant to Federal Rule of Civil Procedure 32, for permission to read in the deposition testimony of defendant Michael Bishop at the trial in the above matter, and in further support thereof states as follows:

The deposition of Michael Bishop was taken on April 1, 2002, at the offices of Halloran & Sage in Westport, Connecticut. The deposition was noticed by the plaintiff, Desheng Zhou's counsel, Piazza & Pickel, LLC (now the Law Offices of Anthony Piazza). The deposition transcript totals 252 pages of transcribed testimony. Of those pages of testimony, 221 pages reflected questioning by the plaintiff Zhou's counsel.

Counsel for this defendant also represents defendant Bishop in this action. Defendant Bishop was an employee of this defendant at the time of the accident at issue in this case.

1

However, Bishop's employment with J.P. Noonan was subsequently terminated. Therefore, although their interests with respect to this accident are related, this defendant has no control over defendant Bishop. Bishop is a resident of West Springfield, Massachusetts, which is approximately 85 miles from the United States District Court for the District of Connecticut in Bridgeport, Connecticut. He also works in West Springfield, Massachusetts. This defendant had intended to call Bishop to testify in this case and advised the parties and the Court as such in the parties' joint trial memorandum.

However, this defendant has been unable to procure the oral testimony of Bishop. Undersigned counsel sent correspondence to Bishop advising him of the trial date and the expectation that he would need to appear. Undersigned counsel also spoke to Bishop by telephone within the last three weeks to advise him of the upcoming trial. Since that time, undersigned counsel has been unable to contact Mr. Bishop directly. In excess of 15 phone messages have been left at Bishop's home phone number requesting he contact counsel and/or appear at the trial. On April 28, 2004, fearing Bishop would not appear for trial, this defendant, through counsel, issued a subpoena demanding Bishop's appearance at the trial. Service of the subpoena was attempted at Bishop's home address, 37 Summit Street, West Springfield, Massachusetts. The process server was unable to procure in-hand service, so served the subpoena by leaving it at Bishop's last and usual place of abode and by mailing the subpoena to Bishop as well. That service took place on April 29, 2004.

On May 5, 2004, counsel for this defendant retained the services of an investigator in an attempt to locate Bishop. The investigator confirmed that Bishop still lived in West Springfield at 37 Summit Street and that he was still employed by a company in West

Springfield. However, the investigator was unable to locate Bishop to procure his appearance at the trial. This defendant, J.P. Noonan Transportation, Inc., has not acted in complicity, assisted or directed Bishop not to appear at the trial to testify.

This defendant requested permission to offer the testimony of Bishop at trial by reading potions of the transcript into evidence. This defendant has no objection to any portion of the transcript being read in , as is required by FRCP 32 (a)(4). The plaintiff has objected to the deposition being read in to evidence or offered in any way.

## DISCUSSION

Federal Rule of Civil Procedure 32 (Use of Depositions in Court Proceedings) provides in pertinent part that:

> (3)   The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> * * *
>
> (D)   that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>
> (E)   upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

F.R.C.P. 32(a)(3).

This defendant has attempted, but has been unable to procure the attendance of Bishop at the trial pursuant to subpoena. Therefore, Rule 32 (a)(3)(D) applies and this defendant should have the opportunity to offer the deposition, or any portion thereof, into evidence.

Moreover, the interests of justice make it desirable to allow this defendant to read the

deposition testimony into evidence at the trial. This defendant, J.P. Noonan Transportation, will be severely prejudiced if the deposition testimony is not presented to the jury. This defendant has appeared at the trial on a daily basis. This defendant has complied with all court deadlines in this matter and has cooperated with opposing counsel on numerous issues. While Bishop was at one time an employee of this defendant, he is no longer an employee and is not under the control of this defendant in any way.

The plaintiff will not be prejudiced in any way by allowing the testimony to be read in . The plaintiff appeared, through counsel, at the deposition of Bishop and, in fact, noticed the deposition and handled most of the inquiry. The plaintiff will have the opportunity to offer any portion of the deposition he believes relevant, absent evidentiary objection to specific portions. In addition, he will have the opportunity to lay the foundation for exhibits through the deposition testimony.

