UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DESHENG ZHOU                        :
                                    :
                                    :
v.                                  :   CIV. NO. 3:01CV1495(HBF)
                                    :
                                    :
MICHAEL BISHOP,                     :
J.P. NOONAN TRANSPORTATION,         :
AND BENIAMIN LOZOVSKIY.             :
                                    :
                                    :
                                    :
                                    :   MAY 11, 2004


JURY INSTRUCTIONS

CHARGE TO THE JURY                                            3
FUNCTION OF THE COURT AND JURY                                5
EVIDENCE                                                      6
DIRECT AND CIRCUMSTANTIAL EVIDENCE                           10
WEIGHT OF THE TESTIMONY                                      12
OPINION EVIDENCE                                             15
ADMISSIONS BY PARTIES                                        17
DEPOSITIONS                                                  18
IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS                 19
BIAS                                                         22
INTEREST IN OUTCOME                                          23
COURT'S QUESTIONS TO WITNESSES                               24
BURDEN OF PROOF-CIVIL                                        25

NATURE OF THE CASE                                           27
NEGLIGENCE PER SE                                            29
EXCUSED OR JUSTIFIED VIOLATION OF A STATUTE                  30
SUDDEN EMERGENCY                                             31
COMMON LAW NEGLIGENCE                                        33
ALLEGATIONS OF NEGLIGENCE- MICHAEL BISHOP                    36
ALLEGATIONS OF NEGLIGENCE - BENIAMIN LOZOVSKIY               39
CORPORATE DEFENDANT                                          41
CAUSATION IN FACT/PROXIMATE CAUSE                            43
COMPARATIVE NEGLIGENCE                                       46
SPECIAL DEFENSE -ALLEGATIONS OF NEGLIGENCE - DESHENG ZHOU    48
STATUTORY LAW
        EXCESSIVE SPEED                                      50
        SLOW SPEED                                           51
        FOLLOWING TOO CLOSE                                  53
COMMON LAW - MOTOR VEHICLES
        FAILURE TO APPLY BRAKES AND STOP                     54
        FAILURE TO GRANT RIGHT OF WAY                        55

```
        FAILURE TO KEEP A PROPER LOOKOUT                56
        FAILURE TO TURN LEFT OR RIGHT TO AVOID A COLLISION  58
        HORN                                           59
        NECESSITY FOR CONTACT                          61
        RIGHT TO ASSUME OTHERS WILL OBEY THE LAW       62
APPORTIONMENT                                          63
SPECIFIC ALLEGATIONS                                   64
FACTORS TO CONSIDER WHILE DELIBERATING                 65
EVIDENCE ADMITTED BY LAW                               67
REDACTED DOCUMENTS                                     68
TESTIMONY IN TRANSLATION OR BY DEPOSITION              69
DAMAGES: INTRODUCTION                                  70
TYPES OF DAMAGES                                       72
        ECONOMIC DAMAGES                               74
        NON-ECONOMIC DAMAGES                           78
MITIGATION OF DAMAGES                                  81
CAUSATION AND DAMAGES                                  83
NOTE TAKING                                            84
USE OF THE VERDICT FORM                                85
ACCESS TO TESTIMONY                                    86
CONCLUSION                                             87
```

## CHARGE TO THE JURY

MEMBERS OF THE JURY, YOU HAVE LISTENED TO AND SEEN THE

EVIDENCE IN THIS CASE, AND YOU HAVE HEARD THE ARGUMENTS OF

COUNSEL.  YOU ARE NOW TO RECEIVE FROM ME THE RULES OF LAW THAT

LIE AT THE FOUNDATION OF THE VARIOUS MATTERS HERE IN ISSUE:  THE

RULES WHICH, WHEN APPLIED BY YOU, WILL LEAD TO YOUR ULTIMATE

DECISIONS.

IT IS YOUR DUTY AS CITIZENS AND AS JURORS TO DELIBERATE ON

THIS CASE, AND TO ARRIVE AT FAIR AND JUST DECISIONS BASED UPON

THE EVIDENCE AND THE LAW.  SYMPATHY AS WELL AS BIAS HAVE NO PLACE

IN THE CASE AND YOU SHOULD CONSCIENTIOUSLY AND DEFINITELY AVOID

ANY CONSIDERATION OF SYMPATHY OR BIAS AS A BASIS FOR YOUR

DECISIONS.  AND THAT APPLIES EQUALLY TO THE PLAINTIFF AND TO THE

DEFENDANTS.

I WILL FIRST, IF I MAY, DIRECT YOUR ATTENTION TO CERTAIN

GENERAL PRINCIPLES THAT WILL GUIDE YOUR CONSIDERATION OF THE

MATTERS IN THIS CASE BEFORE DISCUSSING THE SPECIFICS OF THIS CASE

AND THE LAW APPLICABLE TO THEM.

