## SUDDEN EMERGENCY

AS PREVIOUSLY STATED, NEGLIGENCE IS THE FAILURE TO EXERCISE REASONABLE CARE UNDER ALL OF THE CIRCUMSTANCES PRESENTED. ONE OF THE CIRCUMSTANCES FOR YOU TO CONSIDER IN THIS CASE IS WHETHER A SUDDEN EMERGENCY SITUATION EXISTED. THE EXISTENCE OF A SUDDEN EMERGENCY IS A FACTOR TO BE CONSIDERED IN THE EVALUATION OF WHETHER THE DRIVER YOU ARE CONSIDERING ACTED AS A REASONABLE PERSON UNDER THE CIRCUMSTANCES. AN INDIVIDUAL, CHOOSING A COURSE OF ACTION IN AN EMERGENCY, IS REQUIRED TO EXERCISE THE CARE OF AN ORDINARILY PRUDENT PERSON ACTING IN SUCH AN EMERGENCY.

YOU ARE TO CONSIDER THE EVIDENCE IN THIS CASE TO DETERMINE WHETHER AN EMERGENCY SITUATION EXISTED. IF YOU FIND THAT AN EMERGENCY EXISTED WHICH WAS NOT CAUSED BY THE CONDUCT OF THE DRIVER AND THAT, AS A RESULT OF THE EMERGENCY, THE DRIVER CHOSE A COURSE OF ACTION WHICH A REASONABLE PERSON WOULD HAVE DONE UNDER THE CIRCUMSTANCES, THEN THE DRIVER'S CONDUCT WOULD NOT BE NEGLIGENT. HOWEVER, IF YOU FIND THAT PLAINTIFF'S INJURIES

RESULTED FROM THE CONDUCT OF A DEFENDANT AND THAT EITHER AN

EMERGENCY DID NOT EXIST, OR THE EMERGENCY SITUATION WAS CAUSED BY

A DEFENDANT'S OWN CONDUCT, OR THAT A DEFENDANT, IN THE FACE OF AN

EMERGENCY FAILED TO ACT AS A REASONABLE PERSON WOULD HAVE DONE

UNDER THE CIRCUMSTANCES, THEN THAT DEFENDANT WOULD BE NEGLIGENT.

## COMMON LAW NEGLIGENCE

COMMON LAW NEGLIGENCE IS THE DOING OF SOMETHING WHICH A REASONABLY PRUDENT PERSON WOULD NOT DO UNDER THE CIRCUMSTANCES, OR THE OMITTING TO DO WHAT A REASONABLY PRUDENT PERSON WOULD DO UNDER THE CIRCUMSTANCES.  IT IS THE BREACH OF A LEGAL DUTY OWED BY ONE PERSON TO ANOTHER; THAT LEGAL DUTY IS THE EXERCISE OF REASONABLE CARE.  "REASONABLE CARE" IN A GIVEN SITUATION IS NOT THE CARE WHICH YOU PERSONALLY WOULD THINK A DEFENDANT OUGHT TO HAVE USED, OR THE CARE A DEFENDANT FELT HE SHOULD HAVE USED. RATHER, YOU MUST PLACE AN ORDINARILY PRUDENT PERSON IN THE SITUATION OF THE DEFENDANTS, AND DETERMINE WHAT SUCH A PERSON WOULD HAVE DONE.

NEGLIGENCE REQUIRES BOTH A REASONABLY FORESEEABLE DANGER OF INJURY TO ANOTHER AND CONDUCT THAT IS UNREASONABLE IN PROPORTION TO THAT DANGER.  A PERSON IS ONLY RESPONSIBLE FOR THE RESULTS OF HIS CONDUCT IF THE RISK OF INJURY IS REASONABLY FORESEEABLE.  THE EXACT OCCURRENCE OR EXACT INJURY DOES NOT HAVE TO BE FORESEEABLE;

BUT INJURY AS A RESULT OF NEGLIGENT CONDUCT MUST BE NOT MERELY POSSIBLE, BUT PROBABLE.

