## NECESSITY FOR CONTACT

IF YOU FIND THAT THE NEGLIGENCE OF EITHER DEFENDANT OR BOTH

DEFENDANTS WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES AND

DAMAGES, CONTACT BETWEEN THE VEHICLE OF THE NEGLIGENT DRIVER AND

THE PLAINTIFF'S VEHICLE IS NOT NECESSARY TO ESTABLISH LIABILITY.

## **RIGHT TO ASSUME OTHERS WILL OBEY THE LAW**

IN DETERMINING WHAT IS REASONABLE CARE UNDER ALL OF THE CIRCUMSTANCES, THE CONDUCT OF A DRIVER SHOULD BE JUDGED FROM THE VIEWPOINT OF THE REASONABLY PRUDENT PERSON.  A DRIVER OF AN AUTOMOBILE IS ENTITLED TO ASSUME THAT OTHER DRIVERS WILL OBEY THE LAW.  THE DRIVER MAY THUS ASSUME THAT OTHER DRIVERS WILL OBEY ALL STATUTES GOVERNING THE OPERATION OF MOTOR VEHICLES IN THIS STATE AND THAT THEY WILL USE THE CARE THAT A REASONABLY PRUDENT PERSON WOULD USE IN THE SAME CIRCUMSTANCES.  THE DRIVER IS ALLOWED TO MAKE THIS ASSUMPTION UNTIL HE KNOWS OR IN THE EXERCISE OF REASONABLE CARE SHOULD KNOW THAT THE ASSUMPTION HAS BECOME UNWARRANTED.

## **APPORTIONMENT**

SHOULD YOU FIND BOTH DEFENDANTS BISHOP AND LOZOVSKIY

NEGLIGENT AND LIABLE TO MR. ZHOU FOR THEIR NEGLIGENCE, YOU MUST

THEN DETERMINE THE RELATIVE LEVELS OF RESPONSIBILITY BETWEEN

THEM.  THIS IS CALLED APPORTIONMENT. IT IS TO BE EXPRESSED AS

PERCENTAGES THAT MUST ADD UP TO 100%.

## **SPECIFIC ALLEGATIONS**

I HAVE READ YOU A LIST OF SPECIFICATIONS OF NEGLIGENCE

AGAINST EACH PARTY.  IT IS NOT NECESSARY FOR YOU TO FIND THE

PARTY YOU ARE CONSIDERING WAS NEGLIGENT IN <u>ALL</u> THE WAYS SPECIFIED

TO FIND THAT PARTY NEGLIGENT.  PROOF OF ONE OF THE ALLEGED

SPECIFICATIONS IS SUFFICIENT, IF YOU ALL AGREE ON THE ONE WHICH

HAS BEEN PROVED.  HOWEVER, YOU MAY <u>NOT</u> FIND A PARTY NEGLIGENT

UNLESS YOU ALL AGREE ON AT LEAST ONE OF THE SPECIFIED ACTS OF

NEGLIGENCE.

## FACTORS TO CONSIDER WHILE DELIBERATING

I CAUTION YOU THAT THE FILING OF A LAWSUIT OR THE FACT THAT AN ACCIDENT OCCURRED OR THAT SOMEONE WAS INJURED IS NOT EVIDENCE OF ANY WRONGDOING ON THE PART OF A DEFENDANT.  EACH PLAINTIFF WHO BRINGS A LAWSUIT MUST PROVE HIS CASE THROUGH EVIDENCE FROM WHICH YOU CAN FIND A PARTICULAR DEFENDANT OR BOTH DEFENDANTS LIABLE FOR PLAINTIFF'S INJURIES. AS I TOLD YOU, MR. ZHOU MUST PROVE EACH ELEMENT OF HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE TO PREVAIL IN THIS LAWSUIT.  YOUR VERDICT MUST NOT BE BASED ON UNSUPPORTED CONCLUSIONS OR ON SYMPATHY OR ANY EMOTION, BUT INSTEAD MUST BE BASED ON YOUR CAREFUL ASSESSMENT OF ALL THE EVIDENCE IN THE CASE.  THE QUESTION FOR YOU IS NOT WHETHER MR. ZHOU, IN YOUR VIEW, WAS TREATED FAIRLY OR UNFAIRLY, WELL OR BADLY, BUT WHETHER HE HAS PROVED EACH ELEMENT OF HIS LEGAL CLAIM, AS I HAVE OUTLINED THEM TO YOU, BY A PREPONDERANCE OF THE EVIDENCE.  IF HE HAS, AND THE DEFENDANTS HAVE NOT PREVAILED ON THEIR SPECIAL DEFENSE, YOU WILL RETURN A VERDICT IN HIS FAVOR.

