```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
                                     :
DESHENG ZHOU, ET AL.                 :
                                     :
v.                                   :     CIV. NO. 3:01CV00761 (AHN)
                                     :
MICHAEL BISHOP, ET AL.               :
                                     :
                                     :
```

### RULING ON DEFENDANT'S BILL OF COSTS [DOC. #81]

On May 12, 2004, the jury returned a verdict in favor of Defendants, [Doc. #68], and judgment entered on June 30, 2004. [Doc. #84]. On June 15, 2004, Defendants filed a Bill of Costs with exhibits. [Doc. # 81]. Plaintiff filed an objection and requested a hearing. [Doc. #87]. A hearing on plaintiff's objection to the Bill of Costs was held on February 16, 2005.

### Witness Fee for Stephen R. Benanti

Defendants submit a claim for witness fees in the amount of $2,886.00 for Stephen R. Benanti, an accident reconstructionist who testified as an expert witness. Defendants seeks all fees charged by the witness, including hourly fees for labor and appearance at trial, as well as expenses for parking and mileage.

Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial. D. Conn. L. Civ. R. 54(c)(4)(I). Fees for expert witnesses are taxable at the same rates as any other witness, but any amount in excess of the statutory limits is not taxable. Id. Pursuant to 28 U.S.C.

§ 1821(b), a witness is to be paid an attendance fee of $40.00 per day for each day's attendance and for the time necessarily occupied in going to and returning from the place of attendance. Mileage is taxable at the statutory rate. D. Conn. L. Civ. R. 54(c)(4)(iii). Parking fees are also recoverable pursuant to D. Conn. L. Civ. R. 54(c)(4)(iii), but only upon presentation of a valid parking receipt. 28 U.S.C.A. § 1821(c)(3).

    Defendants submit an invoice from Stephen R. Benanti, dated May 10, 2004, which itemizes hourly fees charged to defendants. According to the invoice, Mr. Benanti spent seven (7) hours traveling to and from court on May 10, 2004, and seven (7) hours in court on May 10, 2004. Mr. Benanti charged the defendants $1,050.00 (7 hours at $150.00 per hour) as "Trial Cost" and $1,687.50 (13.50 hours at $125.00 per hour) as "Labor Cost," which included the seven (7) hours of travel to and from court. Because the documentation shows that the expert witness charged the defendants for his time during testimony and his time traveling to and from court, the statutory attendance fee of $40.00 per day is allowed. Accordingly, defendants are entitled to witness fees of $40.00 (1 day of testimony and travel at $40.00 per day).[1]

---

[1] Contrary to Defendants' assertions, Defendant's demand for reimbursement of the total fees charged by Mr. Benanti is allowable neither by local rule nor by statute. Under D. Conn. L. Civ. R. 54(c)(4)(i), "(a)ny amounts in excess of the statutory limits are not taxable." Moreover, 28 U.S.C.A. § 1821(b) allows only the attendance fee of $40.00 per day, a limitation by which federal courts are bound. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

Defendants' claim for mileage is allowed. Defendants seek mileage costs of 400 miles at 35 cents per mile for a total of $140.00. Under D. Conn. L. Civ. R. 54(c)(4)(iii), the "100-mile" rule, which limits the total taxable mileage of a witness to 200-miles round trip, is not applied where it has been demonstrated that the witness' testimony was relevant and material and had a bearing on essential issues of the case. Because Mr. Benanti was the defendants' expert witness and testified at trial, the Court finds that his testimony was relevant and material and had a bearing on essential issues of the case. The statutory mileage allowance in 2004 was 37.5 cents per mile. Defendants' claim falls below the statutory rate. Accordingly, defendants are entitled to recover $150.00 for mileage expenses.

Because defendants have not submitted a receipt to support his claim of $8.50 for parking fees, defendants are not entitled to recover this expense. See 28 U.S.C.A. § 1821(c)(3). Therefore, the claim for parking fees is disallowed without prejudice to renewal within 10 days upon submission of a valid parking receipt.

Costs are awarded for Mr. Benanti in the amount of **$190.00** based on the present record.

### Witness Fees for Dana Johnson

Defendants submit a claim for witness fees in the amount of $7,114.05 for Dana Johnson, a vocation rehabilitation expert who testified as an expert witness. Defendants seek recovery for all fees charged and for all expenses, including mileage, tolls, and

3

parking.