Whether to allow deposition testimony into evidence is within the sound discretion of the trial court. U.S. v. T.D. Bowen, 411 F.2d 923, 927 (4th Cir. 1969) (applying prior Rule 26(d)(3) and allowing deposition testimony despite failure to serve subpoena on witness). The method of presentation of the deposition testimony is also within the discretion of the trial court. Id.

Rule 32(a)(3)(D) expressly states that a party seeking to offer deposition testimony of a witness from whom it was unable to procure an appearance by subpoena may do so. The rule is unambiguous. "For a party to be 'unable' to procure a witness's attendance at trial by subpoena implies that the party used diligence to get him to attend." Griman v. Makousky, 76 F.3d 151, 154 (1996) (prohibiting use of deposition because counsel had made no effort to

4

confirm that witness was still imprisoned at time of trial), citing <u>Rascon v. Hardiman</u>, 803 F.2d 269, 277 (7th Cir. 1986); <u>Angelo v. Armstrong World Industries, Inc.</u>, 11 F.3d 957 (10th Cir. 1993); <u>Jauch v. Corley</u>, 830 F.2d 47, 50 (5th Cir. 1987). This defendant has used more than reasonable diligence to procure Bishop's attendance at trial. This defendant, through counsel, (1) sent correspondence to Bishop advising him of the trial date, (2) spoke directly to Bishop confirming his appearance, (3) left numerous messages with Bishop in the last two to three weeks, (4) had a subpoena served at Bishop's usual place of abode and sent to him by mail, and (5) retained an investigator to locate Bishop in a further attempt to procure Bishop's attendance at trial. Therefore, the deposition testimony should be admitted pursuant to Rule 32(a)(3)(D).

Rule 32(a)(3)(E) has been applied in similar circumstances to this case. <u>Huff v. Marine Testing Tank Corp.</u>, 631 F.2d 1140, 1142-43 (4th Cir. 1980). In <u>Huff</u>, a defendant and her husband were expected to appear at trial and testify. During the trial, because the witnesses were not going to appear, the depositions of both witnesses were offered into evidence. The witnesses had not been subpoenaed to testify based on reasonable assurances from the defendant's counsel that the witnesses would appear. The Fourth Circuit found that the depositions should have been admitted due to "exceptional circumstances in the interest of justice." <u>Id.</u> at 1143. The court noted:

> The absence of the Perrys was a completely unexpected turn of events. There was a report they were ill. Moreover the interests of justice were clearly served. More than any other witness, they knew of their working relationship with Allied, the crucial subject of inquiry on this branch of the case. All parties had been represented by counsel during the taking of their deposition so that each party had had a full opportunity for cross-examination.

5

Id.

The same circumstances are present in this matter. It was expected that Bishop would appear to testify live at the trial. Mr. Bishop is an absolutely crucial witness with first-hand knowledge of the events on the date of the accident. His testimony is necessary for a fair consideration of this case, particularly in light of the fact that both of the other drivers involved in the accident have testified, either live or through deposition. This defendant will be severely prejudiced if it is unable to present testimony concerning its former employees recollection of the events of the accident. Finally, all parties were represented by counsel at the deposition of Mr. Bishop and had an opportunity to cross-examine the witness. In particular, the plaintiff Zhou's counsel noticed and took the primary role in the deposition asking the vast majority of the questions during the course of the deposition. Therefore, pursuant to the reasoning set forth in Huff, the deposition testimony should be admitted in the interests of justice pursuant to Rule 32(a)(3)(E).

WHEREFORE, for those reasons stated herein, this defendant, J.P. Noonan Transportation, Inc., respectfully requests that the deposition testimony of Michael Bishop be admitted into evidence at the trial in this matter.

Respectfully submitted,

GIBSON & BEHMAN, P.C.

By: _____
Theodore W. Heiser
Gibson & Behman, P.C.
Counsel for the Defendants
J.P. Noonan and Michael Bishop
71 Bradley Road, Suite 11
Madison, Connecticut 06443
(203) 245-6176
CT 23807

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-delivered on this 7th day of May 2004, to:

John Dietz, Esq.
Halloran & Sage, LLP
315 Post Road
Westport, Connecticut  06880

Hugh Donnelly, Esq.
The Law Offices of Anthony Piazza, LLC
112 Prospect Street
Stamford, Connecticut  06901-1207

_____
Theodore W. Heiser