## **FUNCTION OF THE COURT AND JURY**

FIRST, LET ME REMIND YOU AGAIN THAT YOU ARE THE SOLE JUDGES OF THE FACTS.  IT IS YOUR DUTY TO FIND THE FACTS.  YOU ARE TO RECOLLECT AND WEIGH THE EVIDENCE AND DRAW YOUR OWN CONCLUSIONS AS TO WHAT THE ULTIMATE FACTS ARE.

IT IS MY FUNCTION AND INDEED MY DUTY TO INSTRUCT YOU ON THE LAW APPLICABLE TO THIS CASE.  YOU MUST APPLY THE LAW, AS I GIVE IT TO YOU, TO THE FACTS YOU FIND PROVED.  YOU ARE TO ACCEPT THE LAW FROM THE COURT, THAT IS FROM ME, CONSIDERING MY CHARGE AS A WHOLE, WITHOUT REGARD TO ANY LEGAL CLAIMS WHICH HAVE BEEN MADE BY COUNSEL AND WITHOUT REGARD, ALSO, TO ANY CONVICTIONS YOU YOURSELVES MAY HAVE AS TO WHAT THE LAW IS OR WHAT YOU THINK THE LAW OUGHT TO BE.  YOU WILL THEN RENDER YOUR VERDICT BY UNANIMOUS VOTES.

## EVIDENCE

AT THE OUTSET, I SHOULD INFORM YOU THAT I AM NOT GOING TO
REVIEW OR "MARSHALL" THE EVIDENCE FOR YOU.  I AM SURE THE EVIDENCE
IS STILL FRESH IN YOUR MINDS, AND COUNSEL HAVE JUST REVIEWED
THEIR FACTUAL CONTENTIONS IN THEIR SUMMATIONS.  IF ANY COMMENTS
THAT I DO MAKE ABOUT THE EVIDENCE DIFFER FROM YOUR OWN
RECOLLECTION, IT IS ALWAYS YOUR RECOLLECTION THAT CONTROLS, NOT
MINE.

YOU MUST ONLY CONSIDER THE EVIDENCE PROPERLY ADMITTED IN THE
CASE.  THE EVIDENCE CONSISTS OF THE SWORN TESTIMONY OF THE
WITNESSES, ALL EXHIBITS, AND STIPULATIONS.

STATEMENTS, ARGUMENTS, AND CHARACTERIZATIONS OF COUNSEL,
HOWEVER, <u>INCLUDING THOSE MADE IN THE FORM OF A QUESTION TO A
WITNESS</u>, ARE NOT EVIDENCE IN THE CASE AND SHOULD NOT BE
CONSIDERED BY YOU IN YOUR DELIBERATIONS ON THE CASE.

THIS CASE IS NOT ABOUT THE LAWYERS - WHAT THEY THINK, WHAT
THEY BELIEVE, WHAT THEY ASKED, OR DIDN'T ASK, OR WHAT KIND OF

LAWYERS THEY ARE. THIS CASE IS ABOUT WHETHER MR. ZHOU HAS PROVED

HIS CASE BY A PREPONDERANCE OF THE EVIDENCE. AGAIN, IT IS YOUR

RECOLLECTION OF THE EVIDENCE THAT GOVERNS.

YOU MUST ENTIRELY DISREGARD ANY EVIDENCE AS TO WHICH AN

OBJECTION HAS BEEN SUSTAINED BY THE COURT.  IT IS THE DUTY OF THE

LAWYERS ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE

OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE LAWYER BELIEVES IS

NOT PROPERLY ADMISSIBLE.  YOU SHOULD NOT SHOW PREJUDICE AGAINST A

LAWYER OR HIS CLIENT BECAUSE THE LAWYER HAS MADE OBJECTIONS.  AND

YOU MUST NOT ALLOW MY DISCUSSIONS WITH THE LAWYERS OR MY RULINGS

ON THOSE TECHNICAL MATTERS TO INFLUENCE YOU IN ANY WAY, FOR OR

AGAINST EITHER SIDE. BUT YOU ARE NOT TO SPECULATE ABOUT THE

CONTENT OF EVIDENCE THAT HAS BEEN EXCLUDED OR GIVE EXCLUDED

EVIDENCE ANY CONSIDERATION

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED

OVER THE OBJECTIONS OF ONE OF THE LAWYERS, THE COURT HAS NOT

INDICATED, NOR HAVE I MEANT TO INDICATE, ANY OPINION AS TO THE

WEIGHT OR EFFECT OF SUCH TESTIMONY OR EVIDENCE.  YOU, THE JURORS,

ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE

WEIGHT AND EFFECT OF ALL EVIDENCE -- EACH AND EVERY ITEM OF IT AS

WELL AS ITS TOTALITY. I HAVE NO OPINION ABOUT THE MERIT OF ANY

TESTIMONY.  IF I DID, I WOULD BE ENCROACHING ON YOUR JOB, AND

THAT I WILL NOT DO. NOR SHOULD YOU GIVE ANY WEIGHT TO ANY OPINION

EXPRESSED BY ANY LAWYER ABOUT THE CREDIBILITY OR LACK OF

CREDIBILITY OF ANY WITNESS OR PIECE OF EVIDENCE.  THESE ARE

DETERMINATIONS FOR YOU AND YOU ALONE TO MAKE.