THERE IS NEGLIGENCE IF A REASONABLY PRUDENT PERSON COULD FORESEE INJURY AS A RESULT OF HIS CONDUCT, AND ACTED UNREASONABLY IN LIGHT OF WHAT COULD BE FORESEEN.  ON THE OTHER HAND, THERE IS NO NEGLIGENCE IF A REASONABLY PRUDENT PERSON COULD NOT HAVE FORESEEN ANY INJURY AS A RESULT OF HIS CONDUCT, OR ACTED REASONABLY IN LIGHT OF WHAT COULD HAVE BEEN FORESEEN.

JUST BECAUSE AN ACCIDENT HAS OCCURRED, DOES NOT MEAN, WITHOUT MORE, THAT SOMEONE WAS NEGLIGENT.

IN DETERMINING THE STANDARD OF CARE REQUIRED, YOU SHOULD CONSIDER ALL OF THE SURROUNDING CIRCUMSTANCES, AND SUCH ACTIONS YOU MAY FIND A REASONABLY PRUDENT DRIVER SHOULD HAVE TAKEN UNDER THOSE CIRCUMSTANCES.  IN CIRCUMSTANCES OF SLIGHT DANGER A SLIGHT AMOUNT OF CARE MIGHT BE SUFFICIENT TO CONSTITUTE REASONABLE CARE, WHILE IN CIRCUMSTANCES OF GREAT DANGER A CORRESPONDINGLY GREAT AMOUNT OF CARE WOULD BE REQUIRED TO CONSTITUTE REASONABLE CARE.

AS I STATED AT THE OPENING OF THIS CASE, YOU SHOULD TAKE

34

SPECIAL CARE TO CONSIDER THE NEGLIGENCE, IF ANY, OF EACH

DEFENDANT SEPARATELY, AS IF YOU WERE TRYING TWO SEPARATE ACTIONS.

THE SAME EVIDENCE MIGHT BE RELEVANT TO YOUR CONSIDERATION OF EACH

DEFENDANT, BUT YOU MUST GIVE EACH DEFENDANT, MR. LOZOVSKIY AND

MR. BISHOP, SEPARATE AND INDEPENDENT CONSIDERATION.

## ALLEGATIONS OF NEGLIGENCE - MICHAEL BISHOP

THE PLAINTIFF, DESHENG ZHOU, ALLEGES THAT THE DEFENDANT, MICHAEL BISHOP WAS NEGLIGENT IN ONE OR MORE OF THE FOLLOWING WAYS:

a.   IN THAT HE WAS FOLLOWING THE PLAINTIFF MORE CLOSELY THAN WAS REASONABLE AND PRUDENT, HAVING DUE REGARD FOR THE WIDTH, TRAFFIC, USE AND WEATHER CONDITIONS OF THE HIGHWAY, IN VIOLATION OF SECTION § 14-240 OF THE CONNECTICUT GENERAL STATUTES;

b.   IN THAT HE WAS OPERATING HIS MOTOR VEHICLE AT AN UNREASONABLE RATE OF SPEED HAVING DUE REGARD FOR TRAFFIC, WEATHER, WIDTH AND USE OF THE HIGHWAY AT SAID TIME AND PLACE, IN VIOLATION OF CONNECTICUT GENERAL STATUTES SECTION § 14-218a;

c.   IN THAT HE FAILED TO KEEP HIS VEHICLE UNDER PROPER AND REASONABLE CONTROL;

d.   IN THAT HE FAILED TO KEEP A PROPER AND REASONABLE

36

LOOKOUT FOR OTHER MOTOR VEHICLES UPON THE HIGHWAY;

e.   IN THAT HE FAILED TO APPLY HIS BRAKES IN TIME TO

AVOID A COLLISION ALTHOUGH BY A PROPER AND

REASONABLE EXERCISE OF HIS FACULTIES, HE COULD AND

SHOULD HAVE DONE SO;

f.   IN THAT HE FAILED TO TURN HIS MOTOR VEHICLE TO THE

LEFT OR THE RIGHT SO AS TO AVOID A COLLISION,

ALTHOUGH BY A PROPER AND REASONABLE EXERCISE OF

HIS FACULTIES, HE COULD AND SHOULD HAVE DONE SO;

g.   IN THAT HE FAILED TO SOUND HIS HORN OR FAILED TO

GIVE THE PLAINTIFF ANY WARNING OF HIS APPROACH;

AND

h.   IN THAT HE FAILED TO KEEP A SAFE DISTANCE TO THE

REAR OF THE PLAINTIFF'S VEHICLE WHICH WAS

TRAVELING IN THE SAME DIRECTION ON INTERSTATE 91.