65

IF HE HAS NOT, YOU WILL RETURN A VERDICT FOR THE DEFENDANTS.

AS I MENTIONED EARLIER, THE DEFENDANTS' SPECIAL DEFENSE IS

THAT MR. ZHOU WAS NEGLIGENT IN THE OPERATION OF HIS MOTOR

VEHICLE, AND THAT HIS NEGLIGENCE WAS A PROXIMATE CAUSE OF HIS OWN

INJURIES. IF YOU FIND THAT THE PLAINTIFF WAS NEGLIGENT, AND THAT

THIS NEGLIGENCE WAS GREATER THAN THE COMBINED NEGLIGENCE OF THE

DEFENDANTS, THEN THE PLAINTIFF IS BARRED FROM RECOVERY.  IF YOU

FIND THAT THE PLAINTIFF'S NEGLIGENCE IS NOT GREATER THAN THE

COMBINED NEGLIGENCE OF THE DEFENDANTS, YOU WILL APPORTION THE

FAULT AMONG THE PLAINTIFF AND THE DEFENDANTS.

## EVIDENCE ADMITTED BY LAW

CERTAIN MEDICAL RECORDS AND OTHER BUSINESS DOCUMENTS WERE
INTRODUCED INTO EVIDENCE WITHOUT BRINGING IN SOMEONE FROM THE
HOSPITAL OR A DOCTOR'S OFFICE OR A BUSINESS TO TESTIFY.  THERE
ARE SPECIFIC STATE STATUTES THAT AUTHORIZE HOSPITAL RECORDS AND
BUSINESS RECORDS TO BE ADMITTED INTO EVIDENCE WITHOUT BRINGING IN
A WITNESS TO INTRODUCE THEM.  IT IS UP TO YOU TO GIVE DOCUMENTS
INTRODUCED IN THIS WAY THE CONSIDERATION YOU FEEL THEY DESERVE
BASED ON ALL THE CIRCUMSTANCES, JUST AS YOU DO WITH DOCUMENTS
INTRODUCED THROUGH A WITNESS.

## REDACTED DOCUMENTS

CERTAIN DOCUMENTS ADMITTED INTO EVIDENCE MAY HAVE BEEN "REDACTED"; THAT IS, MATERIALS OR ENTRIES MAY HAVE BEEN DELETED FROM THEM.  PORTIONS OF THE DOCUMENTS CONTAINING IRRELEVANT EVIDENCE ARE OMITTED. YOU ARE INSTRUCTED THAT YOU MUST NOT SPECULATE ABOUT WHAT IS IN THE REDACTED PART OF DOCUMENTS OR MAKE ANY INFERENCES FOR OR AGAINST ANY PARTY REGARDING THE PORTIONS OMITTED.  I ASSURE YOU THAT THE COURT HAS REQUIRED THESE REDACTIONS TO LIMIT YOUR CONSIDERATION TO MATTERS THAT PERTAIN ONLY AND PROPERLY TO THE CONTESTED ISSUES IN THIS CASE.

## TESTIMONY IN TRANSLATION AND BY DEPOSITION

MR. ZHOU HAS REQUIRED TRANSLATION ASSISTANCE TO TESTIFY AND UNDERSTAND THE PROCEEDINGS IN THIS CASE. REMEMBER THAT IT IS MR. ZHOU'S TESTIMONY THAT YOU WILL EVALUATE, AND NOT THE TRANSLATORS. YOU SHOULD BE CAREFUL NOT TO DRAW ADVERSE INFERENCES ABOUT HIS CREDIBILITY OR ABOUT THE SUBSTANCE OF HIS TESTIMONY FROM THIS FACT.