    Defendants have submitted an invoice from Ms. Johnson as documentation of the witness fees charged to Defendant. According to the invoice, Ms. Johnson traveled to court and was present in the courtroom on May 5, 2004, and was again present in the courtroom and traveled back to her place of business on May 6, 2004.  At the hearing on plaintiff's objection to the Bill of Costs of February 15, 2005, plaintiff took issue with Ms. Johnson's need to be in the courtroom on May 5, 2004, as she did not testify until the next day.[2]  However, it is now apparent that plaintiff's expert witness, Dr. Cohen, was never deposed. It is, therefore, reasonable that defendants' expert witness would be present in the courtroom in order to hear testimony which she was hired by defendants to rebut.  Thus, the Court finds that Ms. Johnson was necessarily in attendance at trial on May 5, 2004, in addition to May 6, 2004, the day on which she actually testified.  Under D. Conn. L. Civ. R. 54(c)(4)(I), witness fees are taxable when the witness was "necessarily in attendance at trial."  The $40.00 statutory attendance fee is allowed, as the supporting documentation shows that Ms. Johnson

---

[2]At the hearing, Plaintiff claimed that Defendant should not be compensated for Ms. Johnson's sitting and listening to the testimony of Dr. Cohen, who was Plaintiff's expert witness. Plaintiff argued that the witness fees allowed should be reduced by the sum of $1,125.00, the sum Ms. Johnson charged the Defendant for her time in court.  However, any argument regarding such hourly rates charged by expert witnesses is moot, given the $40.00 per day limitation of 28 U.S.C.A. § 1821(b), as discussed above.

charged defendants a far higher sum for her travel and attendance. Accordingly, defendants are entitled to witness fees of $80.00 (2 days at $40.00 per day).

A portion of defendants' claim for mileage is allowed at the statutory rate. According to the invoice, Ms. Johnson charged defendants a total of $304.80 for mileage expenses. However, the invoice shows that one such mileage expense of $60.00 was charged for 4/28/04 and another for $122.40 was charged for 5/3/04. There is no indication that these particular expenses were incurred for her appearance in court on May 5-6, 2004. In fact, the invoice lists "Travel time" for 5/5/04 and 5/6/04, indicating that whatever travel the witness did on 4/28/04 and 5/3/04 was not directly for the purpose of her testimony in court. Accordingly, defendants may not recover the mileage expenses charged for 4/28/04 or 5/3/04. However, defendants are entitled to recover mileage expenses charged on 5/6/04. The invoice shows that Ms. Johnson charged defendants $122.40 (306 miles at 40 cents per mile) for her travel on May 6, 2004. Once again, the court finds that the "100-mile" rule does not apply because the witness's testimony was relevant and material and had a bearing on essential issues of the case, given that the witness was Defendant's expert witness. The statutory mileage rate in 2004 was 37.5 cents per mile. Accordingly, defendants are entitled to recover $114.75 for mileage expenses.

Because defendants have not submitted receipts to support any of the claims for parking expenses, defendants are not

5

entitled to recover this expense. See 28 U.S.C.A. § 1821(c)(3). Therefore, the claim for parking fees is disallowed without prejudice to renewal within 10 days upon submission of a valid parking receipt.

Costs for Ms. Johnson are awarded in the amount of **$194.75**.

<u>Witness Fees for Harold Peterson</u>

Defendants submit a claim for witness fees in the amount of $2,846.00 for Harold Petersen, an economist who testified as an expert witness. Defendants seek witness fees charged by the witness and expenses for mileage and parking.

The $40.00 statutory attendance fee is allowed, as the invoice submitted shows that Dr. Petersen charged defendants a far higher sum (10.5 hours at $180.00 per hour for a total of $1890) for his attendance at trial on May 7, 2004. At the hearing of February 15, 2005, plaintiff took issue with the number of hours charged to defendants, claiming that 10.5 hours was excessive. However, once again, the court is bound by the statutory limitation of $40.00 per day for witness fees. Accordingly, defendants are entitled to witness fees of $40.00 (1 day at $40.00 per day).

Defendants' claim for mileage is allowed at the statutory rate. The Court finds that the expert witness's testimony was relevant and material and had a bearing on the essential issues of the case, and therefore, the "100-mile" rule does not apply. Dr. Petersen's invoice shows a mileage expense of 350 miles at 40 cents per mile for a total of $140.00. As discussed above, the

statutory mileage rate in 2004 was 37.5 cents per mile. Accordingly, defendants are entitled to $131.25 (350 miles at 37.5 cents per mile) for mileage expenses.

Because defendants have not submitted a receipt to support any of the claims for the parking fees of $6.00, defendants are not entitled to recover this expense. See 28 U.S.C.A. § 1821(c)(3). Therefore, the claim for parking fees is disallowed without prejudice to renewal within 10 days upon submission of a valid parking receipt.

Costs for Dr. Petersen are awarded in the amount of **$171.25** on the present record.

### Witness Fees for Patrick Carolan

Defendants submit a claim for witness fees in the amount of $2,000.00 for Patrick Carolan, an orthopedic surgeon who also testified as an expert witness.