ANYTHING YOU HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT

EVIDENCE IN THE CASE, AND MUST BE ENTIRELY DISREGARDED.

BUT IN YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE NOT

LIMITED TO THE BALD STATEMENTS OF WITNESSES.  IN OTHER WORDS, YOU

ARE NOT LIMITED TO WHAT YOU SEE AND HEAR AS THE WITNESSES

TESTIFY.  YOU ARE PERMITTED TO DRAW, FROM FACTS THAT YOU FIND

PROVED, SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN

THE LIGHT OF EXPERIENCE.  AN INFERENCE IS A DEDUCTION OR

CONCLUSION THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM

FACTS THAT YOU FIND HAVE BEEN PROVED.

8

PROOF OF A FACT BY INFERENCE NEED NOT BE SO CONCLUSIVE AS TO EXCLUDE EVERY OTHER HYPOTHESIS.  IT IS SUFFICIENT IF THE EVIDENCE PRODUCES IN YOUR MIND A REASONABLE BELIEF IN THE PROBABILITY OF THE EXISTENCE OF THE MATERIAL FACT.

THERE IS NO OBLIGATION ON A DEFENDANT IN ANY CIVIL CASE TO CALL ANY WITNESSES.  A DEFENDANT IS ENTITLED TO RELY ON THE REQUIREMENT THAT A PLAINTIFF WHO BRINGS A CASE PROVE EACH ELEMENT OF THAT CASE BY A PREPONDERANCE OF THE EVIDENCE, AND TO CHALLENGE THE PLAINTIFF'S EVIDENCE THROUGH CROSS-EXAMINATION ALONE. SIMILARLY, A PLAINTIFF IF NOT REQUIRED TO CALL WITNESSES ON ANY CLAIM AS TO WHICH A DEFENDANT BEARS THE BURDEN OF PROOF, FOR EXAMPLE, A SPECIAL DEFENSE.  YOU ARE TO DECIDE THIS CASE ON THE EVIDENCE ADMITTED AND THE REASONABLE INFERENCES YOU CHOOSE TO DRAW FROM THE EVIDENCE.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

AS A GENERAL RULE, THERE ARE TWO TYPES OF EVIDENCE FROM WHICH YOU MAY FIND THE TRUTH AS TO THE FACTS OF THIS OR ANY OTHER CASE:  DIRECT AND CIRCUMSTANTIAL EVIDENCE.  SIMPLY PUT, DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, FOR EXAMPLE, AN EYEWITNESS.  CIRCUMSTANTIAL EVIDENCE, GENERALLY PUT, IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES THAT MAY INDICATE THE EXISTENCE OR NON-EXISTENCE OF A FACT.

SUCH A FACT MAY BE FOUND SO PROVEN IF, BUT ONLY IF, THE JURY FINDS: (1) THAT THE FACT OR FACTS FROM WHICH THE JURY IS ASKED TO DRAW THE INFERENCE HAVE BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE AND, (2) THAT THE INFERENCE ASKED TO BE DRAWN IS NOT ONLY LOGICAL AND REASONABLE, BUT IS STRONG ENOUGH SO THAT YOU CAN FIND THAT IT IS MORE PROBABLE THAN NOT THAT THE FACT YOU ARE ASKED TO INFER IS TRUE.

NOW, TO ILLUSTRATE THE DIFFERENCE BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, LET US ASSUME THAT THE FACT IN ISSUE IN

A CASE IS WHETHER IT WAS RAINING ON A PARTICULAR AFTERNOON.  IF A

WITNESS TESTIFIED THAT HE OR SHE PERSONALLY SAW IT RAINING THAT

DAY, THEN WE WOULD SAY THAT WE HAD DIRECT EVIDENCE OF THAT FACT.

ON THE OTHER HAND, IF A WITNESS TESTIFIES THAT HE OR SHE WAS

IN A WINDOWLESS ROOM ON THAT AFTERNOON, BUT THAT WHEN THE WITNESS

CAME INSIDE, THE SKY WAS OVERCAST, AND THAT WHILE THE WITNESS WAS

IN THE ROOM, ONE PERSON ENTERED WITH A DRIPPING WET UMBRELLA

WHILE ANOTHER WALKED IN WEARING A WET RAINCOAT, WE WOULD SAY THAT

WE HAVE CIRCUMSTANTIAL EVIDENCE OF THE FACT THAT IT WAS RAINING.

THAT IS A VERY SIMPLE ILLUSTRATION.

IMPORTANTLY, AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION

BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES

THAT, BEFORE FINDING AN ALLEGATION PROVEN, OR A FACT ESTABLISHED,

THE JURY BE SATISFIED OF THE PROOF OF THAT ALLEGATION OR FACT BY

THE APPROPRIATE STANDARD -- A MATTER I WILL DISCUSS WITH YOU

SHORTLY.

## WEIGHT OF THE TESTIMONY

IN FULFILLING YOUR DUTY AS FINDERS OF FACT, YOU AS JURORS
ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE
WEIGHT, IF ANY, THEIR TESTIMONY DESERVES.  THIS IS ALSO TRUE AS
TO THE VERACITY AND WEIGHT OF THE OTHER EVIDENCE, INCLUDING
EXHIBITS.  THERE IS NO MAGICAL FORMULA BY WHICH ONE MAY EVALUATE
TESTIMONY.  YOU BRING WITH YOU TO THIS COURTROOM ALL THE
EXPERIENCE AND BACKGROUND OF YOUR DAILY LIVES.  IN YOUR EVERYDAY
AFFAIRS YOU DETERMINE FOR YOURSELVES THE RELIABILITY OR
UNRELIABILITY OF STATEMENTS MADE TO YOU OR DOCUMENTS GIVEN TO YOU
BY OTHERS.  THE SAME TESTS THAT YOU USE IN YOUR EVERYDAY DEALINGS
ARE THE TESTS THAT YOU SHOULD APPLY IN YOUR DELIBERATIONS HERE.
YOU MAY CONSIDER THE DEMEANOR OF THE WITNESS ON THE STAND AND <u>ANY</u>
<u>INTEREST</u> HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE.  YOU MAY
ALSO CONSIDER ANY BIAS OR PREJUDICE FOR OR AGAINST ANY PARTY; THE
WITNESS' OPPORTUNITY TO OBSERVE; ANY REASON FOR THE WITNESS TO
REMEMBER OR FORGET; THE INHERENT PROBABILITY OF HIS OR HER STORY;

12

ITS CONSISTENCY OR LACK OF CONSISTENCY; AND ITS CORROBORATION OR

LACK OF CORROBORATION BY OTHER CREDIBLE EVIDENCE.

YOU MAY DECIDE NOT TO ACCEPT A WITNESS' TESTIMONY EVEN IF IT

STANDS UNCONTRADICTED AND UNIMPEACHED.  ON THE OTHER HAND, YOU

MAY FIND A PARTICULAR FACT ESTABLISHED EVEN THOUGH IT IS

SUPPORTED ONLY BY THE TESTIMONY OF ONE WITNESS.  IN SUM, JURORS,

YOU ALONE DETERMINE WHAT WEIGHT, IF ANY, TO GIVE TO THE EVIDENCE

PRESENTED.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE

CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY

MATTER IN EVIDENCE WHICH TENDS TO INDICATE WHETHER A WITNESS IS

WORTHY OF BELIEF.  CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE,

STATE OF MIND AND DEMEANOR WHILE ON THE STAND.  CONSIDER ALSO ANY

RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE, THE

MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT AND

THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED

OR CONTRADICTED BY OTHER CREDIBLE EVIDENCE IN THE CASE.

YOU MAY ALSO BEAR IN MIND THAT IF YOU SHOULD FIND THAT ANY

13

WITNESS HAS <u>DELIBERATELY</u> TESTIFIED FALSELY ON ANY <u>MATERIAL</u> POINT,

YOU MAY TAKE THAT INTO CONSIDERATION IN DETERMINING WHETHER THAT

WITNESS HAS TESTIFIED FALSELY ON OTHER POINTS.  SIMPLY BECAUSE

YOU FIND THAT A WITNESS HAS NOT TESTIFIED ACCURATELY WITH RESPECT

TO ONE FACT, IT DOES NOT NECESSARILY FOLLOW THAT THE WITNESS IS

WRONG ON EVERY OTHER POINT.  A WITNESS MAY HONESTLY BE MISTAKEN

ON ONE POINT OF TESTIMONY YET ENTIRELY ACCURATE ON OTHERS.  BUT

IF YOU FIND THAT A WITNESS HAS <u>DELIBERATELY</u> LIED ON ANY <u>MATERIAL</u>

POINT, IT IS ONLY NATURAL THAT YOU SHOULD BE SUSPICIOUS OF THE

TESTIMONY OF THAT WITNESS ON ALL POINTS.  UNDER THOSE

CIRCUMSTANCES, YOU ARE ENTITLED, IF YOU DEEM IT APPROPRIATE, TO

DISBELIEVE THE ENTIRE TESTIMONY OF THAT WITNESS.  WHETHER YOU

DISBELIEVE IT OR NOT LIES IN YOUR SOUND JUDGMENT AND SOLE

PREROGATIVE.

## OPINION EVIDENCE

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO OPINIONS OR CONCLUSIONS.  AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE SOMETIMES CALLED "EXPERT WITNESSES." WITNESSES WHO, BY EDUCATION AND EXPERIENCE, HAVE BECOME EXPERT IN SOME ART, SCIENCE, PROFESSION, OR CALLING, MAY STATE THEIR OPINIONS AS TO RELEVANT AND MATERIAL MATTERS IN WHICH THEY PROFESS TO BE EXPERT, AND MAY ALSO STATE THEIR REASONS FOR EACH OPINION.  THIS IS DONE TO PROVIDE THE JURY WITH SPECIALIZED KNOWLEDGE THAT MIGHT BE HELPFUL TO YOU IN MAKING YOUR DECISIONS.

YOU SHOULD CONSIDER EACH OPINION RECEIVED IN EVIDENCE IN THIS CASE, AND GIVE IT SUCH WEIGHT AS YOU THINK IT DESERVES, BASED UPON YOUR EVALUATION OF THE WITNESS' TESTIMONY.  IF YOU DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND OR IF YOU FEEL THAT IT IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD

15

THE OPINION ENTIRELY.

## ADMISSIONS BY PARTIES

_____OUT-OF-COURT STATEMENTS MADE BY PARTIES, WHICH ARE NOT

CONSISTENT WITH THEIR CLAIMS AT TRIAL, MAY BE USED AGAINST THEM

AS AN ADMISSION OF THE FACTS PREVIOUSLY STATED.  IT IS FOR YOU TO

DETERMINE WHAT WEIGHT IS TO BE GIVEN TO ANY ALLEGED ADMISSION IF

YOU FIND THAT ONE HAS BEEN MADE.  IN THAT CONNECTION, YOU SHOULD

CONSIDER THE CIRCUMSTANCES UNDER WHICH ANY SUCH STATEMENTS WERE

GIVEN AS BEARING UPON THE WEIGHT YOU DECIDE TO ACCORD TO THEM.

## **DEPOSITIONS**

DURING THE TRIAL YOU HEARD WITNESSES ASKED ABOUT THEIR "DEPOSITIONS." OCCASIONALLY, LAWYERS INCLUDE DEPOSITION TESTIMONY IN THEIR QUESTIONS. AFTER A LAWSUIT IS FILED, THERE IS A PERIOD OF TIME, CALLED THE "DISCOVERY" PERIOD, WHEN THE PARTIES EXCHANGE INFORMATION AND DOCUMENTS. DURING THIS PERIOD, EACH SIDE MAY ASK QUESTIONS OF POTENTIAL WITNESSES UNDER OATH. THAT QUESTIONING, WHICH DOES NOT HAPPEN IN FRONT OF A JUDGE, IS CALLED A DEPOSITION. A STENOGRAPHER RECORDED THE QUESTIONS AND ANSWERS AND TRANSCRIBED THEM INTO A DOCUMENT WHICH EACH WITNESS LATER HAD AN OPPORTUNITY TO REVIEW AND SIGN BEFORE A NOTARY PUBLIC. THE RULES OF EVIDENCE WHICH APPLY AT TRIALS ARE NOT IN EFFECT AT DEPOSITIONS; WITH LIMITED EXCEPTIONS, LAWYERS CAN ASK ANY QUESTIONS THEY WISH.

## <u>IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT</u>

AS A GENERAL MATTER, THE TESTIMONY OF ANY WITNESS MAY BE

DISCREDITED OR "IMPEACHED" BY SHOWING THAT HE OR SHE HAS

PREVIOUSLY MADE STATEMENTS THAT ARE INCONSISTENT WITH HIS OR HER

PRESENT TESTIMONY.  GENERALLY, THE INCONSISTENT STATEMENTS ARE

ADMITTED INTO EVIDENCE SOLELY FOR THE PURPOSE OF SHEDDING LIGHT

ON THE WITNESS' CREDIBILITY.  THEREFORE, SHOULD YOU FIND THAT A

WITNESS' PRIOR STATEMENTS ARE INCONSISTENT WITH THE IN-COURT

TESTIMONY, YOU MAY CONSIDER SUCH PRIOR STATEMENTS <u>BUT ONLY</u> IN

CONNECTION WITH YOUR EVALUATION OF THE CREDENCE TO BE GIVEN TO

THE WITNESS' PRESENT TESTIMONY IN COURT.  THAT IS, YOU MAY

CONSIDER SUCH PRIOR INCONSISTENT STATEMENTS ONLY FOR THE PURPOSE

OF JUDGING THE WITNESS' PRESENT TESTIMONY IN COURT, AND YOU ARE

NOT TO CONSIDER SUCH PRIOR STATEMENTS FOR THEIR TRUTH OR FALSITY

OR FOR HOW THEY BEAR ON THE MERITS OF THE CASE.  THIS IS THE

GENERAL RULE.

THERE IS AN EXCEPTION TO THIS GENERAL RULE.  IF YOU FIND

THAT  A PRIOR INCONSISTENT STATEMENT OF A WITNESS WAS GIVEN UNDER

OATH, SUBJECT TO THE PENALTY OF PERJURY, SUCH AS IN A DEPOSITION,

THAT PRIOR STATEMENT MAY BE CONSIDERED BY YOU, BOTH FOR ITS OWN

TRUTH OR FALSITY AS WELL AS IN YOUR EVALUATION OF THE WITNESS'

CREDIBILITY.

LET ME GIVE YOU AN EXAMPLE.  SUPPOSE THE FACT AT ISSUE IN A

CASE IS THE COLOR OF A BOAT.  WITNESS X TESTIFIES THAT THE BOAT

IN QUESTION WAS BLUE.  HE IS IMPEACHED WITH AN EARLIER STATEMENT

IN WHICH HE DESCRIBES THE BOAT AS GREEN.  THE JURY CAN USE THE

EARLIER STATEMENT IN EVALUATING WHETHER TO BELIEVE WITNESS X'S

TESTIMONY AT TRIAL THAT THE BOAT WAS BLUE.  BUT THE PREVIOUS

STATEMENT CANNOT BE USED TO PROVE THAT THE BOAT WAS GREEN.  AND

IF THERE IS NOTHING OTHERWISE IN EVIDENCE TO PROVE THAT THE BOAT

WAS GREEN (ANOTHER WITNESS, FOR EXAMPLE), THERE IS NO EVIDENCE ON

WHICH TO BASE A CONCLUSION THAT THE BOAT WAS ACTUALLY GREEN (AS

OPPOSED TO NOT BLUE).  THE EXCEPTION COMES IN IF WITNESS X'S

PREVIOUS STATEMENT THAT THE BOAT WAS GREEN WAS MADE UNDER OATH.

IF SO, THE JURY CAN USE THE PREVIOUS STATEMENT FOR TWO PURPOSES:

(1) TO JUDGE WHETHER WITNESS X'S TRIAL TESTIMONY THAT THE BOAT

WAS BLUE IS ACCURATE, AND (2) TO PROVE THAT THE BOAT WAS GREEN.

## BIAS

IN DECIDING WHETHER TO BELIEVE A WITNESS, YOU SHOULD SPECIFICALLY NOTE ANY EVIDENCE OF HOSTILITY OR AFFECTION WHICH THE WITNESS MAY HAVE TOWARDS ONE OF THE PARTIES.  LIKEWISE, YOU SHOULD CONSIDER EVIDENCE OF ANY OTHER INTEREST OR MOTIVE THAT THE WITNESS MAY HAVE IN COOPERATING WITH A PARTICULAR PARTY.

IT IS YOUR DUTY TO CONSIDER WHETHER THE WITNESS HAS PERMITTED ANY SUCH BIAS OR INTEREST TO COLOR HIS OR HER TESTIMONY.  IN SHORT, IF YOU FIND THAT A WITNESS IS BIASED, YOU SHOULD VIEW HIS OR HER TESTIMONY WITH CAUTION, WEIGH IT WITH CARE AND SUBJECT IT TO CLOSE AND SEARCHING SCRUTINY.

## INTEREST IN OUTCOME

IN EVALUATING THE CREDIBILITY OF THE WITNESSES, YOU SHOULD TAKE INTO ACCOUNT ANY EVIDENCE THAT A WITNESS MAY BENEFIT IN SOME WAY FROM THE OUTCOME OF THE CASE.  SUCH INTEREST IN THE OUTCOME CREATES A MOTIVE TO TESTIFY FALSELY AND MAY SWAY A WITNESS TO TESTIFY IN A WAY THAT ADVANCES HIS OR HER OWN INTERESTS. THEREFORE, IF YOU FIND THAT ANY WITNESS WHOSE TESTIMONY YOU ARE CONSIDERING MAY HAVE AN INTEREST IN THE OUTCOME OF THIS TRIAL, THEN YOU SHOULD BEAR THAT IN MIND WHEN EVALUATING THE CREDIBILITY OF HIS TESTIMONY, AND ACCEPT IT WITH GREAT CARE.

KEEP IN MIND, THOUGH, THAT IT DOES NOT AUTOMATICALLY FOLLOW THAT TESTIMONY GIVEN BY AN INTERESTED WITNESS IS TO BE DISBELIEVED.  THERE ARE MANY PEOPLE WHO, NO MATTER WHAT THEIR INTEREST IN THE OUTCOME OF THE CASE MAY BE, COULD NOT TESTIFY FALSELY.  IT IS FOR YOU TO DECIDE, BASED ON YOUR OWN PERCEPTIONS AND COMMON SENSE, TO WHAT EXTENT, IF AT ALL, THE WITNESS' INTEREST HAS AFFECTED HIS OR HER TESTIMONY.

23

## COURT'S QUESTIONS TO WITNESSES

DURING THE COURSE OF THE TRIAL, I HAVE OCCASIONALLY ASKED QUESTIONS OF A WITNESS TO TRY TO CLARIFY FACTS NOT THEN FULLY COVERED BY THE TESTIMONY. PLEASE DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY HAVE RELATED OR THAT THE AREAS ARE OF ANY PARTICULAR IMPORTANCE TO THE DECISIONS YOU HAVE TO MAKE. REMEMBER THAT YOU, AS JURORS, DECIDE WHAT SIGNIFICANCE EACH ITEM OF EVIDENCE HAS. QUESTIONS OR COMMENTS I MAKE ARE NOT EVIDENCE, JUST AS WHAT THE LAWYERS SAY IS NOT EVIDENCE.

## BURDEN OF PROOF -- CIVIL

IN A CIVIL ACTION A PLAINTIFF BEARS THE BURDEN OF PROVING EACH ESSENTIAL ELEMENT OF HIS CLAIM BY A "PREPONDERANCE OF THE EVIDENCE."

I EMPHASIZE THAT THE BURDEN OF PROOF IN CIVIL CASES SUCH AS THIS ONE DIFFERS FROM THE BURDEN OF PROOF IN CRIMINAL CASES.  IN A CRIMINAL CASE, THE BURDEN OF PROOF IS PROOF "BEYOND A REASONABLE DOUBT", WHICH DOES NOT APPLY HERE. IN THIS CIVIL CASE, THE BURDEN OF PROOF IS PROOF "BY A PREPONDERANCE OF THE EVIDENCE."  TO PROVE BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO.  IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE, AS WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR MINDS BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE.  THIS IS NOT NECESSARILY DETERMINED BY THE GREATER NUMBER OF WITNESSES SUPPORTING A PARTY, BUT IT MEANS THAT THE CREDIBLE EVIDENCE ON

BEHALF OF THE PARTY ON WHOM THE BURDEN RESTS MUST HAVE GREATER

WEIGHT IN YOUR JUDGMENT, THAT IS, GREATER PROBATIVE VALUE.

IT MIGHT BE HELPFUL TO VISUALIZE A PAIR OF SCALES IN EQUAL

BALANCE.  IMAGINE THAT YOU CAN PUT CREDIBLE EVIDENCE SUPPORTING

PLAINTIFF ON ONE SIDE OF THE SCALE AND CREDIBLE EVIDENCE OPPOSING

HIM ON THE OTHER.  IF THE SCALES TIP EVER SO SLIGHTLY IN FAVOR OF

THE PLAINTIFF, THE PLAINTIFF'S EVIDENCE PREPONDERATES, AND HE HAS

SUSTAINED HIS BURDEN OF PROOF.  IF THE SCALES TIP THE OTHER WAY,

EVER SO SLIGHTLY IN FAVOR OF THE DEFENDANTS, THEN OBVIOUSLY THE

PLAINTIFF HAS NOT SUSTAINED HIS BURDEN OF PROOF.  SHOULD YOU FEEL

THAT THE SCALES ARE EVENLY BALANCED, THAT THE CREDIBLE EVIDENCE

DOES NOT FAVOR EITHER SIDE, THEN THE PLAINTIFF HAS FAILED TO MEET

THE BURDEN OF PROVING HIS CASE BY A PREPONDERANCE OF THE

EVIDENCE.

## NATURE OF THE CASE

BECAUSE THIS ACCIDENT OCCURRED IN CONNECTICUT, CONNECTICUT LAW APPLIES TO THE CASE.  IT COMES TO FEDERAL COURT THROUGH DIVERSITY JURISDICTION.  HISTORICALLY, WHEN OUR CONSTITUTION WAS WRITTEN, IT WAS FEARED THAT THE CITIZENS OF ONE STATE WOULD NOT BE GIVEN A FAIR TRIAL IN A STATE COURT OF ANOTHER STATE.  FEDERAL COURT WAS ESTABLISHED AS A FORUM WHERE CITIZENS OF DIFFERENT STATES COULD ALL GET FAIR HEARING.

MR. ZHOU ALLEGES THAT HE WAS INJURED ON JANUARY 4, 2000, AS A RESULT OF THE NEGLIGENCE OF MR. LOZOVSKIY AND MR. BISHOP WHILE THEY WERE OPERATING THEIR MOTOR VEHICLES ON I-91. THE DEFENDANTS HAVE DENIED THAT THEY ACTED NEGLIGENTLY WHILE DRIVING THEIR MOTOR VEHICLES.

TO HOLD ONE OR BOTH DEFENDANTS LEGALLY LIABLE FOR PLAINTIFF'S INJURIES, MR. ZHOU MUST PROVE TWO ELEMENTS, EACH BY A PREPONDERANCE OF THE EVIDENCE. FIRST, PLAINTIFF MUST PROVE THAT EITHER MR. LOZOVSKIY OR MR. BISHOP WAS NEGLIGENT, OR THAT BOTH

27

MR. LOZOVSKIY AND MR. BISHOP WERE NEGLIGENT; AND SECOND, THAT THE

NEGLIGENCE YOU DETERMINE OCCURRED WAS A PROXIMATE CAUSE OF MR.

ZHOU'S INJURIES. YOU MUST ALSO FIND THAT THE NEGLIGENCE OF THE

PLAINTIFF HIMSELF WAS NOT GREATER THAN THE NEGLIGENCE OF THE

DEFENDANTS, BUT THE BURDEN OF PROVING THIS RESTS WITH THE

DEFENDANTS.  I WILL NOW GIVE YOU DETAILED INSTRUCTIONS ON THE LAW

THAT YOU SHOULD APPLY TO THE FACTS IN DECIDING THESE QUESTIONS.

## **NEGLIGENCE PER SE**

UNDER CONNECTICUT LAW, THERE ARE TWO FORMS OF NEGLIGENCE, NEGLIGENCE PER SE (WHICH IS ALSO CALLED STATUTORY NEGLIGENCE OR NEGLIGENCE AS A MATTER OF LAW), AND COMMON LAW NEGLIGENCE.

NEGLIGENCE PER SE EXISTS IF THERE IS AN UN-EXCUSED VIOLATION OF A STATUTE. HOWEVER, AN EXCUSE MAY EXIST WHEN A DEFENDANT IS CONFRONTED WITH AN EMERGENCY. ACCORDINGLY, THERE IS AN EXCEPTION TO THE NEGLIGENCE PER SE RULE IF THE VIOLATION OF THE STATUTE IS WITHOUT FAULT, FOR EXAMPLE BECAUSE OF AN EMERGENCY.

IN THIS CASE, PLAINTIFF ALLEGES THAT BOTH DEFENDANTS LOZOVSKIY AND BISHOP VIOLATED STATUTES GOVERNING THE OPERATION OF MOTOR VEHICLES, WHICH I WILL DESCRIBE FOR YOU IN A MOMENT. DEFENDANTS ALSO ALLEGE THAT MR. ZHOU VIOLATED CERTAIN STATUTES. IF YOU FIND ONE OR BOTH OF THE DEFENDANTS OR THE PLAINTIFF VIOLATED THE RULES I JUST STATED, WITHOUT AN EXCUSE, YOU MUST FIND THAT THAT PARTY WAS NEGLIGENT PER SE.

29

**EXCUSED OR JUSTIFIED VIOLATION OF A STATUTE**

A DRIVER WHO HAS VIOLATED A STATUTORY DUTY IS NEGLIGENT AS A MATTER OF LAW, UNLESS THERE IS A VALID EXCUSE OR JUSTIFICATION FOR THE VIOLATION. IF YOU FIND THAT A VALID EXCUSE OR JUSTIFICATION EXISTS THEN THE DRIVERS'S CONDUCT IS NOT NEGLIGENT AS A MATTER OF LAW. ALL PERSONS ARE REQUIRED TO MAKE REASONABLE EFFORTS TO COMPLY WITH THE LAWS GOVERNING THEIR CONDUCT. THE PARTY CLAIMING EXCUSE HAS THE BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT A VALID EXCUSE OR JUSTIFICATION EXISTS. A VALID EXCUSE OR JUSTIFICATION EXISTS IF YOU FIND, FROM THE EVIDENCE PRESENTED:

• THAT THE DRIVER YOU ARE CONSIDERING WAS CONFRONTED BY AN EMERGENCY NOT TO DUE HIS OWN MISCONDUCT; OR

• THAT COMPLIANCE WITH THE STATUTE WOULD INVOLVE A GREATER RISK OF HARM TO THE DRIVER OR OTHERS.

30