I WILL EXPLAIN EACH OF THESE ALLEGATIONS OF NEGLIGENCE IN

MORE DETAIL IN A MOMENT.  HOWEVER, IF YOU FIND ONE OR MORE OF

THESE ALLEGATIONS WAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE,

AND THAT IT PROXIMATELY CAUSED THE PLAINTIFF'S INJURIES, YOU THEN

MUST FIND THE DEFENDANT MICHAEL BISHOP NEGLIGENT AND GO ON TO THE

ISSUE OF WHETHER MR. ZHOU WAS ALSO NEGLIGENT.

**ALLEGATIONS OF NEGLIGENCE - BENJAMIN LOZOVSKIY**

PLAINTIFF DESHENG ZHOU ALLEGES THAT THE DEFENDANT, BENIAMIN LOZOVSKIY, WAS NEGLIGENT IN ONE OR MORE OF THE FOLLOWING WAYS:

A.   IN THAT HE FAILED TO OPERATE HIS MOTOR VEHICLE AT THE LEGAL SPEED LIMIT  FOR THE HIGHWAY OF 40 MPH, IN VIOLATION OF SECTION § 14-220(a) OF THE CONNECTICUT GENERAL STATUTES;

B.   IN THAT HE WAS OPERATING HIS MOTOR VEHICLE AT AN UNREASONABLE RATE OF SPEED HAVING DUE REGARD FOR TRAFFIC, WEATHER, WIDTH AND USE OF THE HIGHWAY AT SAID TIME AND PLACE;

C.   IN THAT HE FAILED TO KEEP HIS VEHICLE UNDER PROPER AND REASONABLE CONTROL;

D.   IN THAT HE FAILED TO KEEP A PROPER AND REASONABLE LOOKOUT FOR OTHER MOTOR VEHICLES UPON THE HIGHWAY;

E.   IN THAT HE FAILED TO YIELD THE RIGHT OF WAY TO VEHICLES ALREADY TRAVELING ON THE HIGHWAY.

39

F.   IN THAT HE FAILED TO TURN HIS MOTOR VEHICLE TO THE

LEFT OR THE RIGHT SO AS TO AVOID A COLLISION,

ALTHOUGH BY A PROPER AND REASONABLE EXERCISE OF

HIS FACULTIES, HE COULD AND SHOULD HAVE DONE SO.


I WILL EXPLAIN EACH OF THESE ALLEGATIONS OF NEGLIGENCE IN

MORE DETAIL IN A MOMENT.  HOWEVER, IF YOU FIND THAT ONE OR MORE

OF THESE ALLEGATIONS WAS PROVEN BY A PREPONDERANCE OF THE

EVIDENCE, AND THAT IT PROXIMATELY CAUSED THE PLAINTIFF'S

INJURIES, YOU THEN MUST FIND THE DEFENDANT BENIAMIN LOZOVSKIY

NEGLIGENT AND GO ON TO WHETHER MR. ZHOU WAS ALSO NEGLIGENT.

## CORPORATE DEFENDANT

IN THIS CASE, ONE OF THE DEFENDANTS, J.P. NOONAN TRANSPORTATION, IS A CORPORATION. THE MERE FACT THAT DEFENDANT IS A CORPORATION DOES NOT MEAN IT IS ENTITLED TO ANY GREATER OR LESSER CONSIDERATION BY YOU. ALL PARTIES ARE EQUAL BEFORE THE LAW, AND CORPORATIONS, BIG OR SMALL, ARE ENTITLED TO THE SAME FAIR CONSIDERATION AS YOU WOULD GIVE ANY INDIVIDUAL PARTY.

WHEN A CORPORATION IS INVOLVED, IT ACTS ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES. THE ACTS AND DECLARATIONS OF AN AGENT OR EMPLOYEE OF A CORPORATION MADE WHILE ACTING AS THE CORPORATION HAS AUTHORIZED, THAT IS, WITHIN THE SCOPE OF THE AUTHORITY DELEGATED BY THE CORPORATION, ARE DEEMED BY THE LAW TO BE THE ACTS OR DECLARATIONS OF THE CORPORATION.

IN THIS CASE, THERE IS NO DISPUTE THAT ANY ACTIONS TAKEN BY MR. BISHOP WERE TAKEN IN THE SCOPE OF HIS EMPLOYMENT BY J.P. NOONAN TRANSPORTATION AND THAT THE COMPANY WILL ALSO BE LIABLE IF MR. BISHOP IS LIABLE.

I INSTRUCT YOU THAT J.P. NOONAN TRANSPORTATION CAN ONLY BE
LIABLE TO THE PLAINTIFF, MR. ZHOU, IF MICHAEL BISHOP IS LIABLE TO
MR. ZHOU.

_____

## CAUSATION IN FACT AND PROXIMATE CAUSE

_____IN ORDER TO RECOVER MONEY DAMAGES, MR. ZHOU MUST PROVE NOT ONLY THAT EITHER MR. LOZOVSKIY OR MR. BISHOP WAS NEGLIGENT, OR THAT BOTH WERE NEGLIGENT, BUT ALSO THAT THE NEGLIGENCE OF ONE OR BOTH OF THEM WAS THE LEGAL CAUSE OF THE INJURY FOR WHICH THE PLAINTIFF IS SEEKING COMPENSATION. THE FIRST COMPONENT OF LEGAL CAUSE IS CAUSATION IN FACT.  A CAUSE IN FACT IS SOMETHING THAT CONTRIBUTES TO PRODUCING A RESULT.  IF THE PLAINTIFF'S INJURIES WOULD HAVE OCCURRED REGARDLESS OF A DEFENDANTS' NEGLIGENT CONDUCT, THEN THE CONDUCT OF THE DEFENDANT YOU ARE CONSIDERING IS NOT A CAUSE IN FACT OF THE PLAINTIFF'S INJURY AND THE PLAINTIFF CANNOT RECOVER FOR THAT INJURY.

THE SECOND COMPONENT OF LEGAL CAUSATION IS CALLED "PROXIMATE CAUSE."  AN ACT OR OMISSION IS REGARDED AS A "PROXIMATE" CAUSE OF AN INJURY IF IT WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THE INJURY, THAT IS, IF IT HAD SUCH AN EFFECT IN PRODUCING THE INJURY THAT REASONABLE PEOPLE WOULD REGARD IT AS A CAUSE OF THE INJURY.

43

IF YOU FIND THAT EITHER DEFENDANT OR BOTH DEFENDANTS BREACHED A DUTY OF CARE TO MR. ZHOU, YOU MUST NEXT CONSIDER WHETHER THAT NEGLIGENCE WAS A SUBSTANTIAL FACTOR IN CAUSING PLAINTIFF'S CLAIMED INJURY OR INJURIES.  UNLESS YOU FIND THAT THE NEGLIGENCE OF ONE OR BOTH DEFENDANTS WAS A SUBSTANTIAL FACTOR IN CAUSING THE INJURY, THEN PLAINTIFF MAY NOT RECOVER ON THIS CLAIM.

A PROXIMATE CAUSE NEED NOT ALWAYS BE THE NEAREST CAUSE EITHER IN TIME OR IN SPACE.  IN ADDITION, THERE MAY BE MORE THAN ONE PROXIMATE CAUSE OF AN INJURY OR DAMAGE; THAT IS, MANY FACTORS OR THE CONDUCT OF TWO OR MORE PEOPLE MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE AN INJURY.

A DEFENDANT IS NOT LIABLE IF THE PLAINTIFF'S INJURY WAS CAUSED BY A NEW OR INDEPENDENT SOURCE OF AN INJURY WHICH INTERVENES BETWEEN THE DEFENDANT'S ACT OR OMISSION AND THE PLAINTIFF'S INJURY AND WHICH PRODUCES A RESULT WHICH WAS NOT REASONABLY FORESEEABLE BY THE DEFENDANT.

IF YOU FIND THAT EITHER MR. LOZOVSKIY OR MR. BISHOP WAS NEGLIGENT, OR THAT BOTH WERE NEGLIGENT, BUT THIS NEGLIGENCE WAS

44

NOT A PROXIMATE CAUSE OF MR. ZHOU'S INJURIES, THEN YOUR VERDICT

MUST BE FOR THE DEFENDANTS.

## COMPARATIVE NEGLIGENCE

IN ADDITION TO DENYING THAT THEY EACH WERE NEGLIGENT, THE DEFENDANTS HAVE FILED A SPECIAL DEFENSE OF COMPARATIVE NEGLIGENCE AGAINST THE PLAINTIFF.  THIS MEANS THAT IF YOU FIND THAT EITHER OF THE DEFENDANTS WAS NEGLIGENT OR THAT BOTH WERE NEGLIGENT AND THIS NEGLIGENCE WAS A PROXIMATE CAUSE OF PLAINTIFF'S INJURIES, YOU MUST NEXT DETERMINE WHETHER MR. ZHOU HIMSELF WAS WHOLLY OR PARTIALLY NEGLIGENT AND, IF SO, WHETHER HIS NEGLIGENCE WAS A PROXIMATE CAUSE OF HIS OWN INJURIES.

UNDER THE DOCTRINE OF COMPARATIVE NEGLIGENCE, IF YOU FIND THAT MR. ZHOU'S NEGLIGENCE PROXIMATELY CAUSED HIS OWN INJURIES AND THAT HIS NEGLIGENCE WAS GREATER THAN THE NEGLIGENCE OF THE DEFENDANT OR BOTH DEFENDANTS COMBINED, THAT IS IF HALF OR MORE OF THE NEGLIGENCE IS ATTRIBUTABLE TO THE PLAINTIFF, YOU MUST CONCLUDE THAT PLAINTIFF IS BARRED FROM RECOVERY OF DAMAGES AND RENDER A VERDICT FOR DEFENDANTS.  IF YOU FIND THAT THE PLAINTIFF'S NEGLIGENCE WAS NOT GREATER THAN THE TOTAL NEGLIGENCE

46

OF THE DEFENDANTS, THE LAW IS THAT THE PLAINTIFF CAN RECOVER

DAMAGES FROM THE DEFENDANTS ONLY TO THE EXTENT OF THE DEFENDANTS'

FAULT AND MAY NOT RECOVER DAMAGES TO THE EXTENT THAT HE HIMSELF

WAS AT FAULT.  IF YOU FIND THE PLAINTIFF'S NEGLIGENCE WAS NOT

GREATER THAN THE TOTAL NEGLIGENCE OF THE DEFENDANTS, THEN YOU

MUST APPORTION THE FAULT AMONG MR. ZHOU AND THE DEFENDANTS. IN

YOUR VERDICT, YOU WILL STATE THE PERCENTAGES OF FAULT CHARGEABLE

TO EACH.

## ALLEGATIONS OF NEGLIGENCE- DESHENG ZHOU - SPECIAL DEFENSE

DEFENDANT MICHAEL BISHOP ALLEGES THAT THE PLAINTIFF, DESHENG ZHOU, WAS NEGLIGENT IN ONE OR MORE OF THE FOLLOWING WAYS, AND THAT PLAINTIFF'S NEGLIGENCE WAS A PROXIMATE CAUSE OF HIS OWN INJURIES:

A.   IN THAT, HE FAILED TO GRANT THE RIGHT OF WAY TO THE DEFENDANT, WHICH SAID DEFENDANT HAD THEN AND THERE ASSUMED;

B.   IN THAT; HE OPERATED HIS VEHICLE AT TOO HIGH AND DANGEROUS A RATE OF SPEED IN VIEW OF THE WIDTH, CIRCUMSTANCES AND CHARACTER OF SAID HIGHWAY AT SAID TIME AND PLACE:

C.   IN THAT, HE FAILED TO KEEP A PROPER LOOKOUT FOR OTHER VEHICLES UPON SAID HIGHWAY, AND IN PARTICULAR THE VEHICLE OF THE DEFENDANT;

D.   IN THAT, HE FAILED TO KEEP HIS VEHICLE UNDER PROPER CONTROL;

48

E.    IN THAT, HE FAILED TO APPLY HIS BRAKES IN TIME TO

HAVE AVOIDED A COLLISION

F.    IN THAT, HE FAILED TO CHANGE THE COURSE OF HIS

VEHICLE AFTER HE BECAME AWARE OR SHOULD HAVE

BECOME AWARE OF THE DANGER OF SAID COLLISION;

G.    IN THAT, HE FAILED TO SOUND A TIMELY WARNING OR

GIVE ANY WARNING WHATSOEVER OF HIS APPROACH;

H.    IN THAT, HE FAILED TO EXERCISE REASONABLE CARE

UNDER ALL THE CIRCUMSTANCES.

49

## EXCESSIVE SPEED- STATUTORY VIOLATION

ONE ALLEGATION AGAINST THE DEFENDANT, MICHAEL BISHOP, IS

THAT HE DROVE AT EXCESSIVE SPEED IN VIOLATION OF SECTION 14-218a

OF THE CONNECTICUT GENERAL STATUTES. DEFENDANT MICHAEL BISHOP

MAKES THE SAME ALLEGATION AGAINST THE PLAINTIFF.  THIS SECTION OF

THE LAW STATES THAT, "NO PERSON SHALL OPERATE A MOTOR VEHICLE UPON

ANY PUBLIC HIGHWAY OF THE STATE AT A RATE OF SPEED GREATER THAN

IS REASONABLE, HAVING DUE REGARD TO THE WIDTH, TRAFFIC AND USE OF

THE HIGHWAY."  IF YOU FIND THE DRIVER YOU ARE CONSIDERING DROVE

HIS VEHICLE AT AN UNREASONABLE RATE OF SPEED, WITHOUT AN EXCUSE,

YOU WILL FIND HIM NEGLIGENT.  AS I JUST EXPLAINED, THIS IS AN

ALLEGATION OF NEGLIGENT VIOLATION OF THE MOTOR VEHICLE STATUTES

AND NEGLIGENCE PER SE. (CONN. GEN. STAT. §14-218a.)

## SLOW SPEED- STATUTORY VIOLATION

ONE ALLEGATION AGAINST THE DEFENDANT BENIAMIN LOZOVSKIY IS THAT HE DROVE AT UNREASONABLY SLOW SPEED IN VIOLATION OF SECTION 14-220 OF THE CONNECTICUT GENERAL STATUTES.  THIS SECTION OF THE LAW STATES THAT, "NO PERSON SHALL OPERATE A MOTOR VEHICLE UPON AT A SPEED LOWER THAN FORTY MILES PER HOUR ON ANY LIMITED ACCESS DIVIDED HIGHWAY AND NO PERSON SHALL OPERATE A MOTOR VEHICLE ON ANY OTHER HIGHWAY AT SUCH A SLOW SPEED AS TO IMPEDE OR BLOCK THE NORMAL AND REASONABLE MOVEMENT OF TRAFFIC."  IF YOU FIND MR. LOZOVSKIY DROVE HIS CAR AT AN UNREASONABLY SLOW RATE OF SPEED, WITHOUT AN EXCUSE, YOU WILL FIND HIM NEGLIGENT PER SE. (CONN. GEN. STAT. §14-220.)

THE DEFENDANT BENIAMIN LOZOVSKIY CLAIMS THAT HIS SPEED, WHILE BELOW 40 MPH, WAS REASONABLE GIVEN THE WEATHER, VISIBILITY AND OTHER ROAD CONDITIONS; THAT THE STATUTORY REQUIREMENT WAS EXCUSED BECAUSE OF THE WEATHER.  IF YOU FIND THAT THE WEATHER AND/OR ROAD CONDITIONS MADE IT UNREASONABLE TO DRIVE AT 40 MPH,

51

BENIAMIN LOZOVSKIY WOULD BE EXCUSED FROM THAT LEGAL REQUIREMENT.

THE BURDEN IS ON THE DEFENDANT LOZOVSKIY TO PROVE, BY A

PREPONDERANCE OF THE EVIDENCE, THAT COMPLIANCE WITH LAW WAS

EXCUSED.

## FOLLOWING TOO CLOSE-- STATUTORY VIOLATION

ONE ALLEGATION AGAINST THE DEFENDANT MICHAEL BISHOP IS THAT HE WAS FOLLOWING TOO CLOSELY BEHIND DESHENG ZHOU'S CAR UNDER CIRCUMSTANCES IN WHICH A REASONABLY PRUDENT PERSON WOULD NOT HAVE DONE SO, IN VIOLATION OF SECTION 14-240 OF THE CONNECTICUT GENERAL STATUTES. THIS SECTION OF THE LAW STATES THAT "NO DRIVER OF A MOTOR VEHICLE SHALL FOLLOW ANOTHER VEHICLE MORE CLOSELY THAN IS REASONABLE AND PRUDENT, HAVING REGARD FOR THE SPEED OF SUCH VEHICLES, THE TRAFFIC UPON AND THE CONDITIONS OF THE HIGHWAY AND WEATHER CONDITIONS." IF YOU FIND THE DEFENDANT MICHAEL BISHOP FOLLOWED TOO CLOSE TO MR. ZHOU, WITHOUT AN EXCUSE YOU WILL FIND HIM NEGLIGENT PER SE. (CONN. GEN. STAT. §14-240.)

## FAILURE TO APPLY BRAKES AND STOP

IN ADDITION TO THE STATUTORY VIOLATIONS I'VE DESCRIBED

ABOVE, THE PARTIES EACH ALLEGE THAT THE OTHERS VIOLATED THEIR

COMMON LAW DUTIES OF REASONABLE CARE IN OPERATING THEIR MOTOR

VEHICLES IN OTHER RESPECTS, WHICH I WILL NOW DESCRIBE.

THE PLAINTIFF ALLEGES THAT THE DEFENDANT MICHAEL BISHOP

FAILED TO ADEQUATELY APPLY HIS BRAKES AND STOP TO AVOID A

COLLISION WITH THE PLAINTIFF. DEFENDANT MICHAEL BISHOP MAKES THE

SAME ALLEGATION AGAINST MR. ZHOU. AN OPERATOR OF A MOTOR VEHICLE

HAS A DUTY TO KEEP HIS VEHICLE UNDER PROPER AND REASONABLE

CONTROL AND, WHEN REASONABLE CARE REQUIRES, TO BRING HIS VEHICLE

TO A STOP TO AVOID A COLLISION WITH OTHER VEHICLES ON THE

HIGHWAY.  THE OPERATOR OF A MOTOR VEHICLE IS NOT REQUIRED TO HAVE

HIS VEHICLE CONSTANTLY UNDER HIS CONTROL SO THAT IT CAN BE

STOPPED INSTANTLY, BUT HE MUST HAVE THE VEHICLE UNDER SUCH

CONTROL THAT IT CAN BE STOPPED BY BRAKING WHEN REASONABLE

PRUDENCE DEMANDS THAT IT SHOULD BE ABLE TO BE STOPPED.

54

## **FAILURE TO GRANT THE RIGHT OF WAY**

THE PLAINTIFF ALLEGES THAT THE DEFENDANT MICHAEL BISHOP

FAILED TO GRANT THE RIGHT OF WAY TO THE PLAINTIFF AND DEFENDANT

MICHAEL BISHOP ALLEGES THAT THE DEFENDANT MR. LOZOVSKIY FAILED TO

THE RIGHT OF WAY TO THE TRUCK.

## FAILURE TO KEEP A PROPER LOOKOUT

EACH PARTY HAS ALLEGED THAT THE OTHERS FAILED TO KEEP A PROPER LOOKOUT WHILE THEY WERE DRIVING.  IT IS INCUMBENT UPON THE OPERATOR OF A VEHICLE TO KEEP A PROPER LOOKOUT FOR TRAFFIC IN FRONT OF HIM AND TO KEEP HIS VEHICLE UNDER REASONABLE CONTROL. HE HAS A DUTY TO BE VIGILANT AND TO OBSERVE THE TRAFFIC IN FRONT OF HIM.  HE MUST SEE WHAT THERE IS TO BE SEEN.  AN OPERATOR CANNOT EXCUSE HIS CONDUCT BY SAYING THAT HE DID NOT SEE ANOTHER VEHICLE WHEN, UNDER THE CIRCUMSTANCES, ANOTHER VEHICLE WOULD HAVE BEEN SEEN IF THE OPERATOR IN QUESTION HAD BEEN MAINTAINING A PROPER AND REASONABLE LOOKOUT.  THE OPERATOR IS CHARGEABLE NOT ONLY WITH NOTICE OF THOSE CONDITIONS WHICH ARE KNOWN TO EXIST, BUT ALSO WITH NOTICE OF THOSE CONDITIONS WHICH WOULD COME TO THE OPERATOR'S ATTENTION HAD THE OPERATOR BEEN EXERCISING REASONABLE CARE AND MAINTAINING A PROPER LOOKOUT.  THE OPERATOR IS UNDER A DUTY TO USE REASONABLE CARE TO DISCOVER DANGERS OR CONDITIONS OF DANGER TO WHICH OTHERS MAY BE EXPOSED, AS WELL AS TO AVOID THOSE

56

DANGERS WHICH MAY BE KNOWN TO THE OPERATOR.

## **FAILURE TO TURN LEFT OR RIGHT TO AVOID A COLLISION**

THE PLAINTIFF ALLEGES THAT THE DEFENDANT MICHAEL BISHOP FAILED TO TURN HIS MOTOR VEHICLE LEFT OR RIGHT SO AS TO AVOID A COLLISION WITH DESHENG ZHOU'S CAR, ALTHOUGH BY A PROPER AND REASONABLE EXERCISE OF HIS FACULTIES, MR. BISHOP COULD AND SHOULD HAVE DONE SO.  DEFENDANTS MAKE THE SAME ALLEGATION AGAINST MR. ZHOU.  IT IS INCUMBENT UPON THE OPERATOR OF A VEHICLE TO KEEP A PROPER LOOKOUT FOR TRAFFIC IN FRONT OF HIM AND TO KEEP HIS VEHICLE UNDER REASONABLE CONTROL. EACH DRIVER HAS AN OBLIGATION TO TURN HIS MOTOR VEHICLE TO THE LEFT OR TO THE RIGHT SO AS TO AVOID A COLLISION WITH OTHER MOTOR VEHICLES.  THE OPERATOR OF A MOTOR VEHICLE IS NOT REQUIRED TO HAVE HIS VEHICLE CONSTANTLY UNDER HIS CONTROL SUCH THAT IT CAN BE TURNED INSTANTLY, BUT HE MUST HAVE THE VEHICLE UNDER SUCH CONTROL THAT IT CAN BE TURNED TO THE LEFT OR RIGHT WHEN REASONABLE PRUDENCE DEMANDS THAT IT SHOULD BE ABLE TO BE TURNED.

58

## HORN

UNDER CONNECTICUT LAW, EVERY MOTOR VEHICLE SHALL, WHEN OPERATED UPON A HIGHWAY, BE EQUIPPED WITH A HORN IN GOOD WORKING ORDER AND CAPABLE OF EMITTING SOUND AUDIBLE UNDER NORMAL CONDITIONS FROM A DISTANCE OF NOT LESS THAN TWO HUNDRED FEET. CONN. GEN. STATUTES §14-80(e).

THE LAW CONTEMPLATES THAT A WARNING SHALL BE SOUNDED AT SUCH A DISTANCE AS TO BE ADEQUATE WARNING OF DANGER.  A WARNING GIVEN WHEN THE VEHICLE IS PRACTICALLY UPON ANOTHER VEHICLE IS NOT A WARNING.  THE OBJECT OF A WARNING IS TO PERMIT THE PERSON IN DANGER TO GET OUT OF THE WAY.

YOU WILL CONSIDER ALL THE EVIDENCE AND DETERMINE WHETHER THE DEFENDANT, MICHAEL BISHOP, AND THE PLAINTIFF, MR. ZHOU, EACH HAD A HORN IN GOOD WORKING ORDER AND CAPABLE OF EMITTING SOUND AUDIBLE UNDER NORMAL CONDITIONS FROM A DISTANCE OF NOT LESS THAN TWO HUNDRED FEET.  IF YOU FIND THAT EITHER PARTY DID NOT COMPLY WITH THE STATUTORY REQUIREMENTS, YOU ARE ENTITLED TO FIND HIM

59

NEGLIGENT IN THAT RESPECT.  YOU FURTHER SHOULD DETERMINE WHETHER

ANY DRIVER SHOULD HAVE SOUNDED HIS HORN.  IF YOU DETERMINE THAT,

IN THE EXERCISE OF REASONABLE CARE, ANY DRIVER SHOULD HAVE

SOUNDED HIS HORN, THEN YOU MAY FIND HIM NEGLIGENT.