YOU REMEMBER THAT MR. LOZOVSKIY RESIDES OUT OF STATE AND WAS NOT PRESENT IN COURT. HE TESTIFIED BY DEPOSITION, DURING WHICH HIS LAWYER READ ALOUD THE ANSWERS TO QUESTIONS HE WAS ASKED UNDER OATH AT AN EARLIER TIME. YOUR ROLE AS JURORS IN ASSESSING TESTIMONY PRESENTED IN THIS MANNER IS NO DIFFERENT THAN IF THE WITNESS HAS BEEN HERE IN COURT TO TESTIFY. YOU SHOULD NOT MAKE ANY ADVERSE INFERENCE FROM THE FACT THAT THE WITNESS WAS NOT PRESENT IN PERSON TO TESTIFY, BUT RATHER YOU SHOULD CONSIDER THIS TESTIMONY IN THE SAME WAY THAT YOU CONSIDER ALL OF THE OTHER EVIDENCE IN THIS TRIAL.

## DAMAGES: INTRODUCTION

IF YOU DETERMINE ONE OR BOTH DEFENDANTS TO BE LIABLE TO MR. ZHOU, THEN -- AND ONLY THEN -- SHOULD YOU CONSIDER DAMAGES.

THE OBJECT OF A DAMAGE AWARD IS TO PLACE THE INJURED PARTY, AS NEAR AS MAY BE POSSIBLE, IN THE SITUATION HE WOULD HAVE OCCUPIED IF THE WRONG HAD NOT BEEN COMMITTED. AS WITH THE OTHER ELEMENTS OF THIS CAUSE OF ACTION, THE BURDEN IS ON THE PLAINTIFF TO PROVE THE NATURE AND EXTENT OF THE DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.  DAMAGES ARE NOT A SUBJECT FOR SPECULATION OR CONJECTURE. WITHIN THE GUIDELINES OF THESE INSTRUCTIONS, THE AMOUNT TO BE AWARDED RESTS LARGELY IN YOUR SOUND DISCRETION.

YOU MUST DECIDE FROM THE EVIDENCE THE TOTAL DOLLAR AMOUNT OF DAMAGES SUFFERED BY THE PLAINTIFF IN ACCORDANCE WITH THE RULES THAT I AM ABOUT TO EXPLAIN TO YOU.  IN ARRIVING AT THE TOTAL, YOU MUST NOT CONSIDER THE PERCENTAGES OF NEGLIGENCE YOU MAY HAVE ALREADY CALCULATED, BUT MUST SIMPLY REPORT THE TOTAL AMOUNT OF THE PLAINTIFF'S DAMAGES PROXIMATELY CAUSED BY NEGLIGENCE, AS YOU

70

HAVE DETERMINED THEM.

## TYPES OF DAMAGES

YOUR DECISION ON DAMAGES MUST BE BASED ON REASONABLE PROBABILITIES IN LIGHT OF THE EVIDENCE PRESENTED AT TRIAL. INJURIES AND LOSSES FOR WHICH MR. ZHOU SHOULD BE COMPENSATED INCLUDE THOSE HE HAS SUFFERED UP TO THE PRESENT TIME AND THOSE HE IS REASONABLY LIKELY TO SUFFER IN THE FUTURE AS A PROXIMATE RESULT OF A DEFENDANT'S NEGLIGENCE. NEGLIGENCE, AS I PREVIOUSLY INSTRUCTED YOU, IS A PROXIMATE CAUSE OF A LOSS OR INJURY IF IT IS A SUBSTANTIAL FACTOR IN BRINGING THAT LOSS OR INJURY ABOUT.

ONCE THE PLAINTIFF HAS PROVED THE NATURE AND EXTENT OF HIS COMPENSABLE INJURIES AND LOSSES, IT BECOMES YOUR JOB TO DETERMINE WHAT IS FAIR, JUST AND REASONABLE COMPENSATION FOR THOSE INJURIES AND LOSSES. THERE IS OFTEN NO MATHEMATICAL FORMULA IN MAKING THIS DETERMINATION. INSTEAD, YOU MUST USE HUMAN EXPERIENCE AND APPLY SOUND COMMON SENSE IN DETERMINING THE AMOUNT OF YOUR VERDICT.

IF DAMAGES ARE AWARDED, THEY SHOULD BE AWARDED AS COMPENSATION FOR INJURIES THAT HAVE BEEN SUFFERED AND NOT BY WAY

OF PUNISHMENT OR BY WAY OF SYMPATHY.

BEFORE YOU CAN AWARD MONEY DAMAGES FOR ANY PARTICULAR

SUFFERING OR MEDICAL EXPENSE, THE PLAINTIFF MUST PROVE, BY A

PREPONDERANCE OF THE EVIDENCE, THROUGH COMPETENT MEDICAL EVIDENCE

WHICH YOU SEE FIT TO BELIEVE, THAT THE PARTICULAR SUFFERING  OR

MEDICAL EXPENSE WAS CAUSED BY A DEFENDANT'S NEGLIGENCE.  THIS

BASIC PRINCIPLE OF LAW MEANS THAT MEDICAL OPINION EVIDENCE MUST

ESTABLISH, WITH REASONABLE MEDICAL PROBABILITY, ANY CLAIMED

CAUSAL RELATION BETWEEN ANY PARTICULAR INJURY AND WHATEVER ACT OF

NEGLIGENCE MIGHT RESULT IN A DEFENDANT'S LIABILITY FOR MONEY

DAMAGES. POSSIBILITY IS NOT ENOUGH; THE STANDARD IS REASONABLE

MEDICAL PROBABILITY.

IN CLOSING ARGUMENT, COUNSEL MENTIONED SOME FORMULAS OR

AMOUNTS THAT MIGHT FIGURE IN YOUR VERDICT. I CAUTION YOU THAT

FIGURES SUGGESTED BY COUNSEL DO NOT CONSTITUTE EVIDENCE.  IT IS

UP TO YOU TO DECIDE WHAT FAIR, JUST AND REASONABLE COMPENSATION

IS, WHATEVER YOU FIND THAT FIGURE MIGHT BE, BASED ON THE

EVIDENCE.

73

## ECONOMIC DAMAGES

IN A PERSONAL INJURY ACTION, THERE ARE TWO GENERAL TYPES OF DAMAGES WITH WHICH YOU MUST BE CONCERNED: ECONOMIC AND NON-ECONOMIC DAMAGES. ECONOMIC DAMAGES ARE MONIES AWARDED AS COMPENSATION FOR MONETARY LOSSES AND EXPENSES WHICH THE PLAINTIFF HAS INCURRED, OR WILL INCUR AS A RESULT OF A DEFENDANT'S NEGLIGENCE. NON-ECONOMIC DAMAGES ARE MONIES AWARDED AS COMPENSATION FOR NON-MONETARY LOSSES AND INJURIES WHICH THE PLAINTIFF HAS SUFFERED, OR IS REASONABLY LIKELY TO SUFFER IN THE FUTURE, AS A RESULT OF THE DEFENDANT'S NEGLIGENCE. THEY ARE AWARDED FOR SUCH THINGS AS PHYSICAL PAIN AND SUFFERING, MENTAL AND EMOTIONAL PAIN AND SUFFERING, AND THE LOSS OF ENJOYMENT OF LIFE'S ACTIVITIES.

I WILL NOW INSTRUCT YOU MORE PARTICULARLY ON ECONOMIC DAMAGES. IN THIS CASE, THE PLAINTIFF SEEKS TO RECOVER ECONOMIC DAMAGES FOR THE COST OF HIS PAST MEDICAL CARE AND TREATMENT, AND FOR HIS LOSS OF FUTURE EARNING CAPACITY.

74

THE PLAINTIFF IS ENTITLED TO RECOVER THE REASONABLE VALUE OF MEDICAL CARE AND EXPENSES INCURRED FOR THE TREATMENT OF INJURIES SUSTAINED AS A RESULT OF A DEFENDANT'S NEGLIGENCE, INCLUDING THE COST OF DOCTOR'S BILLS, MEDICATION EXPENSES, MEDICAL LABORATORY BILLS, OFFICE VISITS, PHYSICAL THERAPY AND ANY OTHER COSTS OF THE PLAINTIFF'S CARE INCURRED AS A RESULT OF THE INJURIES.  THE PLAINTIFF MUST PROVE THAT THE EXPENSES HE CLAIMS WERE REASONABLY NECESSARY AND PROXIMATELY CAUSED BY A DEFENDANT'S NEGLIGENCE.

YOU MUST BASED ANY AWARD ON THE EVIDENCE IN THE CASE.

THERE HAS BEEN NO EVIDENCE SUBMITTED CONCERNING THE COST OF FUTURE MEDICAL EXPENSES SO YOU SHOULD NOT CONSIDER FUTURE MEDICAL EXPENSES AS AN ELEMENT OF DAMAGES.

THE PLAINTIFF ALSO SEEKS COMPENSATION FOR THE LOSS OF HIS FUTURE EARNING CAPACITY. YOU MUST DETERMINE WHETHER THE PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT INJURIES PROXIMATELY CAUSED BY THE NEGLIGENCE OF A DEFENDANT DIMINISHED HIS FUTURE EARNING CAPACITY. IF SO, YOU WILL AWARD THAT AMOUNT NECESSARY TO COMPENSATE HIM FOR THE DIFFERENCE IN HIS EARNING

75

CAPACITY AS IT WOULD HAVE BEEN IN THE ABSENCE OF A DEFENDANT'S

NEGLIGENCE AND AS IT IS AS A RESULT OF A DEFENDANT'S NEGLIGENCE.

IN DETERMINING THIS AMOUNT, YOU MAY CONSIDER EVIDENCE OF THE

AMOUNTS WHICH THE PLAINTIFF HAD BEEN EARNING BEFORE THE INJURY,

BUT THESE AMOUNTS ARE TO BE WEIGHED IN THE LIGHT OF VARIOUS

CIRCUMSTANCES IN EVIDENCE WHICH MAY LEAD YOU TO DECIDE THAT AS A

MEASURE OF LOST EARNING POWER THEY ARE OPEN TO QUALIFICATION. IF

YOU CONCLUDE THAT HIS FUTURE EARNING CAPACITY HAS BEEN IMPARIED

BUT THAT HE WILL AT SOME TIME IN THE FUTURE REGAIN HIS FULL

EARNING CAPACITY, THE TIME WHEN THAT WILL PROBABLY OCCUR MARKS

THE LIMIT BEYOND WHICH HE CANNOT RECOVER ON THIS GROUND.

    IN ADDITION YOU MUST CONSIDER THE EVIDENCE CONCERNING HIS

HEALTH AND PHYSICAL CONDITION, ANY INDIVIDUAL STRENGTH OR

WEAKNESS, ANY PHYSICAL IMPAIRMENT WHICH MAY HAVE COME TO HIM, AND

ANY OF THE EVIDENCE HAVING A BEARING UPON HIS PROBABLE LENGTH OF

LIFE.

    STATISTICS FROM EXPERIENCE OVER MANY YEARS SHOW THAT A

PERSON OF A CERTAIN AGE WILL, ON THE AVERAGE, LIVE FOR A CERTAIN

PERIOD OF YEARS.  IN THIS CASE, THE PARTIES STIPULATE THAT THE

STATISTICS INDICATE THAT THE PLAINTIFF'S LIFE EXPECTANCY IS 74.7

YEARS.  THAT DOES NOT MEAN, HOWEVER, THAT THIS PLAINTIFF WOULD

LIVE FOR THAT LENGTH OF TIME; IT INDICATES ONLY THE AVERAGE

EXPECTANCY. HE MIGHT LIVE LONGER THAN THIS ESTIMATED EXPECTANCY,

OR HE MIGHT NOT LIVE THAT LONG.

**NON-ECONOMIC DAMAGES**

LET ME NOW TURN TO NON-ECONOMIC DAMAGES. IN THIS CASE, MR. ZHOU SEEKS TO RECOVER NON-ECONOMIC DAMAGES FOR EACH OF THE FOLLOWINGS TYPE OF NON-MONETARY LOSSES OR INJURIES: HIS LOSS OF ENJOYMENT OF LIFE'S ACTIVITIES, HIS PAST AND FUTURE PAIN AND SUFFERING, AND HIS PERMANENT PHYSICAL IMPAIRMENT.

A PLAINTIFF WHO IS INJURED BY THE NEGLIGENCE OF ANOTHER IS ENTITLED TO BE COMPENSATED FOR THE NON-MONETARY LOSSES THAT HE PROVES BY A PREPONDERANCE OF THE EVIDENCE TO HAVE BEEN PROXIMATELY CAUSED BY THE DEFENDANT'S NEGLIGENCE.

YOU SHOULD CONSIDER THE NATURE AND DURATION OF ANY PAIN AND SUFFERING THAT YOU FIND THE PLAINTIFF FELT. YOU SHOULD CONSIDER WHAT PAIN AND SUFFERING HE WILL EXPERIENCE IN THE FUTURE. AS FAR AS MONEY CAN COMPENSATE MR. ZHOU FOR SUCH INJURIES AND THEIR CONSEQUENCES, YOU MUST AWARD A FAIR, JUST, AND REASONABLE SUM. YOU SIMPLY HAVE TO USE YOUR OWN GOOD JUDGMENT IN DETERMINING THE AMOUNT OF DAMAGES IN THIS CATEGORY.

A PLAINTIFF WHO IS INJURED BY THE NEGLIGENCE OF ANOTHER IS ENTITLED TO BE COMPENSATED FOR MENTAL SUFFERING CAUSED BY A DEFENDANT'S NEGLIGENCE IN THE SAME MANNER AS HE IS FOR PHYSICAL SUFFERING, PROVIDED THAT PLAINTIFF PROVES THE SUFFERING IS PROXIMATELY CAUSED BY THAT NEGLIGENCE.

YOU MAY ALSO CONSIDER, AS AN ELEMENT FOR AWARDING NON-ECONOMIC DAMAGES IN THIS CASE, THE LENGTH OF TIME THE PLAINTIFF WAS, OR WILL PROBABLY BE, DISABLED FROM ENGAGING IN ACTIVITIES WHICH HE ENJOYS BY THE NEGLIGENCE OF A DEFENDANT.

IF YOU FIND THAT MR. ZHOU HAS PROVED BY A PREPONDERANCE OF EVIDENCE THAT HE HAS SUFFERED PERMANENT PHYSICAL HARM, LOSS OF FUNCTION OR DISFIGUREMENT, AS A RESULT OF A DEFENDANT'S NEGLIGENCE, THE PLAINTIFF IS ALSO ENTITLED TO BE COMPENSATED FOR THAT CATEGORY OF INJURY. IN MAKING YOUR AWARD, YOU SHOULD CONSIDER THE NATURE AND EXTENT OF SUCH PHYSICAL IMPAIRMENT OR LOSS OF FUNCTION AND THE LENGTH OF TIME HE IS REASONABLY EXPECTED TO ENDURE ITS NEGATIVE CONSEQUENCES.  YOU SHOULD CONSIDER PLAINTIFF'S LIFE EXPECTANCY, AS DISCUSSED PREVIOUSLY, IN MAKING

THIS DETERMINATION.

YOUR AWARD WILL NOT BE SUBJECT TO ANY INCOME TAXES, AND YOU

SHOULD NOT CONSIDER SUCH TAXES IN FIXING THE AMOUNT OF YOUR AWARD

NOR SHOULD YOU CONSIDER THE IMPACT OF MEDICAL OR HEALTH INSURANCE

IN DETERMINING THE AMOUNT NECESSARY TO COMPENSATE PLAINTIFF FOR

ECONOMIC DAMAGES PROXIMATELY CAUSED BY A DEFENDANT'S NEGLIGENCE.

## MITIGATION OF DAMAGES

ALTHOUGH YOU FIND THAT THE PLAINTIFF WAS INJURED BY THE WRONGFUL ACT OF A DEFENDANT, THE PLAINTIFF WAS OBLIGATED TO USE REASONABLE CARE TO MINIMIZE THE RESULTING LOSSES AND DAMAGES CAUSED THEREBY AND TO PROMOTE A RECOVERY.  YOU MAY FIND THAT THE PLAINTIFF OUGHT TO HAVE SOUGHT MORE OR OTHER FORMS OF TREATMENT. IN THIS CONNECTION HE WAS NOT BOUND TO SEEK OUT THE BEST POSSIBLE SERVICE OF THAT KIND, BUT THE TEST TO BE APPLIED IS HIS GOOD FAITH AND REASONABLE CONDUCT; THAT IS, HE SHOULD HAVE DONE WHAT UNDER THE CIRCUMSTANCES A PERSON OF REASONABLE PRUDENCE WOULD HAVE DONE. IF YOU FIND THAT THE THAT THE PLAINTIFF ACTED IN GOOD FAITH, RESORTED TO SUCH MEANS AND ADOPTED SUCH METHODS AS WERE REASONABLY WITHIN HIS REACH TO MAKE HIS DAMAGES AS SMALL AS POSSIBLE, YOU DO NOT HAVE TO CONSIDER WHETHER DAMAGES SHOULD BE DIMINISHED.  ON THE OTHER HAND, IF YOU FIND THAT HE FAILED TO MEET THIS TEST, YOU SUBTRACT FROM THE DAMAGES WHICH YOU OTHERWISE WOULD AWARD SUCH SUM AS YOU THINK FAIRLY MEASURES THE AMOUNT TO

81

WHICH THE DAMAGE HAS BEEN INCREASED BY REASON OF HIS FAILURE IN

HIS DUTY IN THIS RESPECT.

## CAUSATION AND DAMAGES

I REMIND YOU THAT YOU MAY AWARD DAMAGES ONLY FOR THOSE

INJURIES WHICH YOU FIND MR. ZHOU HAS PROVEN BY A PREPONDERANCE OF

EVIDENCE TO HAVE BEEN CAUSED BY THE NEGLIGENCE OF ONE OR BOTH OF

THE DEFENDANTS.

## **NOTE TAKING**

YOU WERE PERMITTED TO TAKE NOTES DURING THE COURSE OF THE

TRIAL.  IF YOU TOOK ANY NOTES, THOSE NOTES SHOULD BE USED ONLY AS

MEMORY AIDS.  YOU SHOULD NOT GIVE YOUR NOTES PRECEDENCE OVER YOUR

INDEPENDENT RECOLLECTION OF THE EVIDENCE.  IF YOU DID NOT TAKE

NOTES, YOU SHOULD RELY ON YOUR OWN INDEPENDENT RECOLLECTION OF

THE PROCEEDINGS AND SHOULD NOT BE INFLUENCED BY THE NOTES OF

OTHER JURORS.  I EMPHASIZE THAT NOTES ARE NOT ENTITLED TO ANY

GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR

AS TO WHAT THE TESTIMONY MAY HAVE BEEN.

## USE OF VERDICT FORM

TO ASSIST YOU IN KEEPING THE DIFFERENT ASPECTS OF THE CASE CLEAR, I AM GOING TO ASK YOU, AS YOU CONSIDER YOUR DECISIONS, TO ANSWER A SERIES OF VERY SPECIFIC QUESTIONS TYPED ON A VERDICT FORM THAT WILL BE GIVEN TO YOU.

EACH QUESTION CAN BE ANSWERED SIMPLY, AND EACH ANSWER MUST BE UNANIMOUS.  BY DEALING WITH THESE SEPARATE QUESTIONS, YOU WILL BE ABLE TO APPLY THE RULES OF LAW RELEVANT TO THIS CASE. YOU WILL ALSO BE PROVIDING ME WITH FACTUAL DETERMINATIONS FOR SOME LEGAL QUESTIONS THAT I MAY HAVE TO DECIDE IN CONNECTION WITH THIS CASE. OF COURSE, YOU SHOULD NOT CONCLUDE FROM THE NUMBER OR THE WORDING OF ANY QUESTION THAT THERE IS A PARTICULAR ANSWER YOU OUGHT TO GIVE.  NOR SHOULD YOU CONCLUDE THAT YOU OUGHT TO ANSWER ALL THE QUESTIONS ONE WAY OR THE OTHER WAY.  GIVE SEPARATE CONSIDERATION TO EACH QUESTION AND ANSWER IT ACCORDING TO THE FACTS YOU HAVE FOUND AND THE RULES OF LAW THAT APPLY TO THAT QUESTION.

## ACCESS TO TESTIMONY

ALL THE TRIAL TESTIMONY HAS BEEN RECORDED DIGITALLY ON THE

COMPUTER AND CDS.  THERE ARE NO TRANSCRIPTS OF THE TESTIMONY

AVAILABLE FOR YOUR USE.  IF, DURING YOUR DELIBERATIONS, YOU WISH

TO REVIEW ANY TESTIMONY, YOU NEED TO MAKE A REQUEST IN WRITING

THROUGH YOUR FOREPERSON.  PLEASE MAKE THE REQUEST AS SPECIFIC AS

YOU CAN AS TO WITNESS AND/OR SUBJECT MATTER.  THE LAWYERS AND I

WILL DO OUR BEST TO LOCATE THE PORTIONS OF THE TESTIMONY YOU TELL

US YOU NEED, AND IT WILL BE REPLAYED TO YOU IN THE COURTROOM.

**CONCLUSION**

WHILE IT IS THE DUTY OF THE JURORS TO CONFER AND DELIBERATE WITH ONE ANOTHER, BEFORE ARRIVING AT A VERDICT, NEVERTHELESS, IF ANY JUROR AFTER SUCH DELIBERATION CONSCIENTIOUSLY REACHES A DECISION ON THE FACTS, THAT JUROR HAS NO RIGHT TO SURRENDER HIS OR HER DECISION TO THE DECISION OF THE MAJORITY, IF THE JUROR BELIEVES THAT HIS OR HER DECISION IS CORRECT.

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO YOUR OWN INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF.  YOU SHOULD NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT AND EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE

87

PURPOSE OF RETURNING A VERDICT.

[PAUSE]

     YOU ARE NOT PARTISANS.  YOU ARE THE JUDGES OF THE FACTS.

YOUR SOLE INTEREST IS TO ASCERTAIN THE FACTS FROM THE EVIDENCE IN

THE CASE.

     YOU WILL HAVE WITH YOU IN THE JURY ROOM ALL OF THE EXHIBITS,

A COPY OF THESE INSTRUCTIONS, AND THE VERDICT FORM.  YOU MAY

NOTICE THAT THE WRITTEN COPY OF THE INSTRUCTIONS IS INDEXED AND

DIVIDED BY HEADINGS WHICH I DID NOT READ TO YOU.  THESE HEADINGS

HAVE NO SIGNIFICANCE EXCEPT TO IDENTIFY THE TOPICS SO THAT WE CAN

FIND THEM.  THEY HAVE NO SIGNIFICANCE APART FROM THE LANGUAGE OF

THE INSTRUCTIONS THEMSELVES.

     WHEN YOU RETIRE TO YOUR JURY ROOM, YOU WILL ELECT ONE OF

YOUR OWN MEMBERS AS FOREPERSON, AND HE OR SHE WILL PRESIDE OVER

YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

IF YOU HAVE ANY QUESTIONS YOU WISH TO ASK DURING DELIBERATIONS,

DO SO BY A WRITTEN NOTE, SIGNED BY YOUR FOREPERSON AND DELIVERED

TO THE COURT OFFICER OUTSIDE THE JURY ROOM DOOR.

88

NOW PROCEED TO YOUR DELIBERATION IN THE JURY ROOM.

DETERMINE THE FACTS ON THE BASIS OF THE EVIDENCE, AS YOU HAVE

HEARD IT, AND APPLY THE LAW AS I HAVE OUTLINED IT TO YOU.  RENDER

YOUR VERDICT FAIRLY, UPRIGHTLY, AND WITHOUT A SCINTILLA OF

PREJUDICE.  WHEN YOU HAVE REACHED YOUR VERDICT, INFORM THE CLERK

THROUGH THE COURT OFFICER.  THEN YOU WILL RETURN TO THE COURTROOM

AND ANNOUNCE YOUR VERDICT.