Defendants submit a general fee schedule for court appearances from the Merritt Orthopaedic Associates, of which Dr. Carolan is a member. The fee schedule indicates that Dr. Carolan would have charged defendant $500 per hour for pretrial discussion and $1000 per hour for court testimony which includes travel time. Defendants have submitted no invoice indicating any amount actually paid to the witness. However, because Dr. Carolan testified at trial and the Court may infer from the fee schedule submitted that Dr. Carolan charged defendants for his services, defendants are entitled to the statutory fee of $40.00.

Costs for Dr. Carolan are awarded in the amount of **$40.00.**

Costs for Locating Michael Bishop

Defendants have dropped any claim for the costs of locating Michael Bishop for appearance at trial. No costs will be awarded for these expenses.

Deposition of Desheng Zhou

Defendants submit a claim for the cost of the deposition transcript of Desheng Zhou in the amount of $330.51.

The cost of the original and one copy of deposition transcripts are recoverable if they are necessarily obtained for the preparation of the case and not for the convenience of counsel. D. Conn. L. Civ. R. 54(c)(2)(ii). Court reporter's fees are taxed at the prevailing page rate pursuant to D. Conn. L. Civ. R. 80. Maximum transcript rates for an original and one copy are $3.75 per page. In addition, appearance fees of the court reporter at the deposition are taxable as costs. D. Conn. L. Civ. R. 54(c)(2)(ii).

Because Mr. Zhou was a party to the case, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is recoverable. Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page.[3]

---

[3]The invoice submitted does not indicate the length of the transcript. Consequently, the Court cannot determine how the court reporter calculated the cost of the original and one copy of the deposition transcript. Defendants' cost will be the lesser of the cost actually charged by the court reporter or the number of pages of the transcript (the original and one copy) at the prevailing rate of $3.75 per page. Defendants are to determine this cost based on the foregoing formula. Parties may

The invoice submitted also indicates that the court reporter charged an appearance fee of $75.00.  Pursuant to D. Conn. L. Civ. R. 54(c)(2)(ii), defendants are entitled to recover this expense.

Deposition costs are awarded in the amount of **$75.00** on the present record.

Cost of Translator for Deposition of Desheng Zhou

Defendants submit a claim in the amount of $400.00 for the cost of a translator for the deposition of Plaintiff Desheng Zhou.  Under D. Conn. L. Civ. R. 54(c)(2)(ii), a reasonable fee for the necessary use of an interpreter is taxable.  Accordingly, defendants may recover the fees of the interpreter.

Translation costs are awarded in the amount of **$400.00.**

Deposition of Trooper Messenger

Defendants submit a claim for the cost of the deposition transcript of Trooper Messenger in the amount of $316.52.

Trooper Messenger appeared as the first trial witness and was the law enforcement officer on the scene of the accident which gave rise to the case.  Consequently, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost.  Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per

---

petition the Court for further review in the event of a dispute as to the amount of these costs.

page.[4]

The invoice submitted also indicates that the court reporter charged an appearance fee of $65.00. Pursuant to D. Conn. L. Civ. R. 54(c)(2)(ii), defendants are entitled to recover this expense.

Costs are awarded in the amount of **$65.00** on the present record.

### Attorney's Fees

Defendants submit a claim for attorneys' fees in the amount of $350.00.

Under D. Conn. L. Civ. R. 68 and Conn. Gen. Stat. § 52-193, the defendant in a civil action may file written notice with the clerk of the court offering to allow the plaintiff to take judgment for the sum named in such notice. Unless the plaintiff recovers more than the sum named in the offer of judgment, the plaintiff shall pay the defendant's costs accruing after he received such notice, including reasonable attorney's fees in an amount not to exceed $350.00. Conn. Gen. Stat. § 52-195 (2005).

Here, defendants filed an offer of judgment on April 16, 2004, which plaintiff did not accept. Because the plaintiff did not prevail at trial, he must pay defendants' attorneys' fees in an amount not exceeding $350.00. Accordingly, defendants are

---

[4] Trooper Messenger's deposition was transcribed by the same court reporter as Mr. Zhou's, and, thus, the invoice submitted does not indicate the length of the transcript. For reasons previously discussed, defendants are to determine this cost based on the above formula. Parties may petition the Court for further review in the event of a dispute as to the amount of these costs.

entitled to recover $350.00 in attorney's fees.

Attorneys' fees are awarded in the amount of **$350.00.**

<u>Summary</u>

For the reasons previously states, Defendant's bill of costs is allowed as follows:

| | |
|---|---|
| Transcript Fees of the Court Reporter | To be determined in accordance with this ruling. |
| Appearance Fees of the Court Reporter | $140.00 |
| Fees of the Interpreter | $400.00 |
| Fees for Witnesses | $596.00 |
| Attorney's Fees' | $350.00 |
| **TOTAL** | **$1,486.00** |

SO ORDERED at Bridgeport this 17 day of